# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

1. Joseph Barnes
2. Julia Lee Crumidy
3. Lolita Deleon
4. Hermimia Distor
5. Wilfred Haldane
6. Norma Hernandez
7. Kaylene Holub
8. Romeo Morgan
9. Robert Joseph Murphy, Jr.
10. Evelyn Presco
11. Yolanda A. Salazar
12. Zenaida Samar
13. Socorro Yosuico

for themselves and on behalf of all others similarly situated,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA

Defendant.

Case No. 04-1335C

**SECOND AMENDED CLASS ACTION COMPLAINT FOR MONEY DAMAGES**

(Judge Allegra)

SECOND AMENDED CLASS ACTION COMPLAINT FOR MONEY DAMAGES

Come now the named Plaintiffs, on behalf of themselves and all others similarly situated, and for their Second Amended Class Action Complaint for Money Damages ("Complaint") allege as follows:

INTRODUCTION

This action seeks damages on behalf of the class of present and former employees of the United States within the Department of the Navy who regularly and customarily received night premium pay for their regularly scheduled hours of work which was not included in the "pay" to which they were entitled when on authorized leave under Title 5, Chapter 63, United States Code, or when excused from duty on officially ordered holidays.

Plaintiffs and all others similarly situated were (or are) entitled to payments for authorized and accrued leave under the holiday and "leave with pay" statutes of Title 5 of the United States Code equal to the "pay" they would have received had they worked their regular and customary scheduled hours until their authorized leave expired. Members of the Plaintiffs' class were (or are) regularly scheduled to work at night and thereby receive a ten percent (10%) premium for such regularly scheduled work.

Members of the Plaintiffs' class were (or are) deprived of lawful "pay" to which they were (or are) entitled pursuant to Title 5 in the following situations: (1) when they were (or are) excused from work on a holiday, and/or (2) when they used accrued authorized leave for less than eight (8) hours within a pay period. In each of these situations, members of the Plaintiffs' class did not receive the full "pay" to which they were entitled under the holiday and "leave with pay" statutes because their payments for periods of excused absence on holidays and/or for such authorized leave did not include an amount equal to the premium pay (night premium) they

would have customarily and regularly received while working their regular schedule. Plaintiffs also claim interest on the above amounts pursuant to the provisions of 5 U.S.C. § 5596(b), attorneys' fees and costs.

JURISDICTION AND VENUE

1. Jurisdiction over this action is conferred by 28 U.S.C. § 1346(a)(2) (Tucker Act), 5 U.S.C. § 5596 (The Back Pay Act) and 28 U.S.C. § 2501.

2. Plaintiffs were (or are) each employed by the United States within its agency, the Department of the Navy, and were scheduled to receive night premium pay had they worked their regularly scheduled work shift instead of having been excused from work on a holiday and/or on authorized and accrued "leave with pay." Each Plaintiff's full name, address, social security number, place of employment, and position are identified in the list attached hereto as Exhibit 1.

3. The pay practices alleged in this second amended complaint occurred during each pay period during the six year period prior to the filing of the original complaint in this matter.

FACTUAL ALLEGATIONS

4. Plaintiffs were (or are) employed by the United States within its agency, the Department of Navy at the Naval Regional Medical Center in San Diego, California or the Naval Hospital, Camp Pendleton as noted in Exhibit 1.

5. Each of the Plaintiffs and other members of the Plaintiffs' class were (or are) regularly scheduled to work, and performed service, at night on a tour of duty any part of which is within the period commencing at 6:00 p.m. and ending at 6:00 a.m.

6. For performing regularly scheduled work at night, Plaintiffs, and other members of the Plaintiffs' class, were entitled pursuant to 5 U.S.C § 5545 to premium "pay" for each hour

of service on such tour at a rate equal to ten percent (10%) of their hourly rate of basic pay for at least four hours if such tour fell between 6:00 p.m. and 6:00 a.m.

7. Plaintiffs or members of Plaintiffs' class took or used accrued authorized paid leave, or were excused from duty on officially authorized holidays, instead of working regularly scheduled hours of night. Such leave with pay included annual leave, sick leave, jury duty or witness leave, military training leave, funeral leave, and bone marrow/organ donor leave.

8. When Plaintiffs or members of Plaintiffs' class took or used accrued authorized leave with pay for less than eight (8) hours within a pay period, or were excused from duty on holidays, their customary and regular pay for regularly scheduled work – which included night premium pay – was reduced in amounts equal to the night premium pay to which they would have been entitled had they remained at work at their regular work schedule.

CLASS ACTION ALLEGATIONS

9. Class Description: The Plaintiffs' class consists of an opt-in class of persons who meet the following requirements:

- Non-military employees of the Department of the Navy who were or are employed after August 18, 1998, which represents the six year period prior to the filing of the original complaint in this matter;
- whose regularly scheduled tour differential pay for night work pursuant to 5 U.S.C. § 5545 was unpaid during periods of paid leave for periods of leave of less than eight (8) hours within a pay period;
- and/or whose "pay" for being excused from duty on officially authorized holidays under 5 U.S.C. §§ 6103, 6104 did not include the night differential pay under

5 U.S.C. § 5545 which the employee would have earned "for a day on which an ordinary day's work is performed";

- included are registered nurses, nurse anesthetists, licensed practical or vocational nurses, physician assistants, nurse's assistants, dental assistants, pharmacists, certified or registered respiratory therapists, licensed physical therapists, occupational therapists, rehabilitation therapy assistants, technicians, nuclear medicine technicians, medical instrument technicians, medical clerks, facility staff, housekeeping staff, information systems clerks and managers, computer operators, warehouse staff, quality assurance staff, and all other civilian personnel who regularly were (or are) scheduled to work between the hours of 6 p.m. and 6 a.m. at a hospital or medical facility operated by or for the Department of the Navy;
- excluded are all employees that are not entitled by law to be paid night differential pay.

10. The class of Plaintiffs satisfies the factors this court examines when considering class certification.

11. First, the members constitute a large but manageable class. The pool of potential class members is approximately 5,000 present and former employees. Joinder, therefore, is impracticable. This class of Plaintiffs is manageable because the members of the class are specifically defined as employees who regularly work at night in positions that are common within the Department of the Navy; all of the members of the class have previously worked or currently work for a common employer, the United States, in comparable positions; and the Department of the Navy maintains records that clearly and easily identify class members.

12. Second, there are questions of law that are common to the entire class. The overriding legal questions in this case are: whether the defendant's practice violated the "leave with pay" statutes of Chapter 63 of Title 5 of the United States Code, or the holiday provisions of 5 U.S.C. §§ 6103, 6104, by failing to include within the "pay" for authorized paid leave of less than eight hours per pay period, or for excused holidays, amounts equal to the night pay that the employees would have earned had they worked their regularly scheduled hours.

13. Third, the common issues of law predominate over separate factual issues, if any, affecting individual members. All class members are specifically defined as employees who were entitled to night premium pay; and the members of the class are exposed to the same government practices that fail to compensate them properly when they use authorized paid leave, or when they are excused from duty on holidays, in lieu of regularly scheduled work hours which include night premium pay.

14. Fourth, the Plaintiffs' claims are typical of the claims of the class.

15. Fifth, the government has acted on grounds generally applicable to the whole class, justifying relief for the class as a whole inasmuch as the government has denied proper compensation to class members who were scheduled to work at night but whose night premium "pay" was not paid to them when they were excused from work on holidays and when they used authorized paid leave of less than eight hours within a pay period.

16. Sixth, the claims of many members of the Plaintiffs' class are so small that it is doubtful they would otherwise be pursued. In addition, many class members with valid claims would be disinclined to pursue an action on an individual basis, even though statutorily entitled to a claim, for fear of retaliation, negative career repercussions, departmental disfavor, or other

stigma, prejudice, or bias that could be associated with pursuit of a legal action against their agency.

17. Seventh, the party Plaintiffs will adequately and fairly protect the interests of the class without conflicts of interest. Plaintiffs have no interests antagonistic to the claims of the class and will represent the class without conflicts of interest. Moreover, Plaintiffs are committed to the vigorous representation of the class and have retained counsel experienced in the prosecution of complex class action litigation.

## CLAIMS

## COUNT I

### VIOLATION OF THE "LEAVE WITH PAY" STATUTES; TOUR DIFFERENTIAL PAY FOR NIGHT WORK

18. Plaintiffs incorporate herein by reference the allegations of the Second Amended Complaint set forth in paragraphs 1 to 17 above.

19. Members of the Plaintiffs' class who regularly received night premium pay pursuant to 5 U.S.C. §5545 for night work between the hours of 6 p.m. and 6 a.m. when they worked their regularly scheduled tours of duty are entitled to such night "pay" for periods of paid leave of less than eight hours within a pay period from such scheduled tours of duty.

20. Defendant wrongfully excludes such entitlement to tour differential pay for night work Plaintiffs and members of Plaintiffs' class take paid leave of less than eight hours within a pay period.

21. Accordingly, members of Plaintiffs' class who regularly are scheduled to receive tour differential pay for night work pursuant to 5 U.S.C. § 5545 are entitled to back pay of tour

differential pay during paid leave for periods of less than eight hours in a pay period, the exact amount to be determined at trial.

## COUNT II

## VIOLATION OF HOLIDAY PAY STATUTES

**(5 U.S.C. §§ 6103, 6104)**

22. Plaintiffs incorporate herein by reference the allegations of the Second Amended Complaint set forth in paragraphs 1 through 17, above.

23. Plaintiffs and members of the Plaintiffs' class have been or are "regular employee[s] as defined by Section 2105" of Title 5 of the United States Code and, thereby, are covered by 5 U.S.C. §§ 6103 and 6104.

24. Plaintiffs and members of the Plaintiffs' class have been regularly scheduled to work at night and received holiday pay upon being "relieved or prevented from working" at night on officially authorized holidays.

25. Plaintiffs' and members of the Plaintiffs' class' "pay" for such holidays have been and are reduced by amounts equal to the night pay pursuant to 5 U.S.C. § 5545(a)(1) which they would have earned "for a day on which an ordinary day's work is performed."

26. Accordingly, Plaintiffs and such class members are entitled to back pay for holidays on which they have been excused from duty equal to the amounts of night differential pay that were withheld from their pay, the exact amount to be determined at trial.

/////

/////

/////

/////

## CONCLUSION

27. There is due and owing to each of the Plaintiffs and all others similarly situated within the Plaintiffs' class, payment equal to the amount of "pay" that, as alleged, they should have received for those hours for which they were or are charged authorized paid leave and/or for those hours for which they were excused from duty for officially authorized holidays, and interest thereon pursuant to 5 U.S.C. § 5596(b).

28. Plaintiffs are unable to determine the exact amounts hereof because the relevant records, books, and accounts are maintained by and are in the exclusive possession and control of defendant.

WHEREFORE, Plaintiffs pray that this Court:

(a) Certify this action as an opt-in class action; certify Plaintiffs as class representatives; and approve the undersigned attorney as attorney for the class;

(b) Enter judgment against defendant for payments due Plaintiffs, and all others similarly situated, for periods of paid leave and excused holidays in an amount equal to the reduction of their customary and regular "pay" which defendant unlawfully withheld from members of the class for those hours for which they were charged authorized paid leave or when they were excused from duty on holidays;

(c) Award interest pursuant to 5 U.S.C. § 5596(b) on all above amounts;

/////

/////

/////

/////

(d) Award reasonable attorneys' fees and the costs and disbursements of this action to be paid by defendant to Plaintiffs' counsel under the Back Pay Act; and

(e) Grant such other relief as may be just and proper.

Dated: June 16, 2005

Respectfully Submitted,

s/ Robert W. Brownlie by s/ Curtis R. Cotton
Robert W. Brownlie, Esq.
DLA Piper Rudnick Gray Cary US LLP
4365 Executive Drive, Suite 1100,
San Diego, CA 92121-2133
(858) 638-6886
Fax (858) 677-1401
Counsel for Plaintiffs

Of Counsel:

Curtis R. Cotton, Esq.
DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-2854
Fax (619) 699-2701

Ira M. Lechner, Esq.
19811-4th Pl.
Escondido, CA 92029
(858) 864-2258
Fax (760) 839-5755

**Joseph Barnes, et al. v. United States of America**
**Exhibit 1 to Second Amended Class Action Complaint for Money Damages**

1. **JOSEPH BARNES**
P.O. Box 120416
San Diego, CA 92112-0416
SSN: 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
Position: Facilities Management, Housekeeping Dept. (Naval Medical Center, San Diego)

2. **JULIA LEE CRUMIDY**
4616 N. River Road, No. 68
Oceanside, CA 92057-2802
SSN: 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
Position: Registered Nurse (Naval Hospital, Camp Pendleton)

3. **LOLITA DELEON**
1858 Christi Drive
Vista, CA 92084
SSN: 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
Position: Staff Nurse (R.N.) (Naval Hospital, Camp Pendleton)

4. **HERMIMIA DISTOR**
2353 Montcliff Road
San Diego, CA 92139
SSN: 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
Position: R.N. Patient Care Coordinator (Naval Medical Center, San Diego)

5. **WILFRED HALDANE**
1726 E. 11th Street
National City, CA 91950-3712
SSN: 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
Position: Lead Computer Operator (Naval Medical Center, San Diego)

6. **NORMA HERNANDEZ**
2104 Santa Fe Avenue
Long Beach, CA 90810
SSN: 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
Position: Registered Nurse (Naval Hospital, Camp Pendleton)

7. **KAYLENE HOLUB**
11374 Acrux Drive
San Diego, CA 92126-1304
SSN: 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
Position: Computer Operator (Naval Medical Center, San Diego)

8. **ROMEO MORGAN**
4081 Arizona Street, No. 7
San Diego, CA 92104
SSN: 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
Position: Medical Clerk (Naval Medical Center, San Diego)

9. **ROBERT JOSEPH MURPHY, JR.**
766 Jacumba Street
San Diego, CA 92114
SSN: 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
Position: Warehouse Work Leader (Naval Medical Center, San Diego)

10. **EVELYN PRESCO**
5027 Sea Drift Way
San Diego, CA 92154
SSN: 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
Position: Lead Medical Technician (Naval Medical Center, San Diego)

11. **YOLANDA SALAZAR**
1950 Clearbrook Drive
Chula Vista, CA 91913
SSN: 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
Position: Clinical Nurse (Naval Regional Medical Center, San Diego)

12. **ZENAIDA SAMAR**
12570 Dormouse Road
San Diego, CA 92129
SSN: 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
Position: Clinical Nurse (Naval Medical Center, San Diego)

13. **SOCORRO YOSUICO**
228 Condessa Court
Oceanside, CA 92057
SSN: 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
Position: Clinical Nurse (Naval Hospital, Camp Pendleton)