IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOSEPH BARNES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-1335 C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO THE
JUNE 28, 2005 ORDER OF THE COURT

Following oral argument upon the issue of class certification, the Court ordered each party to submit a memorandum upon the following issues:

1. Whether joinder is proper with respect to the existing three plaintiffs, and whether joinder would be proper with respect to the additional ten proposed plaintiffs.

2. Whether there are applicable precedents for the proposition that, where a defendant has declined to contest liability, the plaintiffs may or may not nevertheless successfully seek class certification.

We respectfully submit this response to the Court's June 28, 2005 order.

I. Joinder

a. Propriety of joinder

Joinder of plaintiffs in this case is not needed for just adjudication pursuant to Rule 19 of the Rules of this Court ("RCFC"). In this case, as we demonstrated in our opposition to class certification, plaintiffs' claims are a collection of individual claims requiring individual proofs; the absence of any plaintiff will not affect in any way adjudication of the claim of

any other plaintiff. See RCFC 19. Joinder of plaintiffs in this case, therefore, is controlled by RCFC 20, "Permissive Joinder Of Parties."

Pursuant to RCFC 20(a),

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

The rule, thus, provides two requirements for permissive joinder: (1) the claims must arise out of the same transaction or occurrence, and (2) the claims must raise some common issue of law or fact. Franconia Associates v. United States, 61 Fed. Cl. 335, 336-37 (2004). "Both of these requirements must be satisfied in order to sustain joinder under RCFC 20(a); if one or the other is not met, the parties are improperly joined." Id. at 336, citing 7 Wright, Miller & Kane § 1653, at 403-08 (3d ed. 2001) (citing numerous cases).

In this case, plaintiffs are not properly joined. Plaintiffs' claims are individual claims. Plaintiffs' claims do not arise out of the same transaction or occurrence and do not raise any common issue of law or fact.

By reviewing the case law and comparing the "same transaction or occurrence" requirement in RCFC 20(a) with the provisions of RCFC 40.2 requiring, for example, the "same parties" or the "same contract," this Court has recognized that

"same" does not mean "similar." Franconia Associates, 61 Fed. Cl. at 336-37; see also Energy Nuclear Indian Point 2, LLC v. United States, 62 Fed. Cl. 798, 801 (2004).

In this case, each plaintiff claims that he or she did not receive the correct compensation for certain leave time taken at different and varying times during the six years preceding the filing of the complaint in this Court. Plaintiffs' claims are individual claims that do not arise from the same transaction or occurrence. "This court has long adhered to the view that a suit for compensation due and payable periodically is, by its very nature, a 'continuing claim' which involves multiple causes of action, each arising at the time the Government fails to make the payment alleged to be due." Burich v. United States, 177 Ct. Cl. 139, 366 F.2d 984, 986 (1966), citing Friedman v. United States, 159 Ct. Cl. 1, 310 F.2d 381 (1962), cert. denied sub nom Lipp v. United States, 373 U.S. 932 (1963); Cannon v. United States, 137 Ct. Cl. 104, 146 F. Supp. 827 (1956). Each payment to each plaintiff for each pay period is a separate transaction. Beebe v. United States, 226 Ct. Cl. 308, 640 F.2d 1283, 1293 (1981) ("a separate cause of action accrued each payday when [the agency] excluded the overtime compensation [plaintiffs] claim in this suit"). No plaintiff's claim shares the same transaction or occurrence with any other plaintiff's claim. Plaintiffs have not alleged any transaction or occurrence, or series of transactions or occurrences that allegedly affected all of the plaintiffs. Under RCFC 20(a), therefore, neither the existing plaintiffs nor

the proposed ten additional plaintiffs can be properly joined.

Moreover, as we demonstrated in our opposition to class certification, there are no common issues for the Court to decide. Each plaintiff, individually, will need to prove his or her individual entitlement to any compensation allegedly due for his or her own individual leave time. All issues as to both liability and damages require individual proofs. Under RCFC 20(a), therefore, neither the existing plaintiffs nor the proposed ten additional plaintiffs can be properly joined.

b. Joinder and class action

At oral argument, the Court asked defendant's counsel whether, if the Court were to find joinder to be improper, would that unavailability of joinder satisfy the "impracticable" component of RCFC 23(a)(1). At oral argument, counsel assented to that proposition. Further consideration, however, has revealed that counsel's assent was ill-advised.

RCFC 23(a)(1) provides as a prerequisite to a class action that "the class is so numerous that joinder of all members is impracticable." A general review of relevant authorities indicates that the focus of this requirement is upon the numerosity of potential plaintiffs and the practicality of joinder, not whether joinder would be legally proper. See, e.g., 7A Wright, Miller & Kane § 1762, at 171-186 (3d ed. 2005) (citing numerous cases), n.4 (when there are other class members who have not been made parties but can be joined easily, then a class action will not be allowed), n.6 ("impracticable" does not mean

"impossible;" inconvenience sufficient); Moore's Federal Practice § 23.22[2] (3d ed. 2004) (citing cases for propositions that impracticable refers to difficulty or inconvenience of joinder and only when joinder is impracticable is there a need for class action). The legal propriety of joinder appears to be inherent in the prerequisite for class action imposed by RCFC 23(a)(1); only if the number of potential plaintiffs is so numerous that, although joinder would be appropriate, actual joinder would be impracticable, that is, too difficult or inconvenient, would resort to class action be appropriate.

If joinder would not be proper, then class action is inappropriate. Otherwise, the Court would proceed to adjudicate as a class action a collection of claims that do not satisfy the requirements for joinder, including the requirement of a common issue of fact or law. Because plaintiffs cannot be properly joined as a matter of law, not practicality, class action is inappropriate.

II. Class Action If No Common Issue As To Liability

The Court has also ordered, that the parties provide applicable precedents for whether class certification is appropriate when defendant has declined to contest liability. June 28, 2005 Order. In this case, defendant has concurred with plaintiffs' construction of the statute that if an employee eligible to receive night differential pay is regularly scheduled to work at night and instead of working takes leave for less than eight hours during a pay period or is excused from work on a

holiday, then the pay received for that leave time should include the night differential pay that the employee would have received if he or she had worked instead of being on leave. Defendant has not otherwise declined to contest liability. As explained in our opposition to class certification, each plaintiff for each pay period for which additional compensation is claimed will need to prove that he or she was regularly scheduled to work at night, took leave for less than eight hours during the pay period or was excused from work on a holiday, and did not receive for that leave time the night differential to which the employee would have been entitled if he or she had worked instead of taking leave.

Two cases, both very similar to this case, establish that in this situation class action is not appropriate.

In Gaffney v. United States, 834 F. Supp. 1 (D.D.C. 1993), the court held that it would not be proper to certify a class. The plaintiffs in that case, who were Government employees, sought, among other claims, to recover Sunday premium pay for leave taken instead of working as regularly scheduled on a Sunday. Although the Government did not fully concede liability, similar to the situation in this case, Government counsel apparently stated that the Government was bound by the recent decision in Armitage v. United States, 991 F.2d 746, 750 (Fed. Cir. 1993), in which the court of appeals held that plaintiffs "are entitled to receive Sunday premium pay for hours regularly scheduled for work on Sunday, but which were not worked due to

charged periods of authorized annual or sick leave." Gaffney, 834 F. Supp. at 4 and n.2. In denying class certification, the Gaffney court stated:

> First, common questions of law do not "predominate" in this case. Rather, there is only a single common question: the government's liability for Sunday premium pay on days when employees take paid leave. That issue, moreover, has been resolved in another forum, the Court of Appeals for the Federal Circuit. The remaining issues – whether each plaintiff was "regularly scheduled" to work on Sundays, whether the plaintiff took leave under one of the leave-with-pay statutes, and the amount of backpay to which he or she is entitled – are all "questions affecting only individual members."

Gaffney, 834 F. Supp. at 6.

In the predecessor case to this action, in which plaintiffs requested the Court to certify a very similar proposed class, Abrams v. United States, 57 Fed. Cl. 439 (2003), the Court denied class certification specifically because there were no common issues of law or fact. The Court stated, "Defendant has conceded the common legal issue, so calculation of damages is the only issue that remains." Id. at 440. The Court specifically held that factual issues were crucial to determining damages and that separate factual determinations would be needed. In particular, each plaintiff would need to prove that he or she (a) qualified for the additional pay or premium pay under the applicable statutes, (b) normally received the premium pay for regularly scheduled nightwork, and (c) did not receive the correct pay. According to the Court, separate factual determinations would

need to be made for each potential class member. Consequently, class certification was denied because there were no common issues of fact or law.

Both Gaffney and Abrams involved situations very similar to the situation presented in this case in which defendant did not contest the basis for determining liability, eliminating any common question of law or fact, leaving only individual claims requiring individual proof. Both courts properly found that a class action was not appropriate in the absence of common questions of law or fact.

Further, the only issue that plaintiffs in this case assert as "common" is their allegation that the Government has failed to pay proposed class members properly. The court in Gaffney, considered whether a claim of "non-acquiescence" was sufficient to warrant class action treatment under Federal Rules of Civil Procedure 23(b)(1)(A), a type of class not available in this Court. See RCFC 23(b) and Rules Committee Note ("the court's rule does not accommodate, inter alia, the factual situations redressable through declaratory and injunctive relief contemplated under FRCP 23(b)(1), (2).") The Gaffney court rejected this as a basis for certifying a class:

> There is some authority for certifying a Rule 23(b)(1)(A) class action to protect plaintiffs from "non-acquiescence," i.e., the government's failure to apply a holding government-wide, effectively forcing each individual plaintiff to litigate the issue to get relief. Duggan v. Bowen, 691 F. Supp. 1487, 1503 & n.22 (D.D.C. 1988). While this concern certainly appears to be implicated

> here, the approach does not find support in the literal language of Rule 23(b)(1)(A). That provision requires a risk of inconsistent adjudications. In the end, there is no such risk here.

Gaffney, 834 F. Supp. at 6.

## CONCLUSION

For these reasons, neither the current plaintiffs nor the proposed additional ten plaintiffs can be properly joined in this action. Further, as demonstrated above, in our opposition to class certification, and at oral argument, because there are no common questions of law or fact for the Court to decide, class certification should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Reginald T. Blades, Jr/
REGINALD T. BLADES, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972
reginald.blades@usdoj.gov

Attorneys for Defendant

OF COUNSEL:

JOHN NOEL
Attorney
Office of General Counsel
Department of the Navy
Washington, D.C.

July 18, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July 2005, a copy of the foregoing "DEFENDANT'S RESPONSE TO THE JUNE 28, 2005 ORDER OF THE COURT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Reginald T. Blades, Jr.