IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOSEPH BARNES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-1335 C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO THE
MARCH 3, 2006 ORDER OF THE COURT

Following consideration of the parties' February 17, 2006 joint status report, the Court, on March 3, 2006, ordered each party to file a memorandum, "not to exceed five pages, on the issue – and only the issue – of which party shall bear the cost of identifying the potential class members." We respectfully submit this response to the Court's March 3, 2006 order.

In Eisen v. Carlisle & Jacquelin, 417 U.S. 156 (1974) (Eisen IV"), the Court held that, regardless of the cost of providing notice to class members, the class representative should bear the cost. See 5 Moore's Federal Practice, § 23.106 (3d ed. 2005). The Court summarized its reasoning as follows:

> . . . The usual rule is that plaintiff must initially bear the cost of notice to the class. . . . When, as here, the relationship between the parties is truly adversary, the plaintiff must pay for the cost of notice as part of the ordinary burden of financing his own suit.

417 U.S. at 178-79.

Relying upon the Supreme Court decision in Eisen IV, the United States Court of Appeals for the Fifth Circuit held:

> If [class] names and addresses are identifiable with reasonable effort, rule 23(c)(2)'s requirement of individual notice to class members is obligatory. The time and expense of gathering their names and addresses is a necessary predicate to providing each

> with notice of the action's pendency without which the action may not proceed. [citing Eisen IV.]
>
> * * *
>
> Upon commencing a class action, the class representatives must be prepared to accept the concomitant responsibility of identifying absentee class members as well as paying the costs of their individual notice. [citing Eisen IV.]
>
> * * *
>
> Accordingly, we hold that plaintiffs are required at their own expense to compile a list of absentee class members' names and addresses from defendants' [records].

In Re Nissan Motor Corporation Antitrust Litigation, 552 F. 2d 1088, 1102-03 (5th Cir. 1977).

By contrast, in Sanders v. Levy, 558 F.2d 636, 646 (2nd Cir. 1977), the United States Court of Appeals for the Second Circuit, en banc, held that the Eisen IV decision to impose upon class plaintiffs the cost of notice did not necessarily include imposing the costs of identifying absent class members.

In Eisen IV, the Supreme Court "was not confronted with the identification cost issue involved in Sanders and Nissan, but its opinion contains strong suggestions that identification costs, like notice costs, must be borne by the plaintiff class representative." Note, Allocation Of Identification Costs In Class Actions: Sanders v. Levy, 91 Harv. L. Rev. 703, 707 (1978) (footnote omitted). "If, as in Nissan, identification costs are viewed as simply the prerequisite of notice and therefore subsumed under notice rules, identification costs must be shouldered by the plaintiff." Id.

The Supreme Court resolved the issue when it granted a writ of certiorari and reversed the judgment in Sanders. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978). The Court

held that defendants could not be required to bear the class identification costs even though those costs were relatively small, the defendants controlled the needed data, and defendants were charged with breaching a fiduciary duty to the class. See Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 1788 (2005).

The Court identified the first question to consider as deciding which party should perform the tasks necessary to send class notice. 437 U.S. at 356. "The general rule must be that the representative plaintiff should perform the tasks, for it is he who seeks to maintain the suit as a class action and to represent other members of his class." Id. Referring to Eisen IV, the Court stated that "ordinarily there is no warrant for shifting the cost of the representative plaintiff's performance of these tasks to the defendant." Id.

Nevertheless, the Court recognized that,

> [i]n some instances, however, defendant may be able to perform a necessary task with less difficulty or expense than could the representative plaintiff. In such cases, we think that the district court properly may exercise its discretion under Rule 23(d) to order the defendant to perform the task in question.
>
> * * *
>
> In those cases where a district court properly decides under Rule 23(d) that a defendant rather than the representative plaintiff should perform a task necessary to send the class notice, the question that then will arise is which party should bear the expense.

Id. at 356, 358.

After considering this question, the Court found:

> . . . a district court exercising its discretion under Rule 23(d) should be considerably more ready to place the cost of the defendant's performing an ordered task on the representative plaintiff, who derives the benefit . . . .

Id. The Court stated that, “In the usual case, the test should be whether the expense is substantial, rather than . . . whether it is ‘undue.’” Id. at 358-59.

Recognizing the possibility of exceptions to the “usual case”, the Court explained its concept of whether the expense is “substantial”:

> Nevertheless, in some instances, the expense involved may be so insubstantial as not to warrant the effort required to calculate it and shift it to the representative plaintiff. . . . In other cases, it may be appropriate to leave the cost where it falls because the task ordered is one that the defendant must perform in any event in the ordinary course of its business. Although we do not attempt to catalogue the instances in which a district court might be justified in placing the expense on the defendant, we caution that courts must not stray too far from the principle underlying Eisen IV that the representative plaintiff should bear all costs relating to the sending of notice because it is he who seeks to maintain the suit as a class action.

Id. at 359 (footnote omitted).

The Court found that a “threshold expense of $16,000 to enable the plaintiffs to identify their own class hardly can be viewed as an insubstantial burden [upon defendants] . . . [a]s the expenditure would benefit only [plaintiffs].” Id. at 362. The Court rejected the reasoning of the district court that the amount was “relatively modest”: “Although in some circumstances the ability of a party to bear a burden may be a consideration, the test in this respect should be whether the cost is substantial; not whether it is ‘modest’ in relation to ability to pay.” Id. at 361-62.

Finally, the Court held: “A bare allegation of wrongdoing, whether by breach of fiduciary duty or otherwise, is not a fair reason for requiring a defendant to undertake financial burdens and risks to further a plaintiff’s case.” Id. at 363.

In this case, there are none of the exceptions to the usual rule that plaintiffs should bear

the costs. The expense involved is not so insubstantial as not to warrant the effort to calculate it and shift it to the plaintiffs. See Oppenheimer, 437 U.S. at 359. Neither is the task of identifying potential class members a task that defendant must perform in any event in the ordinary course of business. Id. None of the other exceptions found in the case law exists. See 5 Moore's Federal Practice, §§ 23.106, 23.142[3] (3d ed. 2005); Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 1788 (2005).

The Court should, therefore, require plaintiffs to bear the costs of identifying potential class members.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972
reginald.blades@usdoj.gov

Attorneys for Defendant

OF COUNSEL:

JOHN NOEL
JAMES H. PHILLIPS
Attorneys
Office of General Counsel
Department of the Navy
Washington, D.C.

March 15, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March 2006, a copy of the foregoing "DEFENDANT'S RESPONSE TO THE MARCH 3, 2006 ORDER OF THE COURT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Reginald T. Blades, Jr.