# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

1. Joseph Barnes
2. Kaylene Holub
3. Socorro Yosuico

for themselves and on behalf of all others similarly situated,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA

Defendant.

Case No. 04-1335C

**PLAINTIFFS' BRIEF REGARDING THE COST OF IDENTIFYING THE POTENTIAL CLASS MEMBERS**

(Judge Allegra)

## I. INTRODUCTION

Defendant should be required to pay the cost for identifying the class members because: (1) Defendant has all but admitted liability and in such cases, Courts have required the defendant to bear the costs of identifying the class members; (2) Plaintiffs would be entitled to such information through discovery; and (3) The notice plan proposed by Defendant is overly broad.

## II. DEFENDANT SHOULD BEAR THE BURDEN OF CLASS IDENTIFICATION

Courts have the discretion to compel a defendant to compile a class list, as well as order the defendant to bear the costs of identifying class members. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 358 (1978). While the Supreme Court declined to catalog "instances in which a district court might be justified in placing the [identification] expense on the defendant," it did identify two circumstances where imposition of such costs on a defendant would be appropriate: where "the expense involved [is] so insubstantial as not to warrant the effort required to calculate it and shift it to the representative plaintiff ... [or] the task ordered is one that the defendant must perform in any event in the ordinary course of its business ..." *Id.* at 359.

Several cases have held that where liability is not at issue, the cost of class notice can be allocated to the defendant. *See, e.g., Six (6) Mexican Workers v. Ariz. Citrus Growers*, 641 F.Supp. 259, 264 (D. Ariz. 1986) (noting "there have been a number of cases in which the Court directed the defendants in a class action suit to pay the costs of notice and distribution of relief"); *Catlett v. Mo. Highway and Transp. Comm'n,* 589 F. Supp. 949, 951 (W.D. Mo. 1984) (ordering defendant to pay for notice to class); *Meadows v. Ford Motor Co.,* 62 F.R.D. 98, 101-102 (W.D. Ky. 1973).[1] In *Meadows,* the district court ordered the defendant to bear the costs of notice after

---

[1] Requiring a defendant to pay for the costs of identifying class members is not uncommon, as evidenced by a number of decisions that imposed these costs on the defendant. *See, e.g., Cobell v.*

certifying the class and determining the plaintiffs were entitled to relief. *Id.* at 101-102. The district court specifically held that the reasons for the rule that the plaintiffs must bear the initial cost – that the identity of the class and its notification are accomplished early during the proceedings where there is strong doubt that the plaintiffs will prevail – did not apply. *Id.*

Finally, the Call Statute (28 U.S.C. § 2507) provides additional authority to require that defendant identify potential class members and pay for the cost associated with the identification. This statute allows this Court to "call upon any department or agency of the United States ... for any information or papers, not privileged, for purposes of discovery or for use as evidence." As this Court noted in *Wolfchild v. United States,* 68 Fed. Cl. 779 (2005), "the Call Statute has enabled the court to address a variety of circumstances in which aid of governmental agencies ... was necessary to determine the monetary liabilities of the federal government." *Id.* at 797. In *Wolfchild,* this Court ordered the Department of Interior to identify potential class members and bear the expenses related to this identification, prior to the class even being certified, and cited to the Call Statute as one of the bases for its authority to do so. *Id.* at 797-798.

### A. The History of This Dispute Justifies Requiring Defendant to Pay.

As the Court noted in its opinion and order granting class certification, in the *Abrams* case Defendant offered to pay back pay to a number of Navy employees who had alleged precisely the same violations of the night premium pay statute as are alleged in this case. The Court also observed that Defendant acknowledged in a representation to this Court in *Abrams*

---

*Norton,* 229 F.R.D. 5, 19 (D.D.C. 2005) (Department of Interior required to bear cost of class notice); *Kan. Hosp. Ass'n v. Whiteman,* 167 F.R.D. 144, 146-147 (D. Kan. 1996) (state agency required to identify class members and provide class notice; costs of providing notice were insignificant); *In re Potash Antitrust Litigation,* 161 F.R.D. 411, 414 (D. Minn. 1995) (defendants to bear costs of identifying names and addresses of potential class members in an anti-trust action); *Southern Ute Indian Tribe v. Amoco Production Co.,* 2 F.3d 1023, 1031 (10th Cir. 1993) (reversing district court's order requiring plaintiff to reimburse defendant for expenses related to class identification).

that it would pay such back pay to approximately 1,800 Navy employees who worked at night within ten "professional" classifications. It would seem safe to assume that the Navy normally is not in the practice of paying back pay to a significant number of employees in a hard fought litigation unless it believes they are entitled to that remedy. While not amounting to a specific admission of liability in this case, the representations in *Abrams* by the Department of the Navy and by the Department of Justice certainly amount to admissions against interest as to liability here. Indeed, Defendant should be judicially estopped from asserting here – contrary to its position in its Status Report in *Abrams* – that its failure to pay night premium pay to night shift employees who were excused from work on holidays and for periods of leave of less than eight (8) hours in a pay period is not a far reaching, systemic pay system failure that affected thousands of Navy healthcare employees. *See New Hampshire v. Maine*, 532 U.S. 742 (2001). Plaintiffs maintain that despite this knowledge, *and its representation to this Court in January 2003 that 1,800 payments of back pay would be made,* defendant has failed to correct the pay practices at issue, and has failed to make the promised payments to its employees.

Under these circumstances, requiring Defendant to bear the cost of identifying class members for the purpose of providing notice is well within the Court's discretion and is consistent with the cases cited above in which the defendants were required to bear that cost.

**B. Plaintiffs are Entitled to the Same Information Through Discovery.**

On March 10, 2006, Plaintiffs served a comprehensive set of discovery requests seeking, among other things, the names, last known home addresses, job classifications, and places of last employment of the 1,800 employees who Defendant stated it would pay. These discovery requests are designed to provide evidence on the merits, and along with other requests should shed light on the systemic nature of Defendant's pay practices that violate the night premium and

holiday statutes. Defendant is obligated to gather this information and to provide it to Plaintiffs as a routine matter within the normal discovery rules. Indeed, the information requested comes from Defendant's own records, and not a third-party. Defendant's employees will be gathering this information, not an outside vendor, and these employees are already being paid to fulfill the functions that will be utilized in gathering the requested information for this lawsuit.

Defendant, not Plaintiffs, bears the cost of production of the information requested in discovery, absent extraordinary circumstances not applicable to this lawsuit. *See Oppenheimer Fund,* 437 U.S. at 358 (holding "the presumption is that the responding party must bear the expense of complying with discovery requests...."). Moreover, as indicated above, the Call Statute allows the Court to shift the costs of providing this information to the Defendant. *Wolfchild v. United States,* 68 Fed. Cl. 779, 797-98 (2005).

Thus, as an alternative to issuing an order on which party should bear the cost of identifying the class members at this time, Plaintiffs suggest that the Court could defer ruling on this issue until after Defendant responds to Plaintiffs' discovery requests.

**C. Defendant Should Bear the Cost of its Overly Broad Notice Plan.**

Defendant's counsel insisted that the best approach for providing notice is to identify all civilian employees who work (or worked) at Navy medical facilities and have received some amount of "premium pay" for working at night, and then to send the class notice to those individuals with the expectation that those employees who were denied night premium pay when excused from work on a holiday (or when paid leave is taken for less than eight (8) hours within a pay period) would identify themselves. This approach will necessarily result in an overly broad and expensive notice process.

While Plaintiffs' counsel initially agreed with Defendant's suggestion for class identification and notice, it was on the basis and belief that Defendant would pay for its own expenses in obtaining the necessary information for sending out class notices. Should Plaintiffs be required to pay for identification of class members, then Plaintiffs respectfully request it be allowed to engage in discovery to determine the actual locations affected and the extent of the faulty pay practice. This discovery will identify with greater precision those individuals who Defendant improperly paid. Once completed, class notice can be sent out to only those individuals affected by Defendant's improper pay practices.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request the Court to order Defendant to pay the costs of identifying the class members or, alternatively, to allow Plaintiffs to proceed with discovery before requiring class notice to be sent.

Dated: March 15, 2006

s/ Robert W. Brownlie

Robert W. Brownlie, Esq.
DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-2700
Fax (619) 699-2701
Counsel for Plaintiffs

Of Counsel:
Curtis R. Cotton, Esq.
DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-2854
Fax (619) 699-2701

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2006, a copy of the foregoing "PLAINTIFFS' BRIEF REGARDING THE COST OF IDENTIFYING THE POTENTIAL CLASS MEMBERS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert W. Brownlie