# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

1. Joseph Barnes
2. Kaylene Holub
3. Socorro Yosuico

for themselves and on behalf of all others similarly situated,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA

Defendant.

Case No. 04-1335C

**PLAINTIFFS' PROPOSED DISCOVERY PLAN**

(Judge Allegra)

Pursuant to the Court's March 21, 2006 Order, Plaintiffs respectfully submit the following Proposed Discovery Plan for the Court's consideration.

## I. INTRODUCTION

Plaintiffs should be permitted to conduct limited discovery to identify the source of the faulty pay practice at issue and the Navy facilities affected by the faulty pay practice in order to provide the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." (RCFC Rule 23(c)(B).)

## II. DEFENDANT'S OVERLY BROAD NOTICE PLAN

Defendant's counsel has insisted that the only approach for providing notice is to identify all civilian employees who work (or worked) at Navy medical facilities and have received some amount of "premium pay" for working at night, and then to send the class notice to those individuals with the expectation that among those individuals are the employees who were

denied night premium pay when excused from work on a holiday (or when paid leave is taken for less than eight (8) hours within a pay period). This approach will necessarily result in an overly broad (possibly by 3 to 10 times) and expensive notice process. This is the approach only if no effort is made to identify the source of the problem and the facilities where class members worked. We can identify the class members with much more precision if limited discovery is permitted on these issues.

Furthermore, while Plaintiffs' counsel initially agreed with Defendant's suggestion for class identification and notice, after further consideration regarding the time and expense involved, Plaintiffs respectfully request to be allowed to engage in discovery to determine the exact functional error that resulted in the faulty pay practice as well as the actual physical locations of the facilities affected. This discovery will identify with far greater precision those individuals improperly paid by Defendant. Once completed, class notice can be sent out to only those individuals reasonably believed to be affected by Defendant's improper pay practice.

## III. PLAINTIFFS' PROPOSED DISCOVERY TO IDENTIFY THE EXACT FUNCTIONAL ERROR THAT HAS RESULTED IN THE FAULTY PAY PRACTICE AND THE NAVY LOCATIONS AFFECTED THEREBY

While Plaintiffs were prepared to go forward with full-scale merits and liability related discovery (as evidenced by its discovery requests propounded on March 10, 2006), after the status conference with the Court on March 20, 2006 and upon further consideration, Plaintiffs propose a more measured and focused discovery approach at this time to provide the best notice practicable under the circumstances of this case.

The discovery being proposed by Plaintiffs in their second requests for documents and interrogatories is narrowly directed to pinpoint the exact functional error that has resulted in the faulty pay practice at issue as well as to identify the facility locations affected by the pay practice.[1] Accordingly, attached to this Proposed Discovery Plan are Plaintiffs' requests for production of documents and interrogatories for consideration by the Court. Plaintiffs further propose that after Defendant responds to the written discovery proposed, and to the extent necessary based on such responses, Plaintiffs would be able to conduct RCFC 30(b)(6) depositions to further pinpoint the faulty pay practice and the identity of the affected locations. Lastly, Plaintiffs propose that all other discovery be stayed pending further order of the Court.

The pre-notice discovery proposed by Plaintiffs is the most effective and efficient way to provide the best notice possible in this case, and will also result in judicial economy. Regardless of the fact that the Court cannot issue an injunction to remedy the faulty pay practice at issue, this case cannot be efficiently handled without knowing exactly where the problem occurred and the facility locations where the affected employees work. While Plaintiffs suspect and alleged that the faulty pay practice is a systemic problem affecting every Navy medical location, if Plaintiffs are wrong and the problem is isolated to certain facilities, Plaintiffs should be able to conduct discovery to determine this before spending the time, expenses and resources necessary to provide notice to all civilian employees who work (or worked) at Navy medical facilities at night during the class period, as currently proposed.

---

[1] Plaintiffs' proposed document requests also seek documents related to the leave and earnings statements as well as the time scheduled and worked for the thirteen plaintiffs (the three original and ten additional plaintiffs included in the proposed amended complaint).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs request that notice to the class members be delayed so that Plaintiffs can first conduct limited discovery to identify the location of the faulty pay practice at issue as well as the Navy facilities affected. This discovery will assist in identifying the potential class members for notice purposes, and will result in the best practicable notice under the circumstances.

Dated: April 7, 2006

s/ Robert W. Brownlie, Esq.
Robert W. Brownlie, Esq.
DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-2700
Fax (619) 699-2701
Counsel for Plaintiffs

Of Counsel:
Curtis R. Cotton, Esq.
DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-2854
Fax (619) 699-2701

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1. Joseph Barnes<br>2. Kaylene Holub<br>3. Socorro Yosuico<br><br>for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | No. 04-1335C<br><br>(Judge Francis M. Allegra) |

**PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims, plaintiffs hereby request that Defendant respond within thirty (30) days to the following requests for production of documents.

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims, Defendant must respond in writing under oath to the following demands for inspection of documents and produce the documents requested below within thirty (30) days from the date of service hereof, to counsel for the Plaintiffs, DLA Piper Rudnick Gray Cary US LLP, 401 B Street, Suite 1700, San Diego, CA 92101-4297; Attention: Robert W. Brownlie.

**DEFINITIONS AND INSTRUCTIONS**

The term "defendant" means Defendant United States of America and its agents, officers and employees. As used herein, the term "agents," officers," and "employees" and any other such designation means any person serving at any relevant time in any such capacity even though that person may no longer be serving in such capacity.

2. The term "documents" is intended to be interpreted in its broadest sense, including but not limited to any kind of written, typewritten, electronic, printed or recorded material whatsoever, including but not limited to any notes, memoranda, complaints, claims, affidavits, statements, papers, files, forms, data, tapes, printouts, letters, e-mail, books, reports, summaries, policies, procedures, manuals, handbooks, minutes, logs, communications, certificates, contracts, agreements, telegrams, records, correspondence, diaries, calendars, recordings and transcriptions of recordings, information retrievable from computers, photographs, pictures, diagrams, drawings, microfilm, invoices, bills, receipts, requests or any other writing, however produced or reproduced, and further includes, without limitation, all originals, all file copies and all other copies, no matter how prepared, and all drafts prepared in connection with such documents whether or not used, within the possession, custody and/or control of Defendant, or its agents, attorneys, and/or any other persons who may act on its behalf, excepting only those documents that are privileged or otherwise protected from discovery, as to which the claim of privilege or protection is specifically stated by written notice to Plaintiffs no later than the date upon which such production is due.

3. As to any document that Defendant refuses to produce, defendant shall supply a description of the document by date, author, addressee and/or recipient, custodian and subject matter sufficient to allow a motion for production of the document. If refusal to produce is based upon a claim that the document is subject to a privilege, in addition to the foregoing, state the nature and basis of the claim of privilege.

4. These requests are continuing in nature and any documents that come into Defendant's possession, custody or control or the possession, custody or control of anyone acting on Defendant's behalf after these requests are served, and which are responsive to these requests, shall be produced forthwith.

5. Defendant shall produce all documents identified in Defendant's possession, custody or control, including, but not limited to, documents in the possession of Defendant's staff, agents, employees, representatives, accountants and attorneys.

6. Defendant shall reasonably amend any response if it obtains information upon the basis of which it knows that the prior response was incorrect or, though the response was correct when made, it is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

7. Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims, Plaintiffs specify the following time, date, place and manner for making the inspection and performing the related activities requested:

Date: __________, 2006

Time: 10:00 a.m.

Place: DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297

Manner: Produce for visual inspection and photocopying

In lieu of producing originals of the documents requested, Defendant may produce complete, accurate and legible copies on the date set forth above, provided Defendant makes available the originals of any documents so produced upon reasonable notice.

## REQUESTS FOR PRODUCTION

REQUEST NO. 1:

All documents, including Bi-Weekly Time and Attendance Sheets, reflecting Joseph Barnes, Kaylene Holub, and Socorro Yosuico's attendance, including scheduled hours, timesheets, and actual hours, times and days worked, during the period from August 18, 1998 through the present.

REQUEST NO. 2:

All Leave and Earnings Statements for Joseph Barnes, Kaylene Holub, and Socorro Yosuico for each pay period from August 18, 1998 through the present.

REQUEST NO. 3:

All documents, including Bi-Weekly Time and Attendance Sheets, reflecting Julia Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar's attendance, scheduled hours, timesheets, and actual hours, times and days worked, during the period from August 18, 1998 through the present.

REQUEST NO. 4:

All Leave and Earnings Statements for Julia Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar's for each pay period from August 18, 1998 through the present.

REQUEST NO. 5:

All documents relating to, reflecting or evidencing, communications between Defendant and Dr. Chester I. Palmer from August 18, 1998 to the present regarding the calculation of back pay as a result of allegations that night premium pay should have been paid to non-military employees at Navy hospitals and medical facilities who were excused from their regular work shift on official holidays and/or who used less than eight (8) hours of paid leave within a pay period, including the named plaintiffs in *Abrams, et al. v. United States*, and the approximately 1,800 employees that Defendant represented to the Court on January 24, 2003 were to be paid back pay of night premium pay.

REQUEST NO. 6:

All documents related to the program specifications, including the program specifications themselves, within the Defense Finance and Accounting Service ("DFAS") pay system utilized from August 18, 1998 to the present that pertain to compensating

employees for night premium pay when they are regularly scheduled to work at night but are excused from such work on officially authorized holidays.

REQUEST NO. 7:

All documents related to the program specifications, including the program specifications themselves, within the DFAS pay system utilized from August 18, 1998 to the present that pertain to compensating employees for night premium pay when they are regularly scheduled to work at night but are excused from such work on paid leave for periods of less then eight (8) hours within a pay period.

REQUEST NO. 8:

All documents related to the computer codes, including the computer codes themselves, within the DFAS pay system utilized from August 18, 1998 to the present that pertain to compensating employees for night premium pay when they are regularly scheduled to work at night but are excused from such work on officially authorized holidays.

REQUEST NO. 9:

All documents related to the computer codes, including the computer codes themselves, within the DFAS pay system utilized from August 18, 1998 to the present that pertain to compensating employees for night premium pay when they are regularly scheduled to work at night but are excused from such work on paid leave for periods of less then eight (8) hours within a pay period.

REQUEST NO. 10:

All documents related to the functional description, including the functional description itself, related to the DFAS pay system utilized from August 18, 1998 to the present that pertains to compensating employees for night premium pay when they are regularly scheduled to work at night but are excused from such work on officially authorized holidays.

REQUEST NO. 11:

All documents related to the functional description, including the functional description itself, related to the DFAS pay system utilized from August 18, 1998 to the present that pertains to compensating employees for night premium pay when they are regularly scheduled to work at night but are excused from such work on paid leave for periods of less then eight (8) hours within a pay period.

REQUEST NO. 12:

All regulations, written instructions, forms, official orders, bulletins, written procedures, policies or directives and/or manuals issued or utilized by Defendant, including but not limited to DFAS, the Department of Navy and the Bureau of Medicine of the Department of Navy on or after August 18, 1998 that relate to compensating civilian hourly-paid employees at Navy hospitals and medical facilities for official holidays that occur on days that the employee is excused from performing such work due to the holiday.

REQUEST NO. 13:

All instruction and forms issued to, or utilized by, computer operators/clerks, supervisors, and /or timekeepers at each of the Department of the Navy's hospitals and facilities operated by the Bureau of Medicine on or after August 18, 1998, with respect to the recording of Time and Attendance records when civilian hourly-paid employees who are regularly scheduled to work part or all of their regular work shift between the hours of 6 p.m. and 6 a.m. are excused from work on official holidays and/or when they use less than eight (8) hours of paid leave within a pay period.

Dated: April 7, 2006

Robert W. Brownlie
DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-2700
Fax (619) 699-2701
Counsel for Plaintiffs

Of Counsel:

Curtis R. Cotton
DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-2854
Fax (619) 699-2701

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1. Joseph Barnes<br>2. Kaylene Holub<br>3. Socorro Yosuico<br><br>for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | No. 04-1335C<br><br>(Judge Francis M. Allegra) |

## PLAINTIFFS' SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims, Plaintiffs hereby request that Defendant answer under oath the following interrogatories and serve its answers upon the undersigned within (30) days of service of these interrogatories.

Defendant has the duty to supplement its responses at such times and to the extent required by Rule 26(e) of the Rules of the United States Court of Federal Claims.

## DEFINITIONS AND INSTRUCTIONS

In answering these interrogatories, Defendant is required to furnish all information which is available to it, including information in the possession of Defendant's attorney(s) or investigator(s) or anyone employed on Defendant's behalf. If Defendant cannot answer in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying the inability to answer the remainder, and stating whatever information or knowledge Defendant has concerning the unanswered portions.

A. The term "Employee" or "Employees" refers to and means non-military individuals employed by Defendant who are eligible to receive premium pay under 5 U.S.C. § 5545 for regularly scheduled work between the hours of 6:00 p.m. and 6:00 a.m.,

including (1) periods of absence with pay during these hours due to holidays and (2) periods of leave with pay during these hours if the periods of leave with pay during a pay period total less than 8 hours.

B. The term "Premium Pay" refers to and means the additional 10% of an Employee's basic pay to which the Employee is entitled to receive under 5 U.S.C. § 5545(a).

C. The term "Short Pay" or "Short Paid" refers to and means the failure to pay (1) regularly scheduled tour differential pay for night work pursuant to 5 U.S.C. § 5545 during periods of paid leave for periods of leave of less than eight (8) hours within a pay period and (2) the night differential pay under 5 U.S.C. § 5545 which the employee would have earned "for a day on which an ordinary day's work is performed" when an Employee is excused from duty on officially authorized holidays under 5 U.S.C. §§ 6103, 6104.

D. The term "BUMED" refers to and means the Navy Bureau of Medicine and Surgery.

D. The term "DFAS" refers to and means the Defense Finance and Accounting Service.

## RELEVANT TIME PERIOD

Unless otherwise specified within an interrogatory, this set of interrogatories seeks information that existed at anytime from and including August 18, 1998 to the present, which is hereafter referred to the "Relevant Time Period." If the information supplied in response to these interrogatories pertains only to a portion of the time covered herein, please indicate the period of time to which that information pertains. If Your response to these interrogatories is different depending on a particular time frame within the Relevant Time Period, please so indicate in Your response to these interrogatories and associate the requested information with the particular time frame.

**INTERROGATORIES**

INTERROGATORY NO. 1:

Identify each BUMED facility where at least one Employee was Short Paid.

INTERROGATORY NO. 2:

Describe with particularity the process employed by BUMED to ensure that Employees are not Short Paid.

INTERROGATORY NO. 3:

Describe with particularity the process employed by DFAS to ensure that Employees are not Short Paid.

INTERROGATORY NO. 4:

Identify the specific pay practice(s) or procedure(s) in Defendant's pay system which resulted in Employees being Short Paid. If this response varies by the particular location, facility or command, please so indicate in your response by describing for each facility the specific pay practice(s) or procedures.

INTERROGATORY NO. 5:

Inasmuch as the Court has identified that a number of plaintiffs in *Abrams, et al. v. United States* were paid Premium Pay as back pay as a result of that litigation, identify what actions, if any, Defendant has taken to correct its failure to pay such Premium Pay following the settlement in *Abrams, et al. v. United States*. If this response varies by the particular location, facility or command, please so indicate in your response by describing for each facility the specific corrective measures taken.

Dated: April 7, 2006

Robert W. Brownlie
DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-2700
Fax (619) 699-2701
Counsel for Plaintiffs

Of Counsel:

Curtis R. Cotton
DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-22854
Fax (619) 699-2701

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2006, a copy of the foregoing "PLAINTIFFS' PROPOSED DISCOVERY PLAN" with attached Plaintiffs' Second Request for Production of Documents and Plaintiffs' Second Set of Interrogatories, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert W. Brownlie