# In The United States Court of Federal Claims

No. 04-1335 C

(Filed: August 29, 2006)

JOSEPH BARNES,
KAYLENE HOLUB,
SOCORRO YOSUICO,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**PROTECTIVE ORDER**

This Court has considered the submissions of the parties regarding the entry of a protective order pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC"). Pursuant to the court's July 17, 2006 order, defendant is required to disclose to class counsel certain information protected by the Privacy Act of 1974, 5 U.S.C. § 552a. Accordingly, the following provisions shall govern the conduct of further proceedings in this action:

For any proceedings conducted in this action, the defendant is authorized to release to class counsel and, if appropriate, to this court, information relating to the individual potential class members' employment with the Federal Government, including former employee status information, and information contained in individual potential class members' Official Personnel Folders (OPFs), without obtaining prior written consent of the individuals to whom such information pertains. The disclosure of this information, which is subject to the Privacy Act, to the persons identified above is necessary for the administration of this class action. The disclosure of this information is subject to the following conditions:

1. All records, including electronic records, that are disclosed by the defendant pursuant to this order which identify individual class members or potential class members by name, social security number, or any other identifying particular, shall be stamped, or otherwise identified as being, "SUBJECT TO PROTECTIVE ORDER." Such records and all information derived from them may be used only for purposes of identifying potential class members and providing class notice to them. Under no circumstances may any Government records, or any information derived from them, that are disclosed pursuant to

this order be used for any purpose, either directly or indirectly, not relating to this class action.

2. All records and information identifying individual class members and potential class members that are disclosed to class counsel pursuant to this order must be returned to defendant, or destroyed, no later than 30 days after final judgment in this action. Should class counsel elect to destroy the records rather than return them, class counsel shall certify in writing to the defendant that all such records and copies thereof have been destroyed.

3. Class counsel are allowed to use the names and addresses of class members obtained as a direct or indirect consequence of the release of information pursuant to this order solely for the specific and exclusive purpose of identifying potential class members and providing class notice to them, and for no other purpose.

4. Records and information produced pursuant to this order may be disclosed by class counsel only to persons regularly in the employ of class counsel, or to independent contractors retained by class counsel, who have a need for the information in the performance of their specified duties relating to identifying potential class members and providing class notice to them. No protected information may be disclosed by class counsel to any other person, including any independent contractor, unless such person has been designated in writing to counsel for defendant at least ten days in advance of the disclosure. If objection is timely made, no protected information shall be disclosed without approval of the court.

5. Prior to disclosure of any protected information to any individual to whom disclosure is authorized by this order, each individual shall be provided with a copy of this order and shall be required to sign the attached "CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER" indicating that they have read and agree to abide by the terms of this order, prohibit the disclosure of protected information to anyone not authorized to receive it, prohibit the use of such information except in connection with this class action, and require the return of protected information to class counsel at the conclusion of this litigation. Certificates of compliance shall be provided by class counsel to counsel for defendant.

6. Any filings with the court that contain Privacy Act information produced pursuant to this order, i.e., information that identifies individual class members or potential class members by name, social security number, or other identifying particular, shall be made under seal and shall be identified as containing information that is subject to this order. A redacted version with as few redactions as possible should be filed on the public record.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

# In The United States Court of Federal Claims

No. 04-1335 C

(Filed: August 29, 2006)

JOSEPH BARNES,
KAYLENE HOLUB,
SOCORRO YOSUICO,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**ATTACHMENT A**

**CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER**

I, ________________________________, certify my understanding that protected information is being provided to me pursuant to the restrictions of the protective order entered in *Joseph Barnes et al. v. United States*, No. 04-1335 C, in the United States Court of Federal Claims. I solemnly swear or affirm that I have reviewed a copy of the protective order, and that I will be bound by and comply with the terms of the order, including any amendments by the court. I understand that, except as provided in the protective order, at the conclusion of this litigation, all protected material, and any copies thereof, including but not limited to notes, summaries, digests, and transcriptions of such information, shall be returned to counsel for a party for disposition in accordance with the protective order.

Date: ________________________________ Signed: ____________________________

Print Name: ____________________________