# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1. Joseph Barnes<br>2. Kaylene Holub<br>3. Socorro Yosuico<br><br>for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 04-1335C<br><br>(Judge Allegra) |

**JOINT STATUS REPORT**

Pursuant to the Court's September 8, 2006 Order, the parties respectfully submit the following joint status report regarding the content of the class notice. The parties have been unable to agree upon the content of the revised class notice pursuant to the sample class notice that the Court directed the parties to use as an example. Each party, therefore, submits its proposed version of the class notice. The disagreements regarding the class notice are limited to the response to the "Ask to be Included" box on page 1, and the heading and response to Question 13 on page 5.

With respect to the "Ask to be Included" box on page 1, the parties agree to the first two sentences of the response as follows: "By asking to be included in this lawsuit you keep the possibility of getting money that may come from trial or a settlement. But, you give up any rights to sue the Navy separately about the same legal claims in this lawsuit." However, Defendant proposes that a third sentence be added to the end of the response as follows: "You

will be bound by the outcome of this lawsuit whether favorable or unfavorable to you." Plaintiffs do not believe this sentence should be added as it is already covered in response to Question 12, does not need to be in the summary page, and this type of language is also not included in the sample class notice that the Court directed the parties to use as an example. Defendant believes that the summary page should alert potential class members to the fact that joining the class means that they will be bound by the rulings issued by the Court.

With respect to Question 13 on page 5, Plaintiffs propose that the question heading should be: "What happens if I do not submit an Opt-In Notice?" Plaintiff's believe this heading is consistent with the opt-in nature of this case, is clear and concise, and is consistent with the heading used in Questions 12. Plaintiffs further propose that the response to Question 13 should be: "If you do not submit an Opt-In Notice postmarked on or before ________, 2007, you will be barred from participating as a Class Member in this case and you will not receive any monetary recovery from a trial or settlement. However, you keep the possibility to sue the Navy separately about the same legal claims in this lawsuit and you will not be legally bound by the Court's judgment in this class action. If you decide to pursue your claim independently, outside this class action, we encourage you to do so immediately and consult with your counsel immediately because certain statutes of limitations may bar or limit your claims. You are entitled to enter an appearance in this matter through private counsel if you desire." Plaintiffs believe that this response to Question 13 adequately advises class members of what happens if they do not submit an Opt-In Notice.

Defendant proposes that Question 13 heading should be "What happens if I do nothing?" Defendant further proposes that the response to Question 13 should be: "If you do nothing now, you keep the possibility to sue the Navy separately about the same legal claims in this lawsuit

and you will not be legally bound by the Court's judgment in this class action. However, you give up the right to money, even if the Plaintiffs obtain money as a result of the trial or from any settlement (that may or may not be reached) between the Navy and the Plaintiffs. If you decide to pursue your claim independently, outside this class action, we encourage you to do so immediately and to consult with your counsel immediately because certain statutes of limitations may bar or limit your claims." Defendant believes that the plain choice in the sample notice of doing something or doing nothing, with an explanation of the result of each, is important and should be retained. Plaintiffs believe that the heading "What happens if I do nothing" proposed by Defendant is not consistent with the heading in Question 12 and its use in the sample class notice that the Court directed the parties to use as an example is not applicable because that heading was used for an opt-in class. In fact, the heading in the example was used to explain to class members that if they did nothing they would automatically be included in the class.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Robert W. Brownlie
ROBERT W. BROWNLIE
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619) 699-2854
Facsimile: (619) 699-2701

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972
reginald.blades@usdoj.gov

Of Counsel:

CURTIS R. COTTON
DLA Piper US LLP
San Diego, CA

IRA M. LECHNER
Escondido, CA

Attorneys for Plaintiffs

Of Counsel:

ROBYN L. MCNISH
Attorney
Office of General Counsel
Department of the Navy
Washington, D.C.

Attorneys for Defendant

DATED: September 25, 2006

Date: September 25, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2006, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert W. Brownlie

**PLAINTIFFS' PROPOSED CLASS NOTICE**

UNITED STATES COURT OF FEDERAL CLAIMS

# If you are or were a non-military employee of the Department of the Navy working at a Navy hospital or medical facility, a class action lawsuit may affect your rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Non-military employees of the Department of the Navy ("Navy") who have worked at a Navy hospital or medical facility have sued the Navy, alleging that the Navy violated federal pay statutes by failing to pay night "premium pay" in two situations: (1) when employees were excused from duty on officially authorized holidays; and/or (2) when employees took paid leave for periods of less then eight (8) hours within a pay period.

- The Court has allowed the lawsuit to be a class action on behalf of all non-military employees of the Navy who worked at a Navy hospital or medical facility at any time after August 18, 1998, and who were regularly scheduled to work any hours of their regular shifts after 6 p.m. and before 6 a.m. on any night of the week (Monday through Sunday).

- The Court has not decided whether the Navy did anything wrong. There is no money available now, and no guarantee there will be. However, your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| ASK TO BE INCLUDED | **Participate in this lawsuit. Await outcome. Give up certain rights.**<br><br>By asking to be included in this lawsuit you keep the possibility of getting money that may come from trial or a settlement. But, you give up any rights to sue the Navy separately about the same legal claims in this lawsuit. |
| DO NOTHING | **Get no benefits from the lawsuit. Keep rights to sue Navy separately.**<br><br>By doing nothing, you will not be included in this lawsuit and you give up the right to money that may come from a trail or settlement. But, you keep the possibility to sue the Navy separately about the same legal claims in this lawsuit. |

- Your options are explained in this notice. To ask to be included, you must submit that Opt-In Notice (form attached ) before __________.

- Plaintiffs' lawyers must prove the claims against the Navy. If money is obtained from the Navy, you will be notified about how to ask for a share. **Any questions? Read on.**

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION.............................................................. PAGE 3
1. Why did I get this notice?
2. What is this lawsuit about?
3. What is a class action and who is involved?
4. Why is this lawsuit a class action?

THE CLAIMS IN THE LAWSUIT.................................................... PAGE 4
5. What does the lawsuit complain about?
6. How does the Navy answer?
7. Has the Court decided who is right?
8. What are the Plaintiffs asking for?
9. Is there any money available now?

WHO IS IN THE CLASS............................................................ PAGE 5
10. Am I part of this class?
11. I'm still not sure if I am included.

YOUR RIGHTS AND OPTIONS..................................................... PAGE 5
12. What happens if I submit an Opt-In Notice?
13. What happens if I do not submit an Opt-In Notice?

THE LAWYERS REPRESENTING YOU....................................... PAGE 6
14. Do I have a lawyer in this case?
15. Should I get my own lawyer?
16. How will the lawyers be paid?

THE TRIAL............................................................................... PAGE 6
17. How and when will the Court decide who is right?
18. Do I have to come to the trial?
19. Will I get money after the trial?

GETTING MORE INFORMATION............................................... PAGE 7
20. Are more details available?

CLASS ACTION OPT-IN NOTICE FORM.................................... PAGE 8

## Basic Information

### 1. Why did I get this notice?

The Navy's records show that you currently work, or previously worked, as a non-military employee at a hospital or medical facility operated by or for the Navy, and at any point after August 18, 1998, you were regularly scheduled to work some amount of hours between 6:00 p.m. and 6:00 a.m. on any night of the week (Monday through Sunday). This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial. The trial is to decide whether the claims being made against the Navy, on your behalf, are correct. Judge Francis M. Allegra of the United States Court of Federal Claims is overseeing this class action. The lawsuit is known as *Barnes, et al., v. United States*, No. 04-1335 C.

### 2. What is this lawsuit about?

This lawsuit is about whether the Navy violated federal pay statutes by failing to pay night "premium pay" to non-military employees of the Navy, who worked at a hospital or medical facility operated by or for the Navy, and who were regularly scheduled to work any hours of their regular shifts after 6:00 p.m. and before 6:00 a.m. on any night of the week (Monday through Sunday) in two situations: (1) when employees were excused from duty on officially authorized holidays; and/or (2) when employees were on paid leave for periods totaling less then eight (8) hours within a pay period.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Joseph Barnes, Kaylene Holub, and Socorro Yosuico) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The people who sued – and all Class Members like them – are called the "Plaintiffs." In this case, the Navy (named as the United States of America) is the Defendant. One court resolves the issues for everyone who asks the Court to be included in the Class by submitting an Opt-In Notice. Those individuals who do not submit an Opt-In Notice will be excluded from the Class in this case.

### 4. Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of the Rule 23 of the Rules of the United States Court of Federal Claims. On November 3, 2005, the Court ruled that this case could be maintained as a class action and determined the following:

- The potential Class is so numerous that joinder of all members is impracticable;
- There are questions of law and fact common to the class;
- Joseph Barnes', Kaylene Holub's, and Socorro Yosuico's claims are typical of the claims of the rest of the Class;
- Joseph Barnes, Kaylene Holub, Socorro Yosuico, and the lawyers representing the Class will fairly and adequately represent the interests of the Class;

- The common legal questions and facts predominate over any questions affecting only individual class members; and
- This class action will be more efficient than having many individual lawsuits.

For more information, see the Court's November 3, 2005 Order, which is available at the Court.

## THE CLAIMS IN THE LAWSUIT

### 5. What does the lawsuit complain about?

In this lawsuit, Plaintiffs allege that the Navy violated federal pay statutes by improperly failing to pay night "premium pay" in two situations: (1) when employees were excused from duty on officially authorized holidays; and/or (2) when employees were on paid leave for periods totaling less than eight (8) hours within a pay period. For more information see the Plaintiffs' November 16, 2004 first amended complaint, which is available at the Court.

### 6. How does the Navy answer?

The Navy denies Plaintiffs' allegations or that its employees were underpaid. Defendant's answer to the first amended complaint is also available for review at the Court.

### 7. Has the Court decided who is right?

The Court has not decided whether the Navy or the Plaintiffs are correct. By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose this case. The Plaintiffs must prove their claims at trial. (See "The Trial" below on page 6.)

### 8. What are the Plaintiffs asking for?

The Plaintiffs are asking for money damages for the amount of night "premium pay" that they claim was not paid, plus interest for Class Members.

Class Counsel has recently estimated that the average potential damage award, in the event liability is determined, that may be paid to each Class Member who worked for the Navy during the entire class period is between $185 and $475, depending on job classification and pay grade. Some Class Members may be entitled to more or less depending on their individual circumstances. This is Class Counsel's estimate and it has not been calculated or endorsed by either the Court or the Navy.

### 9. Is there any money available now?

No money is available now because the Court has not yet decided whether the Navy did anything wrong, and the two sides have not settled the case. There is no guarantee that money ever will be obtained. If it is, you will be notified about how to ask for a share.

## WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

### 10. Am I part of this class?

The Court has allowed the lawsuit to be a class action on behalf of non-military employees of the Navy who were or are employed after August 18, 1998 at a hospital or medical facility operated by or for the Navy, and who at any point in time after August 18, 1998 were regularly scheduled to work any hours of their regular shifts after 6:00 p.m. and before 6:00 a.m. on any night of the week (Monday through Sunday) and whose night "premium pay" was not paid when employees were excused from duty on officially authorized holidays and/or when employees were on paid leave for periods totaling less than eight (8) hours within a pay period.

### 11. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by calling or writing to Class Counsel in this case, at the phone number or address listed in question 20.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to ask to be included in the Class by submitting an Opt-In Notice or do nothing and be excluded from the Class, and you have to decide this now.

### 12. What happens if I submit an Opt-In Notice?

If you wish to participate in this case and share in any potential damage award from this case, you must complete and sign an Opt-In Notice and return it via U.S. mail to Class Counsel (claim form attached). Your Opt-In Notice form must be postmarked by ____________, 2007.

As a member of the class your rights in this litigation will be represented by the Class Representatives and the attorneys for the class. You will receive the benefit of, and be bound by, all rulings, orders, or judgment entered or any settlement approved by the Court, whether favorable or unfavorable. If you choose to participate in this case by submitting an Opt-In Notice, you will not be required to advance any attorneys' fees or costs related to the case.

### 13. What happens if I do not submit an Opt-In Notice?

If you do not submit an Opt-In Notice postmarked on or before ________, 2007, you will be barred from participating as a Class Member in this case and you will not receive any monetary recovery from a trial or settlement. However, you keep the possibility to sue the Navy separately about the same legal claims in this lawsuit and you will not be legally bound by the Court's judgment in this class action. If you decide to pursue your claim independently, outside this class action, we encourage you to do so immediately and consult with your counsel immediately because certain statutes of limitations may bar or limit your claims. You are entitled to enter an appearance in this matter through private counsel if you desire.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

The Court decided that Robert W. Brownlie, Esq., of the law firm of DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, CA, 92101, is qualified to represent you and all Class Members, and is called Class Counsel. Mr. Brownlie is experienced in handling similar cases against other employers. More information about Mr. Brownlie's law firm, its practices, and its lawyers experience is available at www.dlapiper,com.

### 15. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 16. How will the lawyers be paid?

If Class Counsel get money for the Class, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses would either be deducted from any money obtained for the Class or paid separately by the United States. If the Class Counsel's fees and expenses are paid out of the money obtained for the Class, and that results in a reduction in the amount available for distribution to Class Members, it may reduce the amount of money you may be awarded. If there is no recovery in this case, you will not be required to pay any attorneys' fees or costs to Class Counsel. In no event will you be asked to pay Class Counsel directly ("come out of pocket") to pay their fees and costs.

## THE TRIAL

The Court will schedule a trial to decide who is right in this case.

### 17. How and when will the Court decide who is right?

As long as the case is not resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at trial. The Court will schedule a trial to be held in the United States Court of Federal Claims, 717 Madison Pl., N.W., Washington, D.C. 20005. During the trial, the Judge will hear all the evidence to help him reach a decision about whether the Plaintiffs or Defendant are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class.

### 18. Do I have to come to the trial?

You do not need to attend the trial. Class Counsel will present the case for Plaintiffs, and the Navy will present the defenses. You or your own lawyer are welcome to come at your own expense.

## 19. Will I get money after the trial?

If the Plaintiffs obtain money as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take.

# GETTING MORE INFORMATION

## 20. Are more details available?

The pleadings and other records in this lawsuit may be examined at any time during regular business hours at the Office of the Clerk of the Court of Federal Claims at 717 Madison Pl., N.W., Washington, D.C. 20005. For more information about this lawsuit, you may contact Class. The address for Class Counsel is: Robert W. Brownlie, Esq., DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, CA, 92101. Of Counsel are Curtis R. Cotton, Esq., DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, CA, 92101, and Ira M. Lechner, Esq., 19811-4th Place, Escondido, CA 92909.

The phone number to reach Class Counsel is: (619) 699-2854 (Curtis R. Cotton).

# CLASS ACTION OPT-IN NOTICE FORM

UNITED STATES COURT OF FEDERAL CLAIMS
*Joseph Barnes, et al. v. The United States*, Case No. 04-1335C

1. Fill out this form completely and legibly. **It must be mailed to Class Counsel at the address below and must be postmarked by _____________, 2007**.

PLEASE NOTE: A notice has been sent to your address based on information contained in the Government's records regarding your employment with the Department of the Navy ("Navy"). It is your responsibility to ensure that the information you provide on this form is complete and accurate, and that you, or an heir or other legal representative, are entitled to a distribution of money arising out of the above lawsuit.

2. Please write the full name *(including any alternate names, e.g., maiden name or previous married name)* of the non-military person who works or worked at a hospital or medical facility operated by or for the Navy, his or her job position or positions (*such as registered nurse, LVN, , clerk, housekeeping food service, etc.*), and the name of the hospital or medical facility.

Your Name *(including any alternate names, e.g., maiden name or previous married name)*:

______________________________________________

Job Position(s) at Navy hospital or medical facility *(with pay grade if known)* :

______________________________________________

Name of All Navy hospital or medical facilities worked at after August 18, 1998 *(with approx. dates if known)* ______________________________________________

3. Please fill in the information below.

Home Address: ______________________________________________

______________________________________________

Telephone: ____________________ Social Security Number: ____________________

4. **By signing your name in the space below, you understand that you are consenting to join the collective action of plaintiffs on whose behalf the named Plaintiffs have alleged the violations described in the accompanying notice. You are also declaring, under penalty of perjury under the laws of the United States and applicable state laws, that you were or are one of the employees, or an heir or legal representative of one of the employees described in the accompanying notice, and that, to the best of your knowledge, you believe you are entitled to a distribution arising out of this lawsuit according to the description of the Government's alleged failure to pay night premium pay as printed in the accompanying Notice.**

Sign Your Name: ____________________________ Date: ____________________

Print Your Name: ____________________________ Relationship to Employee: ____________

5. Mail this completed form to: ______________________________________________

**DEFENDANT'S PROPOSED CLASS NOTICE**

UNITED STATES COURT OF FEDERAL CLAIMS

# If you are or were a non-military employee of the Department of the Navy working at a Navy hospital or medical facility, a class action lawsuit may affect your rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Non-military employees of the Department of the Navy ("Navy") who have worked at a Navy hospital or medical facility have sued the Navy, alleging that the Navy violated federal pay statutes by failing to pay night "premium pay" in two situations: (1) when employees were excused from duty on officially authorized holidays; and/or (2) when employees took paid leave for periods of less then eight (8) hours within a pay period.

- The Court has allowed the lawsuit to be a class action on behalf of all non-military employees of the Navy who worked at a Navy hospital or medical facility at any time after August 18, 1998, and who were regularly scheduled to work any hours of their regular shifts after 6 p.m. and before 6 a.m. on any night of the week (Monday through Sunday).

- The Court has not decided whether the Navy did anything wrong. There is no money available now, and no guarantee there will be. However, your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| ASK TO BE INCLUDED | **Participate in this lawsuit. Await outcome. Give up certain rights.**<br><br>By asking to be included in this lawsuit you keep the possibility of getting money that may come from trial or a settlement. But, you give up any rights to sue the Navy separately about the same legal claims in this lawsuit. You will be bound by the outcome of this lawsuit whether favorable or unfavorable to you. |
| DO NOTHING | **Get no benefits from the lawsuit. Keep rights to sue Navy separately.**<br><br>By doing nothing, you will not be included in this lawsuit and you give up the right to money that may come from a trail or settlement. But, you keep the possibility to sue the Navy separately about the same legal claims in this lawsuit. |

- Your options are explained in this notice. To ask to be included, you must submit that Opt-In Notice (form attached ) before __________.

- Plaintiffs' lawyers must prove the claims against the Navy. If money is obtained from the Navy, you will be notified about how to ask for a share. **Any questions? Read on.**

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION.......................................................... PAGE 3
1. Why did I get this notice?
2. What is this lawsuit about?
3. What is a class action and who is involved?
4. Why is this lawsuit a class action?

THE CLAIMS IN THE LAWSUIT............................................... PAGE 4
5. What does the lawsuit complain about?
6. How does the Navy answer?
7. Has the Court decided who is right?
8. What are the Plaintiffs asking for?
9. Is there any money available now?

WHO IS IN THE CLASS....................................................... PAGE 5
10. Am I part of this class?
11. I'm still not sure if I am included.

YOUR RIGHTS AND OPTIONS................................................. PAGE 5
12. What happens if I submit an Opt-In Notice?
13. What happens if I do nothing?

THE LAWYERS REPRESENTING YOU..................................... PAGE 6
14. Do I have a lawyer in this case?
15. Should I get my own lawyer?
16. How will the lawyers be paid?

THE TRIAL........................................................................ PAGE 6
17. How and when will the Court decide who is right?
18. Do I have to come to the trial?
19. Will I get money after the trial?

GETTING MORE INFORMATION............................................ PAGE 7
20. Are more details available?

CLASS ACTION OPT-IN NOTICE FORM.................................. PAGE 8

## BASIC INFORMATION

### 1. Why did I get this notice?

The Navy's records show that you currently work, or previously worked, as a non-military employee at a hospital or medical facility operated by or for the Navy, and at any point after August 18, 1998, you were regularly scheduled to work some amount of hours between 6:00 p.m. and 6:00 a.m. on any night of the week (Monday through Sunday). This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial. The trial is to decide whether the claims being made against the Navy, on your behalf, are correct. Judge Francis M. Allegra of the United States Court of Federal Claims is overseeing this class action. The lawsuit is known as *Barnes, et al., v. United States*, No. 04-1335 C.

### 2. What is this lawsuit about?

This lawsuit is about whether the Navy violated federal pay statutes by failing to pay night "premium pay" to non-military employees of the Navy, who worked at a hospital or medical facility operated by or for the Navy, and who were regularly scheduled to work any hours of their regular shifts after 6:00 p.m. and before 6:00 a.m. on any night of the week (Monday through Sunday) in two situations: (1) when employees were excused from duty on officially authorized holidays; and/or (2) when employees were on paid leave for periods totaling less then eight (8) hours within a pay period.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Joseph Barnes, Kaylene Holub, and Socorro Yosuico) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The people who sued – and all Class Members like them – are called the "Plaintiffs." In this case, the Navy (named as the United States of America) is the Defendant. One court resolves the issues for everyone who asks the Court to be included in the Class by submitting an Opt-In Notice. Those individuals who do not submit an Opt-In Notice will be excluded from the Class in this case.

### 4. Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of the Rule 23 of the Rules of the United States Court of Federal Claims. On November 3, 2005, the Court ruled that this case could be maintained as a class action and determined the following:

- The potential Class is so numerous that joinder of all members is impracticable;
- There are questions of law and fact common to the class;
- Joseph Barnes', Kaylene Holub's, and Socorro Yosuico's claims are typical of the claims of the rest of the Class;
- Joseph Barnes, Kaylene Holub, Socorro Yosuico, and the lawyers representing the Class will fairly and adequately represent the interests of the Class;
- The common legal questions and facts predominate over any questions affecting only individual class members; and

- This class action will be more efficient than having many individual lawsuits.

For more information, see the Court's November 3, 2005 Order, which is available at the Court.

## THE CLAIMS IN THE LAWSUIT

### 5. What does the lawsuit complain about?

In this lawsuit, Plaintiffs allege that the Navy violated federal pay statutes by improperly failing to pay night "premium pay" in two situations: (1) when employees were excused from duty on officially authorized holidays; and/or (2) when employees were on paid leave for periods totaling less than eight (8) hours within a pay period. For more information see the Plaintiffs' November 16, 2004 first amended complaint, which is available at the Court.

### 6. How does the Navy answer?

The Navy denies Plaintiffs' allegations or that its employees were underpaid. Defendant's answer to the first amended complaint is also available for review at the Court.

### 7. Has the Court decided who is right?

The Court has not decided whether the Navy or the Plaintiffs are correct. By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose this case. The Plaintiffs must prove their claims at trial. (See "The Trial" below on page 6.)

### 8. What are the Plaintiffs asking for?

The Plaintiffs are asking for money damages for the amount of night "premium pay" that they claim was not paid, plus interest for Class Members.

Class Counsel has recently estimated that the average potential damage award, in the event liability is determined, that may be paid to each Class Member who worked for the Navy during the entire class period is between $185 and $475, depending on job classification and pay grade. Some Class Members may be entitled to more or less depending on their individual circumstances. This is Class Counsel's estimate and it has not been calculated or endorsed by either the Court or the Navy.

### 9. Is there any money available now?

No money is available now because the Court has not yet decided whether the Navy did anything wrong, and the two sides have not settled the case. There is no guarantee that money ever will be obtained. If it is, you will be notified about how to ask for a share.

## WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

### 10. Am I part of this class?

The Court has allowed the lawsuit to be a class action on behalf of non-military employees of the Navy who were or are employed after August 18, 1998 at a hospital or medical facility operated by or for the Navy, and who at any point in time after August 18, 1998 were regularly scheduled to work any hours of their regular shifts after 6:00 p.m. and before 6:00 a.m. on any night of the week (Monday through Sunday) and whose night "premium pay" was not paid when employees were excused from duty on officially authorized holidays and/or when employees were on paid leave for periods totaling less than eight (8) hours within a pay period.

### 11. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by calling or writing to Class Counsel in this case, at the phone number or address listed in question 20.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to ask to be included in the Class by submitting an Opt-In Notice or do nothing and be excluded from the Class, and you have to decide this now.

### 12. What happens if I submit an Opt-In Notice?

If you wish to participate in this case and share in any potential damage award from this case, you must complete and sign an Opt-In Notice and return it via U.S. mail to Class Counsel (claim form attached). Your Opt-In Notice form must be postmarked by ____________, 2007.

As a member of the class your rights in this litigation will be represented by the Class Representatives and the attorneys for the class. You will receive the benefit of, and be bound by, all rulings, orders, or judgment entered or any settlement approved by the Court, whether favorable or unfavorable. If you choose to participate in this case by submitting an Opt-In Notice, you will not be required to advance any attorneys' fees or costs related to the case.

### 13. What happens if I do nothing?

If you do nothing now, you keep the possibility to sue the Navy separately about the same legal claims in this lawsuit and you will not be legally bound by the Court's judgment in this class action. However, you give up the right to money, even if the Plaintiffs obtain money as a result of the trial or from any settlement (that may or may not be reached) between the Navy and the Plaintiffs. If you decide to pursue your claim independently, outside this class action, we encourage you to do so immediately and to consult with your counsel immediately because certain statutes of limitations may bar or limit your claims.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

The Court decided that Robert W. Brownlie, Esq., of the law firm of DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, CA, 92101, is qualified to represent you and all Class Members, and is called Class Counsel. Mr. Brownlie is experienced in handling similar cases against other employers. More information about Mr. Brownlie's law firm, its practices, and its lawyers experience is available at www.dlapiper,com.

### 15. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 16. How will the lawyers be paid?

If Class Counsel get money for the Class, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses would either be deducted from any money obtained for the Class or paid separately by the United States. If the Class Counsel's fees and expenses are paid out of the money obtained for the Class, and that results in a reduction in the amount available for distribution to Class Members, it may reduce the amount of money you may be awarded. If there is no recovery in this case, you will not be required to pay any attorneys' fees or costs to Class Counsel. In no event will you be asked to pay Class Counsel directly ("come out of pocket") to pay their fees and costs.

## THE TRIAL

The Court will schedule a trial to decide who is right in this case.

### 17. How and when will the Court decide who is right?

As long as the case is not resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at trial. The Court will schedule a trial to be held in the United States Court of Federal Claims, 717 Madison Pl., N.W., Washington, D.C. 20005. During the trial, the Judge will hear all the evidence to help him reach a decision about whether the Plaintiffs or Defendant are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class.

### 18. Do I have to come to the trial?

You do not need to attend the trial. Class Counsel will present the case for Plaintiffs, and the Navy will present the defenses. You or your own lawyer are welcome to come at your own expense.

### 19. Will I get money after the trial?

If the Plaintiffs obtain money as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take.

## GETTING MORE INFORMATION

### 20. Are more details available?

The pleadings and other records in this lawsuit may be examined at any time during regular business hours at the Office of the Clerk of the Court of Federal Claims at 717 Madison Pl., N.W., Washington, D.C. 20005. For more information about this lawsuit, you may contact Class. The address for Class Counsel is: Robert W. Brownlie, Esq., DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, CA, 92101. Of Counsel are Curtis R. Cotton, Esq., DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, CA, 92101, and Ira M. Lechner, Esq., 19811-4th Place, Escondido, CA 92909.

The phone number to reach Class Counsel is: (619) 699-2854 (Curtis R. Cotton).

# CLASS ACTION OPT-IN NOTICE FORM

UNITED STATES COURT OF FEDERAL CLAIMS
*Joseph Barnes, et al. v. The United States*, Case No. 04-1335C

1. Fill out this form completely and legibly. **It must be mailed to Class Counsel at the address below and must be postmarked by ______________, 2007**.

PLEASE NOTE: A notice has been sent to your address based on information contained in the Government's records regarding your employment with the Department of the Navy ("Navy"). It is your responsibility to ensure that the information you provide on this form is complete and accurate, and that you, or an heir or other legal representative, are entitled to a distribution of money arising out of the above lawsuit.

2. Please write the full name *(including any alternate names, e.g., maiden name or previous married name)* of the non-military person who works or worked at a hospital or medical facility operated by or for the Navy, his or her job position or positions (*such as registered nurse, LVN, , clerk, housekeeping food service, etc.*), and the name of the hospital or medical facility.

Your Name *(including any alternate names, e.g., maiden name or previous married name):*

________________________________________________________

Job Position(s) at Navy hospital or medical facility *(with pay grade if known) :*

________________________________________________________

Name of All Navy hospital or medical facilities worked at after August 18, 1998 *(with approx. dates if known)* ________________________________________________

3. Please fill in the information below.

Home Address: ________________________________________________

________________________________________________________

Telephone: ________________________ Social Security Number: ________________________

4. **By signing your name in the space below, you understand that you are consenting to join the collective action of plaintiffs on whose behalf the named Plaintiffs have alleged the violations described in the accompanying notice. You are also declaring, under penalty of perjury under the laws of the United States and applicable state laws, that you were or are one of the employees, or an heir or legal representative of one of the employees described in the accompanying notice, and that, to the best of your knowledge, you believe you are entitled to a distribution arising out of this lawsuit according to the description of the Government's alleged failure to pay night premium pay as printed in the accompanying Notice.**

Sign Your Name: ________________________________ Date: __________________________

Print Your Name: ________________________________ Relationship to Employee: ____________

5. Mail this completed form to: ____________________________________________