# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1. Joseph Barnes<br>2. Kaylene Holub<br>3. Socorro Yosuico<br><br>for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 04-1335C<br><br>(Judge Allegra) |

**JOINT STATUS REPORT**

Pursuant to the Court's July 17, 2006 and October 20, 2006 Orders, the parties respectfully submit the following joint status report regarding how the case should proceed at this point. Although the parties have been unable to agree upon all issues, this status report provides the Court with an account of the parties' respective positions.

**Identification of Class Members**

On October 16, 2006, pursuant to the Court's Order, Defendant provided Plaintiffs with a list of civilian employees at Navy medical facilities who, at any time since April 18, 1998, received some amount of "premium pay" for working at night (the "List"). The List provided by Defendant contained 4,684 employees and included all the required information from the Court's July 17, 2006 Order. With the exception of about 20 employees, the List provided by Defendant includes the last known home address of each employee. The parties have agreed to work cooperatively in an attempt to locate home addresses for the remaining employees.

In addition, Defendant has informed Plaintiffs that a small amount of data from 1998 remains to be analyzed to determine if it contains information for any potential class members who are not already included on the List. Defendant has informed Plaintiffs that, assuming timely resolution of some current issues concerning the funding for accomplishing this work, the analysis of the additional data will take until approximately December 1, 2006. Plaintiffs have no objection to the Defendant providing the information for any additional potential class members to be included on the List by December 1, 2006.

As a result of the Court's July 17, 2006 Order and Defendant's representation that it has, or will by December 1, 2006, comply with the Court's Order regarding compiling the List of all potential class members, Plaintiffs at this time will forgo any discovery related to Defendant's identification of potential class members. However, to the extent the parties become aware that all potential class members have not been adequately identified on the List, the parties agree that they will work together in an attempt to resolve the issue and will bring it to the attention of the Court as soon as possible.

**Plaintiffs' Proposal For How the Case Should Proceed**

Recognizing that this matter is now at the stage when class action cases generally have the best opportunity to settle, Plaintiffs propose that they be given the opportunity to conduct limited merits based discovery and that the Court then set a short time period for the parties to engage in a Court ordered mediation or settlement conference. Significantly, if this case is settled prior to the sending out of the initial class notice, the parties would only have to send out one notice to potential class members advising of both the class action and the settlement, which would result in judicial economy.

Plaintiffs propose that from November 1, 2006 until February 28, 2007, Plaintiffs be allowed to engage in limited merits based discovery. Within 14 days of the Court issuing an Order allowing such limited merits based discovery, Plaintiffs would serve their first set of written discovery directed at determining the precise location of the functional error that has resulted in the faulty pay practice at issue, the Navy locations affected by the faulty pay practice, and admissions from the Navy related thereto. As part of its initial discovery, Plaintiffs would also request the Leave and Earnings Statements and work schedule documents for the thirteen plaintiffs (three original Plaintiffs and ten additional Plaintiffs included in Plaintiffs' June 16, 2005 motion for leave to amend that Defendant consented to and did not oppose) and for a sample of the employees on the List provided by Defendant on October 16, 2006. With respect to the ten additional Plaintiffs included in Plaintiffs' June 16, 2005 unopposed motion that is pending before the Court, each of the additional Plaintiffs is qualified to serve as a class representative and discovery of their full pay information is appropriate. With respect to the employees on the List provided by Defendant, Plaintiffs propose that it select 5 employees from each large Navy medical facility (large facility defined as having more than 50 employees on the October 16, 2006 List provided by Defendant – there appears to be approximately 18 such facilities) who worked for Defendant for at least 3 years during the relevant period.

The limited merits based discovery proposed by Plaintiffs is designed to facilitate the potential resolution of this matter and/or to enable Plaintiffs to send out class notice to only those individuals reasonably believed to be affected by Defendant's improper pay practice.

Plaintiffs propose that between March 1, 2007 and April 30, 2007, the parties be ordered to attend a court ordered mediation or settlement conference. If the case settles with the approval from the Court, the parties would send out one individual class notice to class members advising

of both the class action and the settlement. If the case does not settle during this time period, the parties would send out individual class notice to those individuals reasonably believed (through Plaintiffs' limited discovery to locate the faulty pay practice and the facility locations impacted) to be affected by Defendant's improper pay practice.

In response to Defendant's arguments below, Plaintiffs do not believe the joint status report is the appropriate place to debate the ultimate merits of liability.

**Defendant's Proposal For How the Case Should Proceed**

Defendant disagrees with plaintiffs proposal that the case is in a posture to discuss settlement. As defendant has explained to plaintiffs' counsel, this matter is not in a posture to discuss settlement because, despite multiple requests by defendant's counsel, plaintiffs continue to refuse to provide defendant with any evidence that any of the class representatives, the named plaintiffs, has been underpaid as alleged in the complaint. This is information that plaintiffs should have from their own pay records. Although counsel presumably possessed this information before making the allegations contained in the complaint, apparently plaintiffs do not possess any evidence of underpayment.

Defendant does not agree with plaintiffs' proposal with regard to discovery. Plaintiffs' proposal for "limited merits based discovery" reveals that plaintiffs seek information irrelevant to the merits of the complaint. Plaintiffs have alleged that in certain circumstances when they were on leave or holiday they were not paid correctly. Consistent with the jurisdiction of this Court to grant money damages, if plaintiffs can establish that they were underpaid as alleged, then the United States would be liable to pay the difference between what a plaintiff should have been paid and the lesser amount that was actually paid. The only pertinent information would be

the plaintiffs' schedule, pay and leave records. No other information would affect the determination of whether, and if so, by how much, a plaintiff was underpaid.

Specifically, plaintiffs indicate that they will seek discovery "directed at determining the precise location of the functional error that has resulted in the faulty pay practice at issue, the Navy's location affected by the faulty pay practice, and admissions from the Navy related thereto." We will object to any such discovery requests. As we indicated previously, although plaintiffs should have possessed, before filing the complaint, some evidence, in the form of their own pay records, that the named plaintiffs, the class representatives, had been underpaid, plaintiffs apparently do not possess any such evidence. Without any evidence that any plaintiff was actually underpaid, there can be no support for an allegation of "fundamental error" or "faulty pay practice". Further, establishing a "fundamental error" or "faulty pay practice" would require multiple instances of improper pay all incorrect for the same reason. There is no indication that any plaintiff has actually been underpaid, much less any indication that there have been multiple instances of underpayment all for the same reason. Moreover, no "fundamental error" or "faulty pay practice", if any exist, would alter or affect the determination of whether any plaintiff is entitled to any additional pay, and if so, how much.

Further, plaintiffs propose discovery as to multiple individuals who are not class representatives. No showing has been made that the claims of any of these individuals would be typical or representative of the class. In fact, plaintiffs propose discovery concerning the ten individuals that plaintiffs attempted to join as plaintiffs, and therefore, class representatives, which attempt the Court rejected. Joseph Barnes et al. v. United States, 68 Fed. Cl. 492, 495 (2005) (holding that "plaintiffs claims, as well as those of the putative class, do not meet the transactional test of RCFC 20(a)" for joinder). Discovery as to individuals who may not be class

members and whose claims, in any event, have not been demonstrated to be typical or representative of the class should not be allowed.

As indicated above, some data from 1998 remains to be analyzed to provide all of the listed information for any individuals whose names are not currently on the List. We anticipate that, assuming timely resolution of some current issues concerning the funding for accomplishing this work, this information should be available by December 1, 2006. In addition, as also indicated above, we currently do not have last known addresses for about 20 individuals and do not know whether the additional 1998 data will reveal any other individuals for whom we will need to obtain an address. The parties have agreed to cooperate to find any missing addresses. Anticipating the end of the year holiday and use-or-lose leave situation, we are reluctant to agree that all addresses will be obtained by January 15, 2007. Nevertheless, considering the relatively small number of individuals for whom we may not have an address, plaintiffs could send notice on January 15, 2007, to all those for whom we do have an address, and send notice to others for whom an address is found later using the same procedure proposed in the last section of this report for those whose original notice is returned as undeliverable.

Defendant proposes that the matter proceed in the following manner. On January 15, 2007, plaintiffs will send the notice approved by the Court to all potential class members for whom we have an address. Those receiving that notice will have 60 days, or until March 16, 2007 to return an opt-in form. Plaintiffs will subsequently send notice to any additional potential class members for whom we later find an address or whose original notice is returned as undeliverable following the procedure proposed at the end of this status report. Each individual receiving a subsequently sent notice will have 60 days from the mailing of that notice to return

an opt-in form. Plaintiffs will promptly provide defendant's counsel with a copy of each opt-in form received.

In the interim, the parties may pursue discovery concerning the merits of the claims of the class representatives, Mr. Barnes, Ms. Holub, and Ms. Yosuico. As plaintiffs propose, discovery should be completed by February 28, 2007. Following the close of discovery, the parties may proceed to trial upon the claims of the class representatives. If at any time the parties agree that the case is in a posture to facilitate useful settlement discussion, the parties will advise the Court and propose proceedings to permit time for those discussions.

**Content of Individual Notice To Class Members**

Pursuant to the Court's October 20, 2006 Order, the content of the class notice has been finalized.

**Providing Individual Notice To Class Members and Class Notice Period**

To the extent the Court orders that class notice be mailed to each potential class member prior to the limited merits based discovery and the opportunity for the parties to engage in a Court ordered mediation or settlement conference as proposed by Plaintiffs, the parties propose the following:

The parties propose that the individual class notice be mailed to each potential class member (from the finalized list provided by Defendant on or before December 1, 2006, assuming resolution of current finding issues) by January 15, 2007. The parties further propose that each potential class member will have 60 days after individual notice is mailed to opt-in to the class. Plaintiffs will insert the specific due date into the class notice where applicable.

For potential class members whose individual notice is returned as undeliverable, Defendant, within 15 days from request, shall provide Plaintiffs with the individual's full social

security number, and Plaintiffs will then have 30 days to obtain an updated address for each such potential class member. An additional notice will be mailed to each such potential class member within 15 days of receiving any updated address information. These potential class members will have 60 days after the additional class notice is mailed to opt-in to the class. Plaintiffs will insert the specific due date in the additional class notice where applicable.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Robert W. Brownlie
ROBERT W. BROWNLIE
DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619) 699-2854
Facsimile: (619) 699-2701

Of Counsel:

CURTIS R. COTTON
DLA Piper Rudnick Gray Cary US LLP
San Diego, CA

IRA M. LECHNER
Escondido, CA

Attorneys for Plaintiffs
Dated: October 30, 2006

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972
reginald.blades@usdoj.gov

Of Counsel:

ROBYN L. MCNISH
Attorney
Office of General Counsel
Department of the Navy
Washington, D.C.

Attorneys for Defendant
Date: October 30, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2006, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert W. Brownlie