IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOSEPH BARNES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-1335 C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MEMORANDUM REGARDING COUNTERCLAIMS

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

REGINALD T. BLADES, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-8257
Facsimile: (202) 307-0972
reginald.blades@usdoj.gov

OF COUNSEL:

ROBYN L. McNISH
Attorney
Office of General Counsel
Department of the Navy
Washington, D.C.

December 4, 2006

Attorneys for Defendant

# TABLE OF CONTENTS

Page

DEFENDANT'S MEMORANDUM REGARDING COUNTERCLAIMS . . . . . . . . . 1

MEMORANDUM . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. Counterclaims In Class Actions . . . . . . . . . . . . 2

II. Counterclaims And Class Notice . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

Page

CASES

Abulaban v. R. W. Pressprich & Co.,
51 F.R.D. 496 (S.D. N.Y. 1971) . . . . . . . . . . . . . . . . 9

Buford v. H & R Block, Inc.,
168 F.R.D. 340 (S.D. Ga. 1996),
aff'd, 117 F.3d 1433 (11th Cir. 1997) (table) . . . . . . . 3

Donson Stores, Inc. v. American Bakeries Company,
58 F.R.D. 485 (S.D. N.Y 1973) . . . . . . . . . . . . 2-5, 9

Fielder et al. v. Credit Acceptance Corp.,
175 F.R.D. 313 (W.D. Mo. 1997) . . . . . . . . . . . . . . . 3

In re Sugar Industry Antitrust Litigation,
73 F.R.D. 322 (E.D. Pa. 1976) . . . . . . . . . . . 4, 9, 10

National Super Spuds, Inc. v. New York Mercantile Exchange,
75 F.R.D. 40 (S.D. N.Y. 1977) . . . . . . . . 2, 5-7, 10, 11

Rollins v. Sears, Roebuck & Co.,
71 F.R.D. 540 (E.D. La. 1976) . . . . . . . . . . . . . 5, 11

Serpa v. Jolly King Restaurants, Inc.,
1974 W.L. 941 (S.D. Cal. 1974) . . . . . . . . . . . . . . . 4

Turoff v. Union Oil Co., of California,
61 F.R.D. 51 (N.D. Ohio 1973) . . . . . . . . . . . . . . . 5

Weit v. Continental Illinois Nat'l Bank & Trust Co.,
60 F.R.D. 5 (N.D. Ill. 1973) . . . . . . . . . . . . . . 4, 10

Wolfson v. Artisans Savings Bank,
83 F.R.D. 552 (D. Del. 1979) . . . . . . . . . . . . . . . . 6

COURT RULES

Fed. R. Civ. P. 13 . . . . . . . . . . . . . . . . . . . . 2, 3

United States Court of Federal Claims Rule 23 . . . . . . . . . 7

TABLE OF AUTHORITIES (cont'd)

Page

TREATISES

7B Wright, Miller & Kane § 1798 (3d ed. 2005) . . . . . . . . . . 2

Newberg on Class Actions, 4th Edition, § 4:34 (2002) . . . 2, 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOSEPH BARNES, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04-1335 C (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MEMORANDUM REGARDING COUNTERCLAIMS

On November 17, 2006, the Court conducted a status conference. During the status conference, defendant's counsel advised the Court, having previously advised plaintiffs' counsel, that we intend to seek leave of Court to amend our answer to assert affirmative defenses of recoupment or setoff and counterclaims for overpayment of night differential pay. Following the status conference, the Court ordered each party to submit a memorandum "addressing the impact of a counterclaim on a class action, and more specifically, the extent to which a counterclaim should be addressed in a class notice distributed to potential class members." November 17, 2006 Order at ¶ 1. We respectfully submit this memorandum in response to the Court's order.

MEMORANDUM

Although courts have pursued a variety of analytical approaches when considering counterclaims in the context of class actions, the essential focus of those analyses has been to consider the effect of the counterclaim upon the management of the class action proceedings. If the counterclaim does not render the class action unmanageable, then it has been allowed,

although the court may control whether the counterclaim may be asserted from the outset of litigation or must await a finding of liability and be asserted at the damages or claim-filing stage. In any event, whether allowed at the outset or reserved for later assertion, notification to the class should include reference to the counterclaims.

I. Counterclaims In Class Actions

As a general proposition, "[a]ll of the pleading provisions of the federal rules are applicable to class actions and operate in much the same fashion as they do in other litigation contexts." 7B Wright, Miller & Kane § 1798, at 216 (3d ed. 2005). In considering counterclaims in class actions, the courts have focused predominately upon three, intertwined issues: (1) whether the counterclaims render the class action unmanageable; (2) whether the counterclaims are compulsory; and (3) whether absent class members are "parties" for purposes of Fed. R. Civ. P. 13 governing counterclaims. See, e.g., Donson Stores, Inc. v. American Bakeries Company, 58 F.R.D. 485 (S.D. N.Y 1973); National Super Spuds, Inc. v. New York Mercantile Exchange, 75 F.R.D. 40 (S.D. N.Y. 1977). Different courts have ruled in favor of each side of each issue.

Some courts have held that Fed. R. Civ. P. 13 governing counterclaims is inapplicable as to absent class members because absent class members are not "opposing parties" within the scope of Rule 13. See Newberg on Class Actions, 4th Edition, § 4:34 (2002). In this view, counterclaims against absent class members

are purely within the discretion of the court. Buford v. H & R Block, Inc., 168 F.R.D. 340, 363 (S.D. Ga. 1996), aff'd, 117 F.3d 1433 (11th Cir. 1997) (table);[1] Fielder et al. v. Credit Acceptance Corp., 175 F.R.D. 313, 321 (W.D. Mo. 1997). In exercising discretion, courts examine the "consistency, necessity, and fairness of permitting counterclaims when viewed against the fundamental policies underlying class actions." Newberg § 4:34. Thus, even when courts exercise their discretion and construe absent class members as not "opposing parties" within the meaning of Rule 13, the court always retains its discretion to permit counterclaims when they do not frustrate the policies underlying class actions.

The case most often cited in support of the idea that absent class members are not "opposing parties" within the meaning of Rule 13 is Donson Stores v. American Bakeries Co., 58 F.R.D. 485, 488-91 (S.D. N.Y. 1973). The Donson Stores holding, however, was qualified. In reaching its decision to dismiss counterclaims against absent class members, the court stated, "[i]n the absence of any reported decision holding that absent class members are parties for purposes of Rule 13, I hold that they are not." Id. at 489. Underpinning the court's decision were three considerations: (1) that defendant's counterclaims, unlike plaintiffs' claims, did not raise questions of law or fact common

[1] Although the court found defendant's counterclaims not compulsory and that, therefore, "they, by themselves, will not defeat certification," the court denied class certification upon finding the class action otherwise unmanageable. Buford, 168 F.R.D. at 363-64.

to the class, and that the defenses were also not common to the class; (2) concern that the right to counterclaim could be used as a tactical tool to encourage plaintiffs to opt out; and (3) defendants would not be prejudiced because the court intended to try the issue of the defendants' liability first, and if established, then the court would consider other issues, including damages and counterclaims, on a individual class member basis. Id. 489-90. Other courts have followed the Donson Stores approach of deferring adjudication of counterclaims until after class members are identified and liability is established. See, e.g., In re Sugar Industry Antitrust Litigation, 73 F.R.D. 322, 349 (E.D. Pa. 1976) (dismissing counterclaims against absent class members, but allowing them if class members intervene or file claims in the action); Serpa v. Jolly King Restaurants, Inc., 1974 W.L. 941 (S.D. Cal. 1974) (prior to class certification, court dismissed counterclaims against absent class members, allowing assertion of counterclaims against class members to off-set damage claims if liability is established).

Other courts have found differently, allowing counterclaims against identified class members. In Weit v. Continental Illinois Nat'l Bank & Trust Co., 60 F.R.D. 5, 8 (N.D. Ill. 1973), after acknowledging that some courts had found class members to be "parties" and that other courts disagree, the court stated, "We believe the better view is that class members who file claims become 'parties' (for the purpose of Rule 13(a)) and that compulsory counterclaims must be filed against them or be

barred." Id. In Rollins v. Sears, Roebuck & Co., 71 F.R.D. 540, 543-44 (E.D. La. 1976), the court construed Donson Stores to preclude only claims against unspecified class members:

> Donson Stores does not stand for any absolute rule that class members, other than the named class representatives, are never parties for the purposes of Rule 13. They are not parties only so long as they are unspecified. In the case before us, all class members have been identified by name so Donson Stores would not bar the defendant from filing counterclaims against them.

Id. (citing Turoff v. Union Oil Co., of California, 61 F.R.D. 51, 59 (N.D. Ohio 1973)).

Finally, some courts have allowed counterclaims against absent, unidentified class members. After surveying the case law, the court in National Super Spuds, provided an informative summary conclusion regrading the different positions taken by the various courts upon these issues and the effect of counterclaims upon class actions:

> We think there is less to this debate than meets the eye. Even those cases squarely holding that absent class members are not "opposing parties" indicated that such counterclaims would be considered at a later stage of litigation, i.e., in the event liability is established on the primary complaint. Donson Stores, supra; Weit, supra; In Re Sugar Litigation, supra. Fairly read, those rulings merely demonstrate a technique for managing and organizing, for trial purposes, complex cases with numerous claims and counterclaims. The cases denying class action certification, in part because they [sic] were potential or actual counterclaims against class members, reflect a similar concern about managing those cases where a myriad of individual issues indicated that class action treatment was inappropriate.

National Super Spuds, 75 F.R.D. at 43.

The court found that,

> the Federal Rules of Civil Procedure afford a range of procedures which give us ample control over the conduct of these proceedings to accomplish directly, by appropriate order, the same result obtained by the indirect method of dismissing counterclaims against class members, only to allow their reassertion later.

Id. After reviewing some of the procedures available for managing the proceedings, the court concluded,

> Accordingly, this is a particularly apt case for exercising our discretion under Rule 42 to consolidate or sever the various issues, in the interest of convenience and manageability and judicial economy. . . . we feel that dismissal and later resurrection of these claims, whether in this action or yet another, would complicate matters even further and would be to no practical avail.

Id. at 44.

The court in Wolfson v. Artisans Savings Bank, 83 F.R.D. 552, 554-55 (D. Del. 1979), ruled similarly with regard to named class members:

> . . . I think it undeniable, however, that members of the named plaintiffs' class are "opposing parties" for purposes of Rule 13. While it is true that some courts have stated to the contrary, even those courts do not deny the defendants' right to assert compulsory counterclaims against absent class members at a later stage in the proceedings. See, e.g., Donson Stores . . . As Judge MacMahon noted in National Super Spuds . . ., the question is more properly seen as one of management of complex litigation. From this perspective, I see no problem with entertaining defendants first counterclaim from the outset of the litigation. See National Super Spuds, supra; 1 H. Newberg, Class Actions § 1149 (1977).

The court in National Super Spuds explained:

> While it is true that the class action device allows class members to sit back and await the outcome, by acquiescing in "the more galvanic parries becoming the active protagonists," Korn v. Franchard, 456 F.2d 1206, 1210 (2d Cir. 1972), it is equally true that class members agree to the prosecution of the action on their behalf, are bound by the resulting judgment, and are entitled to reap the benefits if the judgment is favorable. Furthermore, a rule that counterclaims may not be asserted against class members raises the danger that such a claim may never be asserted, if the claim in fact "arises out of the transaction or occurrence that is the subject matter" of a class member's claim and must, therefore, be asserted in the original action as a compulsory counterclaim under Rule 13(a). Since the rules provide sufficient flexibility to deal with such matters within the context of each case, we cannot agree with a wooden application of a rule that class members are never "opposing parties" for counterclaim purposes.

75 F.R.D. at 45.

In this case, all of the class members are (or will be) identified by name and address.[2] Plaintiffs claim that at times they were underpaid with regard to night differential pay when they took leave or did not work on a holiday. Defendant's counterclaim asserts that at times plaintiffs were overpaid because they received night differential pay to which they were

[2] In addition to the fact that we have already provided plaintiffs' counsel with the names and addresses of potential class members, the Court's Rule 23, in recognition of "the need for specificity in money judgments against the United States," provides for only opt-in classes, meaning that all class members will identify themselves when they opt-in. See RCFC 23 and accompanying Rules Committee Note.

not entitled.[3] Plaintiffs' claims and defendant's counterclaims (and the affirmative defenses) all arise with regard to night differential pay and are based upon the same evidence: the class member's work schedule, pay, and leave records. The counterclaims are the logical extension of the defenses of recoupment and setoff, do not add any management issues to the proceedings, and will permit the most efficient and economical resolution of the issues raised in the complaint concerning the proper pay for night differential. The alternative of addressing the night differential overpayments administratively would make matters more complicated and provide no practical benefit.

Further, both liability and damages will be determined by the same evidence, a class member's schedule, pay, and leave records. A class member will be found either to have been paid the correct amount, underpaid, or overpaid. If paid the correct amount, there is no liability. If underpaid, the United States will be liable for the amount of the underpayment. If overpaid, the class member will be indebted to the United States for the amount of the overpayment.

The Court's rules and the case law support allowing counterclaims related to the claims in the complaint to be

---

[3] As we informed the Court during the status conference, any other occurrences of overpayment, not involving night differential pay, such as Mr. Barnes's 521 hours of uncharged leave, will be addressed administratively. Although the night differential overpayments could also be addressed administratively, we believe it more appropriate that they be addressed within the context of this litigation as affirmative defenses of recoupment or setoff and as counterclaims.

asserted against identified class members. Defendant's counterclaims satisfy these criteria. Further, the counterclaims will not add any management issues to the proceeding. The Court should, therefore, allow the counterclaims to be asserted at this time.

II. Counterclaims And Class Notice

Class members are entitled to be notified of the counterclaims.

After dismissing the counterclaims at the outset of litigation but reserving to defendant the opportunity to assert the counterclaims at the claim-filing stage, the court in Donson Stores cautioned, "Nothing in this opinion should be construed as suggesting that reference to the counterclaims in the class action notice should be eliminated. The notice should contain appropriate mention of the entire scope of the case." 58 F.R.D. at 490 (referencing Abulaban v. R. W. Pressprich & Co., 51 F.R.D. 496, 497 (S.D. N.Y. 1971)). In Abulaban, the court considered the parties' alternative approaches to notifying potential class members of their exposure to liability upon defendant's counterclaim. Agreeing that the class members should be notified of the counterclaim but rejecting each party's initial proposal, the court instructed the parties that "[a]n evenhanded, objective description of the claims is called for to satisfy the requirement of adequate notice." 51 F.R.D. at 497.

The court in the Sugar Industry Antitrust Litigation chose to proceed upon the counterclaims as had been outlined in Donson

Stores and Weit, that "counterclaims may be bought against unnamed class members only if and when these class members intervene or file claims in this action." 73 F.R.D. at 349. As to class notice, the court held, "Although these counterclaims may not be asserted against absent class members at this time, it is entirely appropriate that a brief description of each potential counterclaim be included in the class action notice." Id.

In National Super Spuds, the court ruled as follows:

> Rule 23(c) provides that class members are to be notified of the pendency of a class action, and they may exclude themselves from the class as the court directs. We note in this connection that even in cases which dismissed counterclaims against class members, the court felt that notification to the class should include reference to the counterclaims, since "[t]he notice should contain appropriate mention of the entire scope of the case." Donson Stores, supra, 58 F.R.D. at 490. Plainly, the existence of a counterclaim should be included in the notice as a factor for class members to consider in determining whether or not to exclude themselves from the class.

75 F.R.D. at 43-44.

Addressing the argument that "wholesale assertion of counterclaims is subject to tactical abuse tending to 'emasculate' the class action device," the court considered protections to guard against abuse and found,

> Third, we note that even those cases dismissing counterclaims provided that class members should be notified of the potential counterclaims the court would be considering at the claim filing state [sic]. See, e.g., Donson Stores, supra; In re Sugar Litigation, supra. We fail to see what practical

> difference was achieved in those cases, since the effect would be the same on class members deciding whether or not to remain in the actions.

75 F.R.D. at 44-45. See also Rollins, 71 F.R.D. at 543 ("Donson Stores itself indicates that such class members are entitled to notice that counterclaims may be filed against them").

The Court should require the notice to class members to include appropriate reference to, and description of, the counterclaims.

CONCLUSION

For these reasons, the Court should allow assertion of the counterclaims at this time and require reference to, and description of, the counterclaims to be included in the class notice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-8257
Facsimile: (202) 307-0972
reginald.blades@usdoj.gov

OF COUNSEL:

ROBYN L. McNISH
Attorney
Office of General Counsel
Department of the Navy
Washington, D.C.

December 4, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December 2006, a copy of the foregoing "DEFENDANT'S MEMORANDUM REGARDING COUNTERCLAIMS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Reginald T. Blades, Jr.