IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JOSEPH BARNES, et al., Plaintiffs, v. THE UNITED STATES, Defendant. | No. 04-1335 C (Judge Allegra) |

DEFENDANT'S RESPONSE TO THE DECEMBER 7, 2006 ORDER OF THE COURT

By order dated December 7, 2006, the Court instructed defendant to "file a more detailed description of the nature of its potential counterclaims, including specific examples of counterclaims that it intends to file against individuals scheduled to receive notification of this class action." The Court had explained that it issued the order so that it could "determine the extent to which defendant's potential counterclaims are more theoretical, as opposed to predicated upon actual facts known to (or readily known by) defendant." We respectfully submit this response to the Court's order.

Defendant's proposed counterclaims are not theoretical. They are factually based upon an examination of the pay and leave records of the three named plaintiffs as class representatives. This examination has revealed the following situations in which a plaintiff has been overpaid with regard to pay differentials for night work:[1]

[1] The examination revealed other occurrences of overpayments not involving night differential pay. As we have informed the Court, these other occurrences of overpayment will be addressed administratively. The proposed counterclaims and affirmative defenses of recoupment and setoff involve only the overpayments for night differential pay.

a plaintiff was paid night differential pay when on leave, but the total leave taken for the pay period exceeded eight hours, rendering the plaintiff ineligible to receive night differential pay for night hours not worked. 5 U.S.C. § 5545.

a plaintiff received night differential pay but did not work and had not been scheduled to work during night hours.

a plaintiff received night differential pay while in a leave without pay status.

a plaintiff was paid for a later shift than the shift actually worked, resulting in plaintiff receiving either night differential to which he was not entitled or receiving more night differential pay than that to which he was entitled. For example, the plaintiff worked the first shift, which includes no night work and for which no night differential pay is due, but was paid for working either the second or third shift for which night differential is paid; or, worked the second shift but was paid third shift wages, which include a higher amount of night differential than second shift wages. See 5 U.S.C. § 5343(f).

a plaintiff was overpaid night differential as a result of being paid for overtime hours not actually worked.

Plaintiffs are variously indebted to the United States for the amounts of these overpayments. For one plaintiff, overpaid night differential totals $142.86; for another, overpaid night differential totals $702.10; analysis for the third plaintiff is not complete, but occurrences of overpayment of night differential have been found. These overpayments of night differential pay to the named plaintiffs as class representatives provide the factual basis for defendant’s proposed counterclaims and affirmative defenses of recoupment and setoff. Each class

member's records should be similarly examined, and any overpayments of night differential pay will support a counterclaim and affirmative defenses of recoupment and setoff.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-8257
Facsimile: (202) 307-0972
reginald.blades@usdoj.gov

OF COUNSEL:

ROBYN L. McNISH
Attorney
Office of General Counsel
Department of the Navy
Washington, D.C.

December 22, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December 2006, a copy of the foregoing "DEFENDANT'S RESPONSE TO THE DECEMBER 7, 2006 ORDER OF THE COURT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Reginald T. Blades, Jr.