# In The United States Court of Federal Claims

No. 04-1335 C

(Filed: January 4, 2007)

| | | |
|---|---|---|
| JOSEPH BARNES,<br>KAYLENE HOLUB,<br>SOCORRO YOSUICO,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Class action under RCFC 23; Class notice. |

## ORDER

*Robert W. Brownlie*, DLA Piper US LLP, San Diego, CA, for plaintiff.

*Reginald Thomas Blades, Jr.*, United States Department of Justice, Washington, D.C., with whom was Assistant Attorney General *Peter D. Keisler*, for defendant.

**ALLEGRA, Judge:**

On December 22, 2006, the court received defendant's description of the nature of its potential counterclaims. The court has determined that it is appropriate to include a brief description of these potential counterclaims in the class notice. Accordingly, the attached class notice, which also reflects the correction of certain typographical errors in the earlier drafts, is hereby approved and shall be distributed to potential class members. The opt-in dates in the class notice remain blank, to be filled in prior to distribution in accordance with the revised schedule adopted herein:

1. On or before February 14, 2007, plaintiffs shall distribute the court-approved class notice to potential class members, which notices shall have an opt-in date of April 16, 2007;

2. As expeditiously as possible, plaintiffs shall notify defendant of all class notices that are returned to sender, as undeliverable for lack of a proper address, as soon as such notices are returned, and upon

receipt of this information, defendant shall renew its attempts to find the correct address for each of these potential class members; and

3. On or before April 16, 2007, plaintiffs shall distribute the court-approved class notice to those potential class members who did not receive a class notice as a result of the February 14, 2007, mailing, which notices will have an opt-in date of June 15, 2007.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

UNITED STATES COURT OF FEDERAL CLAIMS

# If you are or were a non-military employee of the Department of the Navy working at a Navy hospital or medical facility, a class action lawsuit may affect your rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

Non-military employees of the Department of the Navy ("Navy") who have worked at a Navy hospital or medical facility have sued the Navy, alleging that the Navy violated federal pay statutes by failing to pay night "premium pay" in two situations: (1) when employees were excused from duty on officially authorized holidays; and/or (2) when employees took paid leave for periods of less than eight (8) hours within a pay period.

The Court has allowed the lawsuit to be a class action on behalf of all non-military employees of the Navy who worked at a Navy hospital or medical facility at any time after August 18, 1998, and who were regularly scheduled to work any hours of their regular shifts after 6:00 p.m. and before 6:00 a.m. on any night of the week (Monday through Sunday).

The Court has not decided yet whether the Navy did anything wrong. There is no money available now, and no guarantee there will be. However, your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| ASK TO BE INCLUDED | **Participate in this lawsuit. Await outcome. Give up certain rights.**<br><br>By asking to be included in this lawsuit you acquire rights to any money that may come from trial or a settlement. If you are included in this lawsuit you will be bound by the outcome, whether favorable or unfavorable to you. However, you give up any rights to sue the Navy separately about the same legal claims in this lawsuit. |
| DO NOTHING | **Get no benefits from the lawsuit. Keep rights to sue Navy separately.**<br><br>By doing nothing, you will not be included in this lawsuit and you will have no rights to any money that may come from a trial or settlement. However, you keep the right to sue the Navy separately about the same legal claims in this lawsuit. |

Your options are explained in this notice. To ask to be included, you must submit that Opt-In Notice (form attached ) before __________, 2007.
Plaintiffs' lawyers must prove the claims against the Navy. If money is obtained from the Navy, you will be notified about how to ask for a share. **Any questions? Read on.**

## WHAT THIS NOTICE CONTAINS


| | |
|---|---|
| **BASIC INFORMATION**……………………………………………………<br>1. Why did I get this notice?<br>2. What is this lawsuit about?<br>3. What is a class action and who is involved?<br>4. Why is this lawsuit a class action? | PAGE 3 |
| **THE CLAIMS IN THE LAWSUIT**…………………………………………....<br>5. What does the lawsuit complain about?<br>6. How does the Navy answer?<br>7. Has the Court decided who is right?<br>8. What are the Plaintiffs asking for?<br>9. Is there any money available now? | PAGE 4 |
| **WHO IS IN THE CLASS**……………………………………………….…<br>10. Am I part of this class?<br>11. I'm still not sure if I am included. | PAGE 5 |
| **YOUR RIGHTS AND OPTIONS**……………………………………………<br>12. What happens if I submit an Opt-In Notice?<br>13. What happens if I do not submit an Opt-In Notice? | PAGE 5 |
| **THE LAWYERS REPRESENTING YOU**…………………………………<br>14. Do I have a lawyer in this case?<br>15. Should I get my own lawyer?<br>16. How will the lawyers be paid? | PAGE 6 |
| **THE TRIAL**………………………………………………...……………..<br>17. How and when will the Court decide who is right?<br>18. Do I have to come to the trial?<br>19. Will I get money after the trial? | PAGE 7 |
| **GETTING MORE INFORMATION**……………………………………….<br>20. Are more details available? | PAGE 7 |
| **CLASS ACTION OPT-IN NOTICE FORM**….…………………………… | PAGE 9 |

## Basic Information

### 1. Why did I get this notice?

The Navy's records show that you currently work, or previously worked, as a non-military employee at a hospital or medical facility operated by or for the Navy, and that at some point after August 18, 1998, you were regularly scheduled to work some amount of hours between 6:00 p.m. and 6:00 a.m. on any night of the week (Monday through Sunday). This notice explains that the court has allowed, or "certified," a class action lawsuit against the Navy. As an employee of the Navy during these time periods, you may be eligible to participate in the class action lawsuit. Therefore, you have legal rights and options that you may exercise before the Court holds a trial.

### 2. What is this lawsuit about?

This lawsuit is about whether the Navy violated federal pay statutes by failing to pay night "premium pay" to non-military employees of the Navy, who worked at a hospital or medical facility operated by or for the Navy, and who were regularly scheduled to work any hours of their regular shifts after 6:00 p.m. and before 6:00 a.m. on any night of the week (Monday through Sunday) in two situations: (1) when employees were excused from duty on officially authorized holidays; and/or (2) when employees were on paid leave for periods totaling less then eight (8) hours within a pay period. The trial is to decide whether the claims being made against the Navy are correct. Judge Francis M. Allegra of the United States Court of Federal Claims is overseeing this class action. The lawsuit is known as *Barnes, et al., v. United States*, No. 04-1335 C.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Joseph Barnes, Kaylene Holub, and Socorro Yosuico) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The people who sued – and all Class Members like them – are called the "Plaintiffs." In this case, the Navy (named as the United States of America) is the Defendant. One court will resolve the issues for everyone who asks the Court to be included in the Class by submitting an Opt-In Notice. Those individuals who do not submit an Opt-In Notice will be excluded from the Class in this case.

### 4. Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Rule 23 of the Rules of the United States Court of Federal Claims. On November 3, 2005, the Court ruled that this case could be maintained as a class action and determined the following:

> The potential Class is so numerous that joinder of all members is impracticable;
> There are questions of law and fact common to the class;
> Joseph Barnes's, Kaylene Holub's, and Socorro Yosuico's claims are typical of the claims of the rest of the Class;
> Joseph Barnes, Kaylene Holub, Socorro Yosuico, and the lawyers representing the Class will fairly and adequately represent the interests of the Class;

The common legal questions and facts predominate over any questions affecting only individual class members; and

This class action will be more efficient than having many individual lawsuits.

For more information, see the Court's November 3, 2005 Order, which is available at the Court.

## THE CLAIMS IN THE LAWSUIT

### 5. What does the lawsuit complain about?

Plaintiffs believe that the Navy violated federal pay statutes by improperly failing to pay night "premium pay" in two situations: (1) when employees were excused from duty on officially authorized holidays; and/or (2) when employees were on paid leave for periods totaling less than eight (8) hours within a pay period. For more information, see the Plaintiffs' November 16, 2004, first amended complaint, which is available at the Court.

### 6. How does the Navy answer?

The Navy denies Plaintiffs' allegations or that its employees were underpaid. Defendant's answer to the first amended complaint is also available for review at the Court. Defendant may also assert that some Class Members have received overpayments. These debts could be offset, set off, or counterclaimed by the Navy, which may ultimately reduce a Class Member's potential damage award.

### 7. Has the Court decided who is right?

The Court has not decided yet whether the Navy or Plaintiffs are correct. By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose this case. The Plaintiffs must prove their claims at trial. (See "The Trial" below on page 6.)

### 8. What are the Plaintiffs asking for?

The Plaintiffs are asking for money damages for the amount of night "premium pay" that they claim was not paid, plus interest, for all Class Members.

Class Counsel (see question 14) have recently estimated that the average potential damage award, in the event liability is determined, that may be paid to each Class Member who worked for the Navy during the entire class period, is between $185 and $475, depending on job classification and pay grade. Some Class Members may be entitled to more or less depending on their individual circumstances. This is Class Counsel's estimate and it has not been calculated or endorsed by either the Court or the Navy.

### 9. Is there any money available now?

No money is available now. Money will only become available to Class Members if the Court decides that the Navy is liable, or if the Plaintiffs and Defendant choose to settle the case. There

is no guarantee that money ever will be obtained. If it is, you will be notified about how to ask for a share.

## WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

### 10. Am I part of this class?

You can be included in this Class if:

(1) You are or were a non-military employee of the Navy after August 18, 1998, at a hospital or medical facility operated by or for the Navy;
(2) At any point in time after August 18, 1998, you were regularly scheduled to work any hours of your regular shift after 6:00 p.m. and before 6:00 a.m. on any night of the week (Monday through Sunday); **and**
(3) Your night "premium pay" was not paid when you were excused from duty on officially authorized holidays and/or when you were on paid leave for periods totaling less than eight (8) hours within a pay period.

### 11. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by calling or writing to Class Counsel at the phone number or address listed in question 20.

## YOUR RIGHTS AND OPTIONS

You must decide whether **to ask** to be included in the Class by submitting an Opt-In Notice, or to do nothing and be excluded from the Class, and you must decide this now.

### 12. What happens if I submit an Opt-In Notice?

If you wish to participate in this case and share in any potential damage award from this case, you must complete and sign an Opt-In Notice (attached as the last page of this packet) and return it via U.S. mail to Class Counsel. Your Opt-In Notice form must be postmarked by ___________, 2007. If your Opt-In Notice form is not postmarked by ___________, 2007, you will not be included in the Class.

As a member of the Class your rights in this litigation will be represented by the Class Representatives and Class Counsel. You will receive the benefit of, and be bound by, all rulings, orders, or judgment entered or any settlement approved by the Court, whether favorable or unfavorable. If you choose to participate in this case by submitting an Opt-In Notice, you will not be required to pay any attorneys' fees or costs related to the case. If you choose to participate in this case, the Navy may decide to pursue any amounts that you have been overpaid in the form of an offset, set off, or counterclaim against your potential damage award.

## 13. What happens if I do not submit an Opt-In Notice??

If you do not submit an Opt-In Notice postmarked on or before __________, 2007, you will be barred from participating as a Class Member in this case and you will not receive any monetary recovery from either a trial or settlement. However, you retain the right to sue the Navy separately about the same legal claims in this lawsuit and you will not be legally bound by the Court's judgment in this class action. If you decide to pursue your claim independently, outside this class action, we encourage you to do so immediately and consult with your counsel immediately because certain statutes of limitations may bar or limit your claims. You are entitled to enter an appearance in this matter through private counsel if you desire.

# THE LAWYERS REPRESENTING YOU

## 14. Do I have a lawyer in this case?

The Court decided that Robert W. Brownlie, Esq., of the law firm of DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, CA, 92101, is qualified to represent you and all Class Members, and is called "Class Counsel." Mr. Brownlie is experienced in handling similar cases against other employers. More information about Mr. Brownlie's law firm, its practices, and its lawyers experience is available at www.dlapiper.com.

## 15. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf, but you are permitted to hire your own lawyer if you would like to do so. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you. However, if you choose to hire your own lawyer, you will personally have to pay that lawyer.

## 16. How will the lawyers be paid?

If Class Counsel get money for the Class, either as a result of trial or settlement, they may ask the Court for their fees and expenses. You will not have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses would either be deducted from any money obtained for the Class or paid separately by the United States. If the Class Counsel's fees and expenses are paid out of the money obtained for the Class, there will be a reduction in the amount available for distribution to Class Members, and it may reduce the amount of money you may be awarded. If there is no recovery in this case, you will not be required to pay any attorneys' fees or costs to Class Counsel. In no event will you be asked to pay Class Counsel directly ("come out of pocket") to pay their fees and costs. However, as mentioned in question 15, if you choose to hire your own lawyer, you will personally have to pay that lawyer.

## The Trial

The Court will schedule a trial to decide who is right in this case.

### 17. How and when will the Court decide who is right?

As long as the case is not resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at trial. The Court will schedule a trial to be held in the United States Court of Federal Claims, 717 Madison Pl., N.W., Washington, D.C. 20005. During the trial, the Judge will hear all the evidence to help him reach a decision about whether the Plaintiffs or Defendant are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class.

### 18. Do I have to come to the trial?

You do not need to attend the trial. Class Counsel will present the case for Plaintiffs, and the Navy will present the defenses. You or your own lawyer are welcome to come at your own expense.

### 19. Will I get money after the trial?

If the Plaintiffs obtain money as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take.

## Getting More Information

### 20. Are more details available?

The pleadings and other records in this lawsuit may be examined at any time during regular business hours at the Office of the Clerk of the United States Court of Federal Claims. The address for the Court is:

United States Court of Federal Claims,
717 Madison Place, N.W.,
Washington, D.C. 20005.

For more information about this lawsuit, you may contact Class Counsel. The addresses for Class Counsel are:

Robert W. Brownlie, Esq.,
DLA Piper US LLP,
401 B Street, Suite 1700,
San Diego, CA, 92101.

Of Counsel:

Curtis R. Cotton, Esq.,
DLA Piper US LLP,
401 B Street, Suite 1700,
San Diego, CA, 92101,

Ira M. Lechner, Esq.,
19811-4th Place, Escondido, CA 92909.

The telephone number to reach Class Counsel is: (619) 699-2854 (Curtis R. Cotton).

# CLASS ACTION OPT-IN NOTICE FORM

UNITED STATES COURT OF FEDERAL CLAIMS
*Joseph Barnes, et al. v. United States*
Case No. 04-1335C

1. Fill out this form completely and legibly. **It must be mailed to Class Counsel at the address below and must be postmarked by ________________, 2007**.

PLEASE NOTE: A notice has been sent to your address based on information contained in the Government's records regarding your employment with the Department of the Navy ("Navy"). It is your responsibility to ensure that the information you provide on this form is complete and accurate, and that you, or an heir or other legal representative, are entitled to a distribution of money arising out of the above lawsuit.

2. Please write the full name *(including any alternate names, e.g., maiden name or previous married name)* of the non-military person who works or worked at a hospital or medical facility operated by or for the Navy, his or her job position or positions (*such as registered nurse, LVN, , clerk, housekeeping food service, etc*.), and the name of the hospital or medical facility.

Your Name *(including any alternate names, e.g., maiden name or previous married name):*

______________________________________________________________________

Job Position(s) at Navy hospital or medical facility *(with pay grade if known) :*

______________________________________________________________________

Name of All Navy hospital or medical facilities worked at after August 18, 1998 *(with approx. dates if known)* ______________________________________________________________

3. Please fill in the information below.

Home Address: ____________________________________________________________

______________________________________________________________________

Telephone: ________________________ Social Security Number: ________________________

4. **By signing your name in the space below, you understand that you are consenting to join the collective action of plaintiffs on whose behalf the named Plaintiffs have alleged the violations described in the accompanying notice. You are also declaring, under penalty of perjury under the laws of the United States and applicable state laws, that you were or are one of the employees, or an heir or legal representative of one of the employees described in the accompanying notice, and that, to the best of your knowledge, you believe you are entitled to a distribution arising out of this lawsuit according to the description of the Government's alleged failure to pay night premium pay as printed in the accompanying Notice.**

Sign Your Name: ________________________________ Date: __________________________

Print Your Name: _______________________________ Relationship to Employee: ____________

5. Mail this completed form to: ______________________________________________