# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

1. Joseph Barnes
2. Kaylene Holub
3. Socorro Yosuico

for themselves and on behalf of all others similarly situated,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA

Defendant.

Case No. 04-1335C

**PLAINTIFFS' UNOPPOSED MOTION TO MODIFY CLASS NOTICE AND EXTEND CLASS NOTICE DISTRIBUTION DATES**

(Judge Allegra)

Plaintiffs hereby move to have the current class notice, issued by the Court on January 4, 2007, slightly modified as set forth below. Plaintiffs also move to have the Court extend the current class notice distribution date by two weeks, with all related class notice dates also extended by two weeks. Prior to the filing of this motion, Plaintiffs' counsel met and conferred with Defendant's counsel and provided Defendant's counsel with a draft of this motion. Defendant does not oppose the Court's granting of this motion. The parties are also willing to have a telephonic status conference regarding the issues addressed in this motion if the Court deems that appropriate.

**Proposed Modifications to Class Notice:**

Set forth below are the modifications being requested by Plaintiffs:

1) Plaintiffs propose to have the class action opt-in notice form revised to indicate that it must be mailed back to Rust Consulting, Inc. (hereinafter "Rust Consulting") instead of Plaintiffs' counsel. Plaintiffs have retained the services of Rust Consulting to assist in providing

the class notice. (Attached is a resume for Rust Consulting.) The parties have agreed that Rust Consulting will promptly notify Plaintiffs' counsel of all class notices that are returned to sender as undeliverable, and Plaintiffs' counsel will in turn promptly notify Defendant's counsel of all such notices as required by the Court's January 4, 2007 Order. Rust Consulting will also promptly provide Plaintiffs' counsel with copies of class notices that are completed and returned by potential class members, and Plaintiffs' counsel will in turn promptly provide copies of such to Defendant's counsel.

2) Plaintiffs propose to have the response to Question 20 on the class notice (pages 7 and 8) revised to provide a Rust Consulting toll free (1-800) number for potential class member inquiries. With respect to fielding inquiries from potential class members, the parties have agreed that Rust Consulting will only be fielding routine questions regarding the class notice, deadlines, where they can get more information, and routine instructional information regarding completing the class action opt-in notice form. Rust Consulting will not provide legal advice. When questions come up in that regard, Rust Consulting will refer the potential class member to Plaintiffs' counsel. By contracting with Rust Consulting for the purpose of providing the class notice and fielding inquires from potential class members, Plaintiffs' counsel accepts responsibility for any improper conduct of its consultant, Rust Consulting.

**Proposed Extension of Class Notice Distribution Dates:**

Plaintiffs hereby move the Court to extend the current class notice distribution date by two weeks, from February 14, 2007 to February 28, 2007. Plaintiffs also propose that the opt-in-date and the dates related to the second round of class notices be similarly extended by two weeks. The reasons for the two week extension are: (1) on January 30, 2007, Plaintiffs' counsel provided notice (pursuant to the Protective Order) that it would be using Rust Consulting to

assist in providing the class notice. Pursuant to Defendant's request, on February 1, 2007, Plaintiffs' counsel provided a list of the five employees at Rust Consulting that would have access to the names and addresses of potential class members (information covered by the Protective Order – the employees will also sign the Certification as required). Defendant is currently considering whether it will object to Rust Consulting or any of its employees being provided with the names and addresses of potential class members. The two week extension will provide Defendant with the time to consider any appropriate objections, and assuming no objection, will give Plaintiffs time to distribute the class notice thereafter. If Defendant makes an objection to Rust Consulting or any of its employees, the parties will notify the Court immediately; (2) the two week extension will provide the time necessary to obtain the Court's agreement to the modifications to the class notice (as proposed above) and then get the class notice distributed to all potential class members; and (3) there are currently 6 potential class members for which the parties do not have addresses. The parties are working together in an attempt to locate addresses for these 6 potential class members. The additional two weeks will enable the parties to continue that effort in hopes that addresses can be obtained prior to the distribution of the class notice.

Respectfully submitted,

Of Counsel:

CURTIS R. COTTON
DLA Piper US LLP
San Diego, CA

IRA M. LECHNER
Escondido, CA

s/Robert W. Brownlie
ROBERT W. BROWNLIE
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619) 699-2854
Facsimile: (619) 699-2701

Attorneys for Plaintiffs

Date: February 5, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2007, a copy of the foregoing "PLAINTIFFS' UNOPPOSED MOTION TO AMEND CLASS NOTICE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert W. Brownlie

# LABOR & EMPLOYMENT PRACTICE

*With experience on more than 300 labor and employment cases, Rust Consulting, Inc. adeptly handles all phases of labor and employment settlements. Rust's services include class member location, notice, call centers with flexible hours of operation, claim form processing, qualified settlement fund administration, fund distribution and payroll tax reporting.*

## Employment Project Management Team

Rust's labor and employment team is strictly dedicated to managing settlement administration for cases involving matters such as wage-and-hour, FLSA, discrimination and ERISA. Consultants readily assist clients with determining potential claim rates and settlement structures during settlement discussions. These collaborative efforts continue throughout the administration of the case. Of the more than 300 employment cases Rust's team has handled, 100 of them have involved pre-settlement opt-in/opt-out mailings.

## Security

Rust meets or exceeds today's rigid industry requirements for data security and is fully compliant with the Sarbanes Oxley Act and the Gramm-Leach-Bliley Act. Rust's systems and procedures for handling sensitive employee information have been tested and approved by Fortune 500 companies. In addition, Rust's dedicated labor and employment team has physically segregated office space requiring badge access, and its staff has been screened with criminal background and credit checks.

## Representative Cases

- McReynolds v. Sodexho ($80 million, race discrimination)
- Adcox v. Wal-Mart (120,000 class members, FLSA)
- Glass v. UBS ($45 million, national class, CAFA notice)
- Rosenburg v. IBM ($65 million, California wage-and-hour)
- Cornn v. UPS ($87 million, California wage-and-hour)

## Contact Us

David C. Holland, Consultant
**PHONE**: 612.359.2054
**EMAIL**: dholland@rustconsulting.com

Eric W. Bishop, Consultant
**PHONE**: 612.359.2988
**EMAIL**: ebishop@rustconsulting.com

**Rust Consulting, Inc., founded in 1976, is a national leader in the class action settlement administration industry. Rust has experience in cases involving employment, consumer, property, insurance, securities and product liability among its more than 1,000 projects.**

RUST

RUST CONSULTING, INC.
625 Marquette Avenue, Suite 880, Minneapolis, MN 55402
PHONE: 800.999.7940 or ONLINE: www.rustconsulting.com

**ADDITIONAL LOCATIONS: Faribault, MN | Melville, NY | Washington, DC | Palm Beach Gardens, FL**