# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

1. Joseph Barnes
2. Kaylene Holub
3. Socorro Yosuico

for themselves and on behalf of all others similarly situated,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA

Defendant.

Case No. 04-1335C

(Judge Allegra)

**JOINT STATUS REPORT**

Pursuant to the Court's April 20, 2007 Order, the parties respectfully submit the following joint status report regarding the progress of class registration and the status of discovery with respect to the three named plaintiffs and those individuals (of the ten previously noticed by plaintiffs) who have chosen to opt-in to the class. Although the parties have been unable to agree upon all issues, this status report provides the Court with an account of the parties' respective positions.

**Class Registration**

Based upon a list of individuals and their addresses provided by defendant, plaintiffs (through the service provider Rust Consulting) mailed 5,092 class notices and opt-in forms that contained an April 30, 2007 opt-in date. As of April 27, 2007, 304 opt-in forms have been

returned.[1] Of the ten individuals previously noticed by plaintiffs, four have returned opt-in forms: Wilfred Haldane, Herminia Distor and Lolita Deleon.[2]

**Plaintiffs' Position**

The Court's February 9, 2007 Order required plaintiffs to notify defendant of all class notices that were returned to sender as undeliverable for lack of a proper address, and for defendant to renew its attempts to find the correct address for each of the potential class members. These new addresses were to be used for a second-round mailing on or before April 30, 2007; pursuant to the Court's February 9, 2007 Order, these second round notices would have an opt-in date of June 29, 2007.

Plaintiffs sent a list to defendant every week since March 12, 2007 identifying notices that were returned by sender as undeliverable. By April 20, 2007, plaintiffs had identified 752 such undeliverable notices.[3] On April 25, 2007, plaintiffs received from defendant a disc containing 67 names, 59 of which had updated address information. On Thursday, April 26, 2007, plaintiffs received from defendant a disc containing 698 names, approximately 618 of which had updated address information.[4] Defendant informed plaintiffs in an earlier April 13, 2007 letter that it requested the Office of Personnel Management ("OPM") to search its files to

---

[1] This does not include two opt-in forms that were received from individuals who were not on the original list of individuals receiving the notice.

[2] On April 27, 2007, Plaintiffs spoke to a fourth individual from the list of ten previously noticed, Robert Joseph Murphy. Mr. Murphy indicated he had misplaced his form; he was sent another form and stated that he would sign it and send it to Rust Consulting, postmarked by April 30. Plaintiffs anticipate his form will be received by Rust Consulting within the next few days, and can notify the Court of this if the Court so requests.

[3] As of April 27, 2007, 754 notices have been returned as undeliverable; plaintiffs have provided defendant with the updated list.

provide the most current address contained in its files for individuals whose names appear on plaintiffs' lists of returned notices, that defendant has been able to identify as having retired from the Government. Defendant also indicated that it was "searching available resources for new addresses" for individuals whose names appear upon plaintiff's lists that have not retired from the Government. Finally, defendant stated that the updated addresses to be provided on April 25 (and which also arrived on April 26) were only for those names identified by plaintiffs up to April 6, 2007 and that "[a]ny additional notices . . . will need to be handled separately."

Plaintiffs' position is that defendant did not use all available resources to obtain updated addresses, and that defendant waited until the very last minute to provide plaintiffs with the updated addresses it could find and then would only agree to a two-week extension despite plaintiffs' request for three months. Plaintiffs assert that this is insufficient, but had no choice at the time (just before the April 30, 2007 cutoff for mailing of second-round notices) but to ask the Court for the two-week extension to ensure that Rust Consulting would have sufficient time to mail out the over 600 second-round notices. Rust Consulting had previously informed plaintiffs' counsel that it was not certain it would be able to mail out all of the second-round notices by April 30, 2007.

On May 1, 2007, Rust Consulting informed plaintiffs' counsel that it was able to complete the mailing of second-round notices to all of the newly-identified addresses for potential class members. Nonetheless, this was not a complete list of updated addresses. Plaintiffs position is that defendant has not fully complied with the Court's February 9, 2007 Order because defendant has not used all available means to locate updated addresses for all notices from the first round (which includes those identified by plaintiffs after April 6, 2007) that

---

[4] The list also identified 19 individuals who are deceased.

were returned to sender as undeliverable. This includes using commercial databases and also providing a list of names and social security numbers to the IRS so that the IRS can obtain accurate current addresses for the potential class members. There can be no concern of disclosing private information because the IRS does not provide plaintiffs or defendant with the current address; rather, the IRS itself sends out the class notice and opt-in form to the potential class members. The potential class members whose addresses have been returned as undeliverable, and whom defendant has not been able to find through its prior searches, are entitled to notice of this class action and an opportunity to opt-in. These potential class members should not be denied this opportunity simply because defendant did not use all available means to locate them. If defendant does not take further action as outlined above to obtain updated addresses for all potential class members whose notices were returned as undeliverable, plaintiffs anticipate filing a motion to request that the Court order defendants to do so.

**Defendant's Position**

Defendant believes that the Court's April 20, 2007 Order was as request for a status report indicating the progress of class registration and the status of discovery, including identification of any issues that had arisen. We do not believe that the Court was inviting the parties to present argument upon, rather than identifying for the Court, the issues that have arisen with regard to class registration and discovery. Some of the issues are raised by plaintiffs for the first time in this status report; others, although raised, have not been discussed by the parties, and whether the parties will need to burden the Court to resolve the issues has not been determined. We, therefore, do not in this status report present argument upon the issues. Nevertheless, in light of plaintiffs' argumentative presentation, we provide the Court with the following brief factual recitation with regard to the process.

Updated extracts of the database from which defendant originally obtained the addresses for the potential class members are produced quarterly. Defendant used the most recent update as the most current source to identify new addresses for those individuals whose class notices had been returned and to identify any who had retired so that a request could be made to the Office of Personnel Management to search its files to find new addresses. In addition to wanting to use the most current data, searching the databases to obtain any updated addresses is time consuming, and searching for a small number of addresses is nearly as time consuming as searching for hundreds. Searching once for hundreds is much more efficient and cost effective than multiple smaller searches. The same efficiency and cost effectiveness applies similarly to requesting OPM to search its files.

If searches of these databases, the quarterly updates and OPM's files, did not reveal a new address, defendant searched the TransUnion (a credit reporting service) database for new addresses. In accordance with the Court's February 9, 2007 Order that defendant renew its attempts to find correct addresses, defendant conducted these searches and provided to plaintiffs as quickly as possible the updated information obtained through all of these searches. Defendant provided this information with regard to all of the 752 individuals listed by plaintiffs as of April 20, 2007, which is the most recent list that we have received. As plaintiffs have indicated, for about 85 of the individuals listed by plaintiffs, these searches did not reveal a new or different address.

On April 13, 2007, we advised plaintiffs that we were searching for updated addresses and that we anticipated being able to provide that information to plaintiffs by April 25, 2007. We advised plaintiffs that if there was any concern that receiving the updated addresses on April 25 would not allow mailing the notices on April 30, 2007, that we could discuss an appropriate

motion to ask the Court to modify the February 9, 2007 Order to establish a mutually agreeable date for sending the second round of class notices. Plaintiffs have indicated above that on May 1, 2007, Rust Consulting informed plaintiffs' counsel that it was able to complete the mailing of second-round notices to all of the newly-identified addresses for potential class members.

On April 24, 2007, we received plaintiffs' proposal to file with the Court a stipulation for extending by three months the time for sending the second round of notices. We advised plaintiffs that the parties could not stipulate to extend the time but that plaintiffs needed to prepare a motion to ask the Court to extend the time. We also indicated that three months seemed excessive. When plaintiffs asked if there was some amount of time to which we would agree, we advised that we would agree to two weeks. As the Court is aware, on April 27, 2007, plaintiffs filed their unopposed request for a two-week extension, and the Court has granted that request.

**Discovery**

**Plaintiffs' Position**

The Court's January 4, 2007 Order provides, "[o]n or before April 16, 2007, that discovery shall close with respect to the three named plaintiffs and those individuals (of the ten previously noticed by plaintiffs) who have chosen to opt-in to the class." Defendant mail served plaintiff with interrogatories and requests for production of documents on March 28, 2007. Because responses would be due on April 30, 2007, after the close of discovery, plaintiffs objected that defendant's requests were untimely. Nonetheless, out of an abundance of caution, plaintiffs served responses and objections by April 30, 2007. We have received confirmation from Federal Express that the written responses and objections were received and signed for at

the office of defendant's counsel. Plaintiffs have also produced documents, copies of which were sent to defendant on May 2, 2007.

Plaintiffs mail served defendant with requests for production of documents on February 28, 2007. Defendant served responses and objections on April 2, 2007 and has produced certain hard copy and electronic documents over a period of time since then. Specifically, defendant has provided plaintiffs with documents with regard to the three named plaintiffs. As to the ten individuals previously noticed by plaintiffs, four have returned opt-in forms. Defendant has provided documents with regard to three of the four additional individuals and is preparing to produce responsive documents as to the fourth, who did not opt-in until recently.

Plaintiffs sent a letter to defendant on April 30, 2007 outlining the deficiencies in defendant's responses and the documents produced, citing in particular, among other things, defendant's objection to producing Leave and Earnings Statements. Defendant objected to producing Leave and Earnings Statements on the grounds that the Statements "are provided directly to employees[;] [a]copy is not generated for defendant[;] and [d]efendant, therefore, does not possess copies of earnings and leave statements." Plaintiffs have requested in their April 30, 2007 meet and confer letter that defendant produce electronic or hard copies of the statements because defendant has access to the computerized statements through the Defense Finance and Accounting Service ("DFAS"). Plaintiffs have informed defendant that if, by May 14, 2007, defendant does not produce the leave and earning statements and other information and documents outlined in the meet and confer letter, plaintiffs will have no choice but to file a motion to compel.

**Defendant's Position**

As indicated above, we believe the Court's April 20, 2007 order requested a report upon the status of discovery, and did not invite the parties to present argument with regard to any issues that have arisen. We, therefore, do not in this status report present argument upon the issues. We advise the Court, however, that the discovery issues raised by plaintiffs were raised for the first time on April 30, 2007, and have not been discussed by the parties. Whether the parties will need to burden the Court to resolve the issues has not been determined. Also, although defendant received an electronic version of plaintiffs' written responses to defendant's discovery requests on April 30, 2007, we have not received the documents that plaintiffs indicated they would produce. Nevertheless, considering plaintiffs' written responses, we anticipate that we will take issue with the sufficiency of plaintiffs' responses. In any event, in light of plaintiffs' argumentative presentation, we provide the Court with the following brief factual recitation with regard to the process.

On March 7, 2007, defendant received plaintiffs' first requests for production of documents. Defendant responded on April 2, 2007. Defendant has provided plaintiffs with responsive documents with regard to the three named plaintiffs. As to the ten individuals previously noticed by plaintiffs, four have chosen to opt-in to the class. Defendant has provided responsive documents with regard to three of the four additional individuals and is preparing to produce responsive documents as to the fourth, who did not opt-in until recently. By letter dated April 30, 2007, plaintiffs have taken issue with some of defendant's responses. Defendant is preparing a response to plaintiffs' letter.

On March 28, 2007, defendant served upon plaintiffs, by regular mail and by providing plaintiffs' counsel with an electronic copy, interrogatories and requests for production of

documents. On April 30, 2007, plaintiffs' provided an electronic copy of their written responses. We have not received the service copy of plaintiffs' responses or any of the documents that plaintiffs have indicated would be produced. Considering plaintiffs' written responses, we expect to take issue with the sufficiency of plaintiffs' responses.

**Protective Order**

It has come to the parties' attention that the Protective Order in this case provides in paragraphs 1, 3 and 4 that records disclosed under the order may only be used for purposes of identifying potential class members and providing class notice to them. Plaintiffs intend to file a motion requesting that the Court modify these portions of the protective order to clarify that the records may be used only in connection with this litigation. Although defendant has not seen a draft of that motion, defendant anticipates that the motion will be unopposed

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/Robert W. Brownlie
ROBERT W. BROWNLIE
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
robert.brownlie@dlapiper.com

Of Counsel:

JULIE L. SCHWARTZ
DLA Piper US LLP
San Diego, CA

IRA M. LECHNER
Escondido, CA

Attorneys for Plaintiffs
Dated: May 3, 2007

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972
reginald.blades@usdoj.gov

Of Counsel:

ROBYN L. McNISH
Attorney
Office of General Counsel
Department of the Navy
Washington, D.C.

Attorneys for Defendant
Dated: May 3, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2007, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert W. Brownlie