IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOSEPH BARNES, et al., Plaintiffs, | ) | |
| v. | ) | No. 04-1335 C (Judge Allegra) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES

Pursuant to Rule 37(a)(2)(B) of the Rules of this Court, the United States respectfully requests the Court to order plaintiffs to answer our interrogatories 1 and 2. We have, in good faith, attempted to resolve this issue prior to filing this motion.

BACKGROUND

Plaintiffs, as class representatives, claim that they and others similarly situated have not been paid the correct amount of night differential pay when they have been regularly scheduled to work and were on authorized leave with pay for periods that total less than eight hours within the pay period or were officially absent with pay due to a holiday.

By its January 4, 2007 Order, the Court allowed limited discovery with respect to "the three named plaintiffs and those individuals (of the ten previously noticed by plaintiffs) who have chosen to opt-in to the class." In accord with that order, we served upon plaintiffs' counsel interrogatories and requests for production of documents. Interrogatory 1 requested the named plaintiffs and those of the additional ten who had opted-in to

> identify by date range each pay period since August 18, 1998, in which the plaintiff or class member was regularly scheduled to work at night and was not paid the correct amount

> of night differential when the plaintiff or class member was on authorized leave with pay for periods that total less than eight hours within the pay period or was officially absent with pay due to a holiday; identify the nature and the amount of the error; explain why the error occurred; and, identify each document upon which you relied for your response.

Interrogatory 2 requested each of the three named plaintiffs to

> compare your claims to the claims of other class members and explain in detail why your claim is typical of the claims of other class members, including what issues of fact or law you and other class members have in common.

Plaintiffs interposed objections and did not answer the interrogatories. As to interrogatory 1, plaintiffs object that it is "compound, vague, and ambiguous," "seeks information protected by an individual's right to privacy," and "seeks information available to the propounding party." As to interrogatory 2, plaintiffs object that it is "compound, vague, and ambiguous," "seeks information regarding an allegation that is in the nature of a legal conclusion rather than a factual contention," and "seeks information that is irrelevant to this action and not calculated to lead to the discovery of admissible evidence."

Also, in connection with interrogatory 1, plaintiffs provided some leave and earnings statements for two of the named plaintiffs, Kaylene L. Holub and Socorro B. Yosuico, and for one of the class members who opted-in, Lolita P. Deleon. Plaintiffs provided also for Ms. Deleon two documents that appear to be work schedules for two pay periods, September 17 to 30, 2006, and

October 1 to 14, 2006.[1]

We wrote to plaintiffs' counsel to explain the deficiencies in plaintiffs' responses and that plaintiffs' objections were improper. We requested that plaintiffs provide proper responses by June 1, 2007. We explained that interrogatory 1 properly requests plaintiffs to identify the precise factual basis for their claims and that providing some leave and earnings statements does not satisfy each plaintiff's obligation to answer the interrogatory. We explained that interrogatory 2 properly requests the factual basis upon which each of the three named plaintiffs believes that his or her claim is typical of other claims asserted upon behalf of the class, which of those class claims the named plaintiff believes to be similar to his or her claims, the precise nature of the similarity, and the evidence upon which the named plaintiff intends to rely to demonstrate that similarity.

By letter, plaintiffs' counsel responded that, pursuant to Rule 33(d), "Plaintiffs have produced all responsive non-privileged records in Plaintiffs' possession, custody, or control relating to the original 3 plaintiffs and those plaintiffs of the additional 10 previously identified who had opted in as of the date we produced the documents." Counsel asserted that "Defendant bears the burden of producing responses to discovery"

---

[1] Our document requests numbers 1 and 2 request production of all documents that the interrogatories requested to be identified and that reflect, refer to, relate to, or were relied upon in preparation of responses to the interrogatories.

and that "plaintiffs are permitted to use discovery to prove their case with defendant's documents." As to the basis for each plaintiff's claims, counsel stated that "the basis for the claims is Defendant's failure to pay night premium pay to Plaintiffs." As to any explanation for why any error in pay may have occurred, counsel stated that "to come back to Plaintiffs seeking this information is ridiculous." In short, apparently, plaintiffs do not intend to answer interrogatory 1.

As to interrogatory 2, concerning comparison of the claims of the three named plaintiffs with any class-wide claims, counsel asserts that "Plaintiffs have met their burden of proof on class certification." Counsel, then, offers that if plaintiffs can discover from defendant why pay errors occurred, they will, then, explain any similarity between the claims of the three named plaintiffs and any class-wide claims. Again, in short, apparently, plaintiffs do not intend to anser interrogatory 2.

## ARGUMENT

### I. Plaintiffs' Objections Are Improper

#### a. Plaintiffs should be compelled to answer interrogatory 1

As to interrogatory 1, plaintiffs object that it is "compound, vague, and ambiguous," "seeks information protected by an individual's right to privacy," and "seeks information available to the propounding party." Plaintiffs do not explain what they mean by "compound" or why "compound" is an appropriate objection to an interrogatory. Further, plaintiffs do not identify what about interrogatory 1 is compound, vague, or

ambiguous, what information sought is protected by some unidentified right to privacy, or how the information sought is available to defendant without plaintiffs answering the interrogatory.

Interrogatory 1 is not vague or ambiguous or improperly compound, does not seek information protected by an individual's right to privacy, and does not seek information available to defendant. Interrogatory 1 properly requests plaintiffs to identify the precise factual basis for their claims. In making that request, interrogatory 1 simply repeats a statement of plaintiffs' general claim of improper pay and requests the factual basis for each such claim made by each plaintiff. No private information is requested. Further, defendant does not know for which pay periods plaintiffs believe any alleged error in pay may have occurred; only plaintiffs know the pay periods for which they each believe that a pay error occurred.

Plaintiffs filed a complaint in this Court alleging that they, each, under certain circumstances, did not receive the correct amount of night differential pay. Presumably, before filing the complaint, plaintiffs possessed some factual basis for making those allegations as to each named plaintiff. That is, for each named plaintiff there must have been multiple occurrences, pay periods, when that plaintiff believes that he or she did not receive the correct amount of night differential pay, and there must be some factual basis for that belief. Further, there must be some factual basis for any additional claims of

improper night differential pay that may be asserted as to any of the three named plaintiffs or as to any of the additional class-member plaintiffs for whom the Court has allowed discovery. That information is exclusively within the possession of plaintiffs, and must be revealed if plaintiffs are to attempt to support the allegations of the complaint and to prove their claims.

Defendant has a right to know and to examine each and every occurrence that each plaintiff claims that he or she did not receive the correct amount of night differential pay, to know for each occurrence the amount of night differential pay claimed to be owed, and to know the basis for each claim of error, including the alleged nature of the error, any allegation regarding why the error occurred, and each document relied upon to support each claim. Defendant has requested no more than that each plaintiff identify each claim for more pay, and each plaintiff should be required to provide that information.

b. Plaintiffs should be compelled to answer interrogatory 2

As to interrogatory 2, plaintiffs object that it is "compound, vague, and ambiguous," "seeks information regarding an allegation that is in the nature of a legal conclusion rather than a factual contention," and "seeks information that is irrelevant to this action and not calculated to lead to the discovery of admissible evidence." Again, plaintiffs do not explain what they mean by "compound" or why "compound" is an appropriate objection to an interrogatory. Further, plaintiffs do not identify what about interrogatory 2 is compound, vague, or

ambiguous, or what legal conclusion plaintiffs believe is being improperly sought, or why they believe that no factual information is being sought. Plaintiffs do assert that they believe that comparison of the claims of the class representatives to any class-wide claims is relevant only for purposes of securing class certification.

Interrogatory 2 is not vague or ambiguous or improperly compound. Interrogatory 2 properly seeks factual information about plaintiffs' claims and the relationship of those claims to any class-wide claims, and properly seeks relevant information reasonably calculated to lead to the discovery of admissible evidence.

The Court has certified the three named plaintiffs as class representatives. As class representatives, the claims of each of the three named plaintiffs must bear some factual and legal similarity to the claims asserted upon behalf of other members of the class. Presumably, before filing the complaint, plaintiffs possessed some factual information that indicated that each plaintiff had a claim that would be sufficiently typical of the claims of other similarly situated individuals that each plaintiff could represent a class of those similarly situated individuals. That information is exclusively within the possession of plaintiffs and must be revealed if plaintiffs are to attempt to support the allegations of the complaint and to demonstrate that, to the extent that they are able to prove their own claims, the proof of their own claim is sufficient to prove a particular class-wide claim.

Defendant has a right to know the factual basis upon which each of the three named plaintiffs believes that his or her claim is typical of other claims asserted upon behalf of the class, which of those class claims the named plaintiff believes to be similar to his or her claims, the precise nature of the similarity, and the evidence upon which the named plaintiff intends to rely to demonstrate that similarity. Defendant has requested no more than that plaintiffs explain and identify the evidence that establishes that proof of their individual claims will prove a particular class-wide claim. Each plaintiff should be required to provide that information.

## CONCLUSION

For these reasons, we respectfully request the Court to compel plaintiffs to provide proper answers to interrogatories 1 and 2.

PETER D. KEISLER
Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-8257
Facsimile: (202) 307-0972
reginald.blades@usdoj.gov

OF COUNSEL:

ROBYN L. McNISH
Attorney
Office of General Counsel
Department of the Navy
Washington, D.C.

June 6, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June 2007, a copy of the foregoing "DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Reginald T. Blades, Jr.