# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1. Joseph Barnes<br>2. Kaylene Holub<br>3. Socorro Yosuico<br><br>for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 04-1335C<br><br>(Judge Francis M. Allegra) |

**PLAINTIFF'S UNOPPOSED MOTION TO REVISE PROTECTIVE ORDER**

Plaintiffs respectfully submit the following unopposed motion to revise the August 29, 2006 Protective Order.

The Protective Order provides in paragraphs 1, 3 and 4 that records disclosed under the Order may only be used for purposes of identifying potential class members and providing class notice to them. The parties may, however, need to use the records disclosed under the Order for other purposes relating to this litigation (such as determining damages and for other purposes) than merely identifying and providing notice to potential class members. Plaintiffs therefore respectfully request that the Court modify these portions of the Protective Order to clarify that the records may be used only in connection with this litigation. Attached collectively as Exhibit 1 to this Unopposed Motion are the original Protective Order, the Revised Protective Order and a "redline" copy of the two documents, showing the proposed changes to the Protective Order.

Defendant has reviewed Plaintiffs' motion, the Revised Protective Order and the "redline" comparing the Revised Protective Order to the original Protective Order. Defendant has informed Plaintiffs that it does not oppose this motion or the proposed revisions to the Protective Order.

Dated: June 13, 2007

Respectfully submitted,

s/Robert W. Brownlie

ROBERT W. BROWNLIE
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
robert.brownlie@dlapiper.com

Attorneys for Plaintiffs

Of Counsel:

JULIE L. SCHWARTZ
DLA Piper US LLP
San Diego, CA

IRA M. LECHNER
Escondido, CA

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2007, a copy of the foregoing "PLAINTIFFS' UNOPPOSED MOTION TO REVISE PROTECTIVE ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert W. Brownlie

**EXHIBIT 1**

# In The United States Court of Federal Claims

No. 04-1335 C

(Filed: August 29, 2006)

---

JOSEPH BARNES,
KAYLENE HOLUB,
SOCORRO YOSUICO,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**PROTECTIVE ORDER**

---

This Court has considered the submissions of the parties regarding the entry of a protective order pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC"). Pursuant to the court's July 17, 2006 order, defendant is required to disclose to class counsel certain information protected by the Privacy Act of 1974, 5 U.S.C. § 552a. Accordingly, the following provisions shall govern the conduct of further proceedings in this action:

For any proceedings conducted in this action, the defendant is authorized to release to class counsel and, if appropriate, to this court, information relating to the individual potential class members' employment with the Federal Government, including former employee status information, and information contained in individual potential class members' Official Personnel Folders (OPFs), without obtaining prior written consent of the individuals to whom such information pertains. The disclosure of this information, which is subject to the Privacy Act, to the persons identified above is necessary for the administration of this class action. The disclosure of this information is subject to the following conditions:

1. All records, including electronic records, that are disclosed by the defendant pursuant to this order which identify individual class members or potential class members by name, social security number, or any other identifying particular, shall be stamped, or otherwise identified as being, "SUBJECT TO PROTECTIVE ORDER." Such records and all information derived from them may be used only for purposes of identifying potential class members and providing class notice to them. Under no circumstances may any Government records, or any information derived from them, that are disclosed pursuant to

this order be used for any purpose, either directly or indirectly, not relating to this class action.

2. All records and information identifying individual class members and potential class members that are disclosed to class counsel pursuant to this order must be returned to defendant, or destroyed, no later than 30 days after final judgment in this action. Should class counsel elect to destroy the records rather than return them, class counsel shall certify in writing to the defendant that all such records and copies thereof have been destroyed.

3. Class counsel are allowed to use the names and addresses of class members obtained as a direct or indirect consequence of the release of information pursuant to this order solely for the specific and exclusive purpose of identifying potential class members and providing class notice to them, and for no other purpose.

4. Records and information produced pursuant to this order may be disclosed by class counsel only to persons regularly in the employ of class counsel, or to independent contractors retained by class counsel, who have a need for the information in the performance of their specified duties relating to identifying potential class members and providing class notice to them. No protected information may be disclosed by class counsel to any other person, including any independent contractor, unless such person has been designated in writing to counsel for defendant at least ten days in advance of the disclosure. If objection is timely made, no protected information shall be disclosed without approval of the court.

5. Prior to disclosure of any protected information to any individual to whom disclosure is authorized by this order, each individual shall be provided with a copy of this order and shall be required to sign the attached "CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER" indicating that they have read and agree to abide by the terms of this order, prohibit the disclosure of protected information to anyone not authorized to receive it, prohibit the use of such information except in connection with this class action, and require the return of protected information to class counsel at the conclusion of this litigation. Certificates of compliance shall be provided by class counsel to counsel for defendant.

6. Any filings with the court that contain Privacy Act information produced pursuant to this order, i.e., information that identifies individual class members or potential class members by name, social security number, or other identifying particular, shall be made under seal and shall be identified as containing information that is subject to this order. A redacted version with as few redactions as possible should be filed on the public record.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

# In The United States Court of Federal Claims

No. 04-1335 C

(Filed: August 29, 2006)

JOSEPH BARNES,
KAYLENE HOLUB,
SOCORRO YOSUICO,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**ATTACHMENT A**

**CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER**

I, ______________________________, certify my understanding that protected information is being provided to me pursuant to the restrictions of the protective order entered in *Joseph Barnes et al. v. United States*, No. 04-1335 C, in the United States Court of Federal Claims. I solemnly swear or affirm that I have reviewed a copy of the protective order, and that I will be bound by and comply with the terms of the order, including any amendments by the court. I understand that, except as provided in the protective order, at the conclusion of this litigation, all protected material, and any copies thereof, including but not limited to notes, summaries, digests, and transcriptions of such information, shall be returned to counsel for a party for disposition in accordance with the protective order.

Date: ______________________________ Signed: ______________________________

Print Name: ______________________________

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| 1. Joseph Barnes<br>2. Kaylene Holub<br>3. Socorro Yosuico<br><br>for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | No. 04-1335C<br><br>(Judge Francis M. Allegra) |

**REVISED PROTECTIVE ORDER**

This Court has considered the submissions of the parties regarding the entry of a revised protective order pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC"). Pursuant to the court's July 17, 2006 order, defendant is required to disclose to class counsel certain information protected by the Privacy Act of 1974, 5 U.S.C. § 552a. Accordingly, the following provisions shall govern the conduct of further proceedings in this action:

For any proceedings conducted in this action, the defendant is authorized to release to class counsel and, if appropriate, to this court, information relating to the individual potential class members' employment with the Federal Government, including former employee status information, and information contained in individual potential class members' Official Personnel Folders (OPFs), without obtaining prior written consent of the individuals to whom such information pertains. The disclosure of this information, which is subject to the Privacy Act, to the persons identified above is necessary for the administration of this class action. The disclosure of this information is subject to the following conditions:

1. All records, including electronic records, that are disclosed by the defendant pursuant to this order which identify individual class members or potential class members by name, social security number, or any other identifying particular, shall be stamped, or otherwise identified as being, "SUBJECT TO PROTECTIVE ORDER." Such records and all information derived from them may be used only in connection with this litigation. Under no circumstances may any Government records, or any information derived from them, that are disclosed pursuant to this order be used for any purpose, either directly or indirectly, not relating to this class action.

2. All records and information identifying individual class members and potential class members that are disclosed to class counsel pursuant to this order must be returned to defendant, or destroyed, no later than 30 days after final judgment in this action. Should class counsel elect to destroy the records rather than return them, class counsel shall certify in writing to the defendant that all such records and copies thereof have been destroyed.

3. Class counsel are allowed to use the names and addresses of class members obtained as a direct or indirect consequence of the release of information pursuant to this order only in connection with this litigation.

4. Records and information produced pursuant to this order may be disclosed by class counsel only to persons regularly in the employ of class counsel, or to independent contractors retained by class counsel, who have a need for the information in the performance of their specified duties relating only to this litigation. No protected information may be disclosed by class counsel to any other person, including any independent contractor, unless such person has been designated in writing to counsel for defendant at least ten days in advance of the disclosure. If objection is timely made, no protected information shall be disclosed without approval of the court.

5. Prior to disclosure of any protected information to any individual to whom disclosure is authorized by this order, each individual shall be provided with a copy of this order and shall be required to sign the attached "CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER" indicating that they have read and agree to abide by the terms of this order, prohibit the disclosure of protected information to anyone not authorized to receive it, prohibit the use of such information except in connection with this class action, and require the return of protected information to class counsel at the conclusion of this litigation. Certificates of compliance shall be provided by class counsel to counsel for defendant.

6. Any filings with the court that contain Privacy Act information produced pursuant to this order, i.e., information that identifies individual class members or potential class members by name, social security number, or other identifying particular, shall be made under seal and shall be identified as containing information that is subject to this order. A redacted version with as few redactions as possible should be filed on the public record.

**IT IS SO ORDERED.**

________________________

Francis M. Allegra
Judge

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| 1. Joseph Barnes<br>2. Kaylene Holub<br>3. Socorro Yosuico<br><br>for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | No. 04-1335C<br><br>(Judge Francis M. Allegra) |

**ATTACHMENT A**

**CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER**

I, ________________________________, certify my understanding that protected information is being provided to me pursuant to the restrictions of the protective order entered in *Joseph Barnes et al.* v. *United States,* No. 04-1335 C, in the United States Court of Federal Claims. I solemnly swear or affirm that I have reviewed a copy of the protective order, and that I will be bound by and comply with the terms of the order, including any amendments by the court. I understand that, except as provided in the protective order, at the conclusion of this litigation, all protected material, and any copies thereof, including but not limited to notes, summaries, digests, and transcriptions of such information, shall be returned to counsel for a party for disposition in accordance with the protective order.

Date: ____________________ Signed: ______________________________

Print Name: ____________________

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

1. Joseph Barnes
2. Kaylene Holub
3. Socorro Yosuico

for themselves and on behalf of all others similarly situated,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA

Defendant.

No. 04-1335C

(Judge Francis M. Allegra)

**REVISED PROTECTIVE ORDER**

This Court has considered the submissions of the parties regarding the entry of a **revised** protective order pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC"). Pursuant to the court's July 17, 2006 order, defendant is required to disclose to class counsel certain information protected by the Privacy Act of 1974, 5 U.S.C. § 552a. Accordingly, the following provisions shall govern the conduct of further proceedings in this action:

For any proceedings conducted in this action, the defendant is authorized to release to class counsel and, if appropriate, to this court, information relating to the individual potential class members' employment with the Federal Government, including former employee status information, and information contained in individual potential class members' Official Personnel Folders (OPFs), without obtaining prior written consent of the individuals to whom such information pertains. The disclosure of this information, which is subject to the Privacy Act, to the persons identified above is necessary for the administration of this class action. The disclosure of this information is subject to the following conditions:

1. All records, including electronic records, that are disclosed by the defendant pursuant to this order which identify individual class members or potential class members by name, social security number, or any other identifying particular, shall be stamped, or otherwise identified as being, "SUBJECT TO PROTECTIVE ORDER." Such records and all information derived from them may be used only ~~for purposes of identifying potential class members and providing class notice to them~~**in connection with this litigation**. Under no circumstances may any Government records, or any information derived from them, that are disclosed pursuant to this

order be used for any purpose, either directly or indirectly, not relating to this class action.

2. All records and information identifying individual class members and potential class members that are disclosed to class counsel pursuant to this order must be returned to defendant, or destroyed, no later than 30 days after final judgment in this action. Should class counsel elect to destroy the records rather than return them, class counsel shall certify in writing to the defendant that all such records and copies thereof have been destroyed.

3. Class counsel are allowed to use the names and addresses of class members obtained as a direct or indirect consequence of the release of information pursuant to this order ~~solely for the specific and exclusive purpose of identifying potential class members and providing class notice to them, and for no other purpose~~**only in connection with this litigation**.

4. Records and information produced pursuant to this order may be disclosed by class counsel only to persons regularly in the employ of class counsel, or to independent contractors retained by class counsel, who have a need for the information in the performance of their specified duties relating ~~to identifying potential class members and providing class notice to them~~**only to this litigation**. No protected information may be disclosed by class counsel to any other person, including any independent contractor, unless such person has been designated in writing to counsel for defendant at least ten days in advance of the disclosure. If objection is timely made, no protected information shall be disclosed without approval of the court.

5. Prior to disclosure of any protected information to any individual to whom disclosure is authorized by this order, each individual shall be provided with a copy of this order and shall be required to sign the attached "CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER" indicating that they have read and agree to abide by the terms of this order, prohibit the disclosure of protected information to anyone not authorized to receive it, prohibit the use of such information except in connection with this class action, and require the return of protected information to class counsel at the conclusion of this litigation. Certificates of compliance shall be provided by class counsel to counsel for defendant.

6. Any filings with the court that contain Privacy Act information produced pursuant to this order, i.e., information that identifies individual class members or potential class members by name, social security number, or other identifying particular, shall be made under seal and shall be identified as containing information that is subject to this order. A redacted version with as few redactions as possible should be filed on the public record.

**IT IS SO ORDERED.**

______________________

Francis M. Allegra
Judge

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| 1. Joseph Barnes<br>2. Kaylene Holub<br>3. Socorro Yosuico<br><br>for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | No. 04-1335C<br><br>(Judge Francis M. Allegra) |

**ATTACHMENT A**

**CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER**

I, ________________________________, certify my understanding that protected information is being provided to me pursuant to the restrictions of the protective order entered in *Joseph Barnes et al.* v. *United States,* No. 04-1335 C, in the United States Court of Federal Claims. I solemnly swear or affirm that I have reviewed a copy of the protective order, and that I will be bound by and comply with the terms of the order, including any amendments by the court. I understand that, except as provided in the protective order, at the conclusion of this litigation, all protected material, and any copies thereof, including but not limited to notes, summaries, digests, and transcriptions of such information, shall be returned to counsel for a party for disposition in accordance with the protective order.

Date: ____________________ Signed: ______________________________

Print Name: ____________________

Document comparison done by Workshare Professional on Monday, June 04, 2007 11:07:52 AM

| **Input:** | |
|---|---|
| Document 1 | interwovenSite://SANIDOCS/GT/6533849/1 |
| Document 2 | interwovenSite://SANIDOCS/GT/6533849/2 |
| Rendering set | DLAPiper |

| **Legend:** | |
|---|---|
| **Insertion** | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| **Moved to** | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| **Statistics:** | |
|---|---|
| | Count |
| Insertions | 5 |
| Deletions | 3 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 8 |