# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1. Joseph Barnes<br>2. Kaylene Holub<br>3. Socorro Yosuico<br><br>for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 04-1335C<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**<br><br>(Judge Allegra) |

## I. INTRODUCTION AND BACKGROUND.

Plaintiffs filed this action on behalf of themselves and other present and former employees of the United States within the Department of the Navy who regularly and customarily received night premium pay for their regularly scheduled hours of work, but which was not included in the "pay" to which they were entitled: (1) when they used accrued authorized leave for less than eight hours within a pay period under Title 5, Chapter 63, United States Code, or (2) when they were (or are) excused from duty on officially ordered holidays.

On November 3, 2005, the Court certified a class of persons meeting the following requirements:

(1) Non-military employees of the Department of the Navy who were or are employed after August 18, 1998;

(2) who worked "nightwork" as defined by 5 U.S.C. § 5545(a) or § 5545(b) at a hospital or medical facility operated by or for the Department of the Navy;

(3) whose premium pay for "nightwork" pursuant to § 5545 was unpaid for "periods of leave with pay during these hours" of less than eight (8) hours within a pay period; and/or

(4) whose "pay" for officially authorized holidays under 5 U.S.C. § 6103 and § 6104 was not "the same pay for that day as for a day on which an ordinary day's work is performed" because it did not include the "nightwork" premium pay for "periods of absence with pay during these hours due to holidays" pursuant to 5 U.S.C. § 5545.

*Barnes v. U.S.*, 68 Fed. Cl. 492, 503 (Fed. Cl. 2005).

The Court issued an order on January 4, 2007 allowing limited discovery with respect to "the three named plaintiffs and those individuals (of the ten previously noticed by plaintiffs) who have chosen to opt-in to the class." *See* Order, Jan. 4, 2007. Defendant served Plaintiffs with Interrogatories and Requests for Production by mail on March 28, 2007. Plaintiffs responded to these discovery requests and produced documents.[1]

Defendant's Interrogatories seek information that is almost exclusively in the sole possession, custody and control of Defendant (except for the few documents that Plaintiffs also had, which Plaintiffs already produced). Defendant's Interrogatories also seek information relating to the issue of class certification, which the Court already decided approximately 19 months ago. Plaintiffs objected to Defendant's Interrogatories on these and other grounds, and Defendant now seeks to compel Plaintiffs to answer the Interrogatories. As discussed below, the Court should deny Defendant's motion and require Defendant to produce the very documents that it purports to seek, which are in fact responsive to Plaintiffs' discovery requests.

---

[1] As discussed further in Part II below, Defendant's discovery requests were untimely; however, Plaintiffs served responses and documents out of an abundance of caution.

## II. DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE ITS DISCOVERY REQUESTS ARE UNTIMELY.

The Court's January 4, 2007 order permitted the parties to take discovery up to and including April 16, 2007. The Court did not extend this deadline by any other order. Defendant served its Interrogatories by mail on March 28, 2007. Under Rules 33(b)(3) and 6(e) of the Rules of the Court of Federal Claims ("RCFC"), Plaintiffs' responses to these Interrogatories would not be due until 33 days later, or April 30, 2007. This is two weeks after the discovery cutoff. Thus, Defendant's Interrogatories were untimely and Plaintiffs were not required to respond. The Court should deny Defendant's motion on this basis.

## III. DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFFS' RESPONSES WERE ADEQUATE.

Even if the Court determines that it will consider Defendant's motion, despite the untimeliness of the Interrogatories upon which the motion is based, Defendant's motion should be denied because Plaintiffs' objections were warranted, and Plaintiffs' responses were sufficient.[2]

### A. Plaintiffs' Responses to Defendant's Interrogatory Number 1 Were Sufficient.

#### 1. Plaintiffs' Objections to the Form of Defendant's Interrogatory Number 1 are Proper.

Defendant's Interrogatory Number 1 is as follows:

> For each plaintiff, Joseph Barnes, Kaylene Holub, and Socorro Yosuico, and for each of the following potential class members who has opted into the class, Julia Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A.

---

[2] Although Defendant's Interrogatories and Requests for Production of Documents were untimely, Plaintiffs timely served responses to Defendant's discovery requests out of an abundance of caution. Plaintiffs objected in both sets of responses to the untimeliness of Defendant's discovery requests.

> Salazar, and Zenaida Samar, identify by date range each pay period since August 18, 1998, in which the plaintiff or class member was regularly scheduled to work at night and was not paid the correct amount of night differential when the plaintiff or class member was on authorized leave with pay for periods that total less than eight hours within the pay period or was officially absent with pay due to a holiday; identify the nature and the amount of the error; explain why the error occurred; and, identify each document upon which you relied for your response.

(Defendant's First Set of Interrogatories and Requests for Production (hereafter, "Def.'s Rogs & RFPs"), attached as Exhibit 1 to the Declaration of Julie L. Schwartz ("Schwartz Decl."), at 1.)

The wording of Defendant's Interrogatory Number 1, in part because of the length, is difficult to follow and potentially subject to misinterpretation. Further, the phrase "nature . . . of the error" is unclear and undefined. Plaintiffs therefore preserved their objections as to the vague and ambiguous nature of this Interrogatory in the event they misinterpreted the precise nature of the requests contained therein.

Plaintiffs also objected that the Interrogatory is compound because it improperly combines multiple requests into a single Interrogatory. The RCFC and the Federal Rules of Civil Procedure limit the number of interrogatories a party may serve, which includes subparts of a single interrogatory. *See* RCFC 33(a); Fed. R. Civ. Proc. 33(a). Here, Defendant's Interrogatory Number 1 seeks (1) the date range for each pay period "in which the plaintiff or class member was regularly scheduled to work at night and was not paid the correct amount of night differential"; (2) "the nature and the amount of the error"; (3) an explanation regarding "why the error occurred"; and (4) an identification of "each document upon which you relied for your response." (Def.'s Rogs & RFPs at 1.) Even if the first two requests are treated as a single request because they seek the date range when Plaintiffs were not properly paid and amount of the error, the third and fourth subparts of this Interrogatory are each separate because they seek additional information. *See* Fed. R. Civ. Proc. 33(a) advisory committee's note (1993

amendment). These subparts should therefore be stated as separate interrogatories. Although Defendant has not exceeded the statutory limit on the total number of interrogatories at this time, Plaintiffs have preserved their objection in the event the Court may decide to grant further discovery in the future and Defendant may decide to serve additional interrogatories.

### 2. Plaintiffs' Objections to the Substance of Defendant's Interrogatory Number 1 are Proper.

In addition to preserving the objections discussed above, Plaintiffs also objected to this Interrogatory on the grounds that the information sought is available to Defendant.[3] Indeed, the vast majority of the information sought is in the sole possession, custody or control of Defendant. As noted in Plaintiffs' Responses to Defendant's Interrogatories (hereafter, "Pls.' Responses to Rogs," attached as Exhibit 2 to the Schwartz Decl.) and in Plaintiffs' "meet and confer" letter sent in reply to Defendant's "meet and confer" letter, only Defendant has knowledge and information as to "why the error occurred." (Pls.' Responses to Rogs at 4; Letter from Ms. Schwartz to Mr. Blades dated May 23, 2007 (hereafter, "May 23 Letter"), attached as Exhibit 3 to the Schwartz Declaration, at 1.) In fact, Plaintiffs have asked Defendant for this very information on numerous occasions, yet Defendant consistently refused to provide the information. For example, in response to Plaintiffs' requests that Defendant produce all documents sufficient to show why the three named Plaintiffs and the 10 additional, previously-identified Plaintiffs failed to receive night premium pay when they were on authorized leave of less than 8 hours in a pay period or excused from duty because of an official holiday, Defendant objected that the request "seek[s] to have Defendant draw certain legal conclusions or

---

[3] Plaintiffs also objected to the extent Defendant's Interrogatory seeks information protected by an individual's right to privacy, because employee pay information often contains private

conclusions as to the legal significance of certain information or documents, or both," and refused to answer the request. (Def.'s Responses to Pls.' First Request for Production of Documents, attached as Exhibit 4 to the Schwartz Declaration, at 10, 22-23.) Defendant has consistently taken the position that Plaintiffs are not entitled to inquire into the source or cause of the errors to or to determine whether they are the result of a systematic failure. Thus, for Defendant to now request this information, and to seek to compel Plaintiffs to provide it, is "ridiculous." (See Def.'s Mot. to Compel at 4; May 23 Letter at 1.)

Defendant also seeks to compel Plaintiffs to outline each and every instance since the start of the class period in August 1998 when an individual was entitled to night premium pay but did not receive it while on authorized annual leave of less than eight hours within a pay period or while absent because of a holiday. Defendant asserts in its motion to compel that "[p]resumably, before filing the complaint, plaintiffs possessed some factual basis for making those allegations [that plaintiffs did not receive the correct amount of pay under the specified circumstances] as to each named plaintiff." (Def.'s Mot. to Compel at 5.) Indeed, the factual basis for Plaintiffs' allegations is Defendant's own admissions in *Abrams v. United States*, 57 Fed.Cl. 439 (2003), that it failed to pay premium pay to 1,800 Navy employees, possibly because of "'data entry' problems." *See Barnes*, 68 Fed. Cl. at 497.

Moreover, with respect to Defendant's request for each and every instance of underpayment, most people do not, in the ordinary course, retain all records of this nature for an indefinite period of time. The class period commenced almost nine years ago; it is unrealistic to expect these employees to have retained all of their work schedule and pay-related documents for this length of time. Plaintiffs sent copies to Defendant of all non-privileged, responsive

---

information such as an individual's social security number, home address, and other protected

documents that the three named plaintiffs, and that the additional previously-identified 10 plaintiffs who opted in, had in their possession, custody and control.[4] These documents consist of Leave and Earning Statements and a few other documents relating to work schedules. Among these Leave and Earning Statements are documents that show the unlawful reduction in pay that is the subject of this class action suit.

Rule 33(d) of the RCFC and the Federal Rules of Civil Procedure provides that, where the answer to an interrogatory may be derived from business records, "and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford the party serving the interrogatory a reasonable opportunity to examine" or copy those documents. *See* RCFC 33(d); Fed. R. Civ. Proc. 33(d). The information sought in Defendant's Interrogatory Number 1 can be derived from the Leave and Earnings Statements of the named plaintiffs (including those of the additional 10 plaintiffs who opted in). Plaintiffs provided Defendant with copies of these non-privileged, responsive documents that they had in their possession, custody or control. The burden of deriving the information regarding the amount of the pay errors is the same for Defendant as it is for Plaintiffs. Therefore, pursuant to Rule 33(d), Plaintiffs have provided copies of the documents in Plaintiffs' possession, custody or control from which the requested information can be derived.

---

information.

[4] At the time Plaintiffs initially served documents in response to Defendant's Interrogatory Number 1, four of the 10 previously-identified plaintiffs had opted in (Lolita Deleon, Herminia Distor, Wilfred Haldane and Romeo Morgan). Subsequently – but before the April 30, 2007 first-round opt-in cutoff date – a fifth plaintiff (Robert Joseph Murphy, Jr.) opted in. Plaintiffs' therefore supplemented their production and provided to Defendant the responsive, non-privileged documents relating to Mr. Murphy.

Moreover, as Plaintiffs explained in their Responses to Defendant's Interrogatories and in their May 23 Letter, the information Defendant seeks in Interrogatory Number 1 regarding work schedules, leave and pay can be found in the Leave and Earnings Statements and other documents in *Defendant's* possession, custody or control. (Pls.' Responses to Rogs at 4; May 23 Letter at 1.) Unlike the individual Plaintiffs from whom Defendant seeks historical work schedule and pay information, Defendant does have access to all relevant Leave and Earnings Statements for these individuals. Defendant claims that it does not possess the Leave and Earnings Statements because they are provided directly to the employee and a copy is not generated for Defendant. This claim is misleading and inaccurate. Defendant has access to the computerized statements through the Defense Finance and Accounting Service ("DFAS"). Not only should Defendant's request to compel Plaintiffs to provide this information – which further information Plaintiffs do not have – be denied, but Defendant should be compelled to obtain this information from DFAS and provide it to Plaintiffs.[5]

Plaintiffs have repeatedly requested – including in Plaintiffs' Request for Production of Documents – that Defendant provide these Leave and Earnings Statements, yet Defendant refuses. Plaintiffs provided what they have. Defendants should be required to do the same. In employment cases, as with other types of cases, a plaintiff is entitled use discovery to prove his or her case with the defendant's documents. RCFC 26(b)(1); Fed. R. Civ. Proc. 26(b)(1). Defendant has not shown, or even claimed, that it would be unduly burdensome for it to access the electronically stored information from DFAS. *See* Fed. R. Civ. Proc. 26(b)(2)(B). Defendant should not be permitted to shirk its discovery obligations by misdirecting the Court and claiming

---

[5] To the extent that this issue of Defendants' failure to produce the Leave and Earnings Statements that Plaintiffs requested cannot be resolved at the upcoming June 22, 2007 status

that Plaintiffs have the requested information that Defendant has possessed all along. Defendant's motion to compel this pay and work schedule information should be denied.

### B. Plaintiffs' Responses to Defendant's Interrogatory Number 2 Were Sufficient.

Defendant's Interrogatory Number 2 requests:

> For each plaintiff, Joseph Barnes, Kaylene Holub, and Socorro Yosuico, compare your claims to the claims of other class members and explain in detail why your claim is typical of the claims of other class members, including what issues of fact or law you and other class members have in common.

(Def.'s Rogs & RFPs at 1.)

Plaintiffs objected that this Interrogatory is vague and ambiguous because Defendant does not define what it means by typical, and it is unclear what Defendant means when it says "compare your claims to the claims of other class members." The word "compare" can have an extremely broad interpretation, and it is not narrowed or defined. Further, "other class members" is vague and overbroad, as it could mean approximately 5,000 other individuals. Plaintiffs therefore preserved their objections regarding the vague and ambiguous nature of this Interrogatory in the event they misinterpreted the precise nature of the information requested.[6]

This Interrogatory only becomes somewhat more clear if it is interpreted to mean that Plaintiffs should explain why they have met the "typicality" and/or "commonality" requirements for class certification as defined by Rule 23 of the RCFC and Federal Rules of Civil Procedure, and the cases construing those statutes. Plaintiffs therefore objected to this Interrogatory because it seeks information regarding an allegation that is in the nature of a legal conclusion and because

---

conference, Plaintiffs intend to file a motion to compel.

it seeks irrelevant information. The issue of class certification, including the "typicality" and "commonality" requirements of class certification, has already been decided by this Court. The Court ruled in November 2005 that Plaintiffs satisfied the commonality requirement for class certification, citing as one example of a predominate common issue: "whether the Navy has systematically failed to pay the specified individuals premium pay for leave of less than eight hours per pay period or certain holidays in violation of various statutes." *Barnes*, 68 Fed. Cl. at 496-97. Similarly, the Court ruled that Plaintiffs satisfied the typicality requirement for class certification, holding, "the claims of the named plaintiffs appear to be typical of those in the described class. The only distinctions raised by defendant in this regard are inconsequential." *Id.* at 498-99.

Defendant's requests in its Interrogatory Number 2 for an explanation regarding why the named Plaintiffs' claims are "typical of the claims of other class members" and for an explanation regarding "what issues of fact or law [each named Plaintiff] and [the] other class members have in common," are therefore irrelevant requests for information relating to a legal allegation that this Court has already decided. As Plaintiffs stated in their May 23 Letter to Defendant, Plaintiffs have met their burden of proof on class certification, and class certification issues do not get retried at the trial on the merits. (May 23 Letter at 2.) Plaintiffs are not required to respond to this Interrogatory, and Defendant's motion to compel a response is moot and should be denied.

---

[6] Plaintiffs also preserved their objection based on the compound nature of this Interrogatory, which contains multiple requests within one interrogatory, in the event the Court may grant further discovery in the future and Defendant may serve additional interrogatories.

## IV. CONCLUSION.

Defendant's Interrogatories seek information that is either available only to Defendant (Interrogatory Number 1) or that is irrelevant because it relates to an issue that has already been decided by the Court (Interrogatory Number 2). Accordingly, Plaintiffs respectfully request that Defendant's motion be denied in its entirety, and that Defendant be required to produce the Leave and Earnings Statements from August 18, 1998 to the present for the three named plaintiffs and those individuals (of the ten previously noticed) who have opted in.

Dated: June 19, 2007

Respectfully Submitted,

s/ Robert W. Brownlie

Robert W. Brownlie
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Phone: (619) 699-2700
Fax: (619) 699-2701
Counsel for Plaintiffs

Of Counsel:
Julie L. Schwartz
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Phone: (619) 699-2700
Fax: (619) 699-2701

Ira Lechner
19811-4th Place
Escondido, CA 92029
Phone: (858) 864-2258
Fax: (760) 839-5755

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June, 2007, a copy of the foregoing "PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES" and the "DECLARATION OF JULIE L. SCHWARTZ were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert W. Brownlie