# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1. Joseph Barnes<br>2. Kaylene Holub<br>3. Socorro Yosuico<br><br>for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 04-1335C<br><br>**DECLARATION OF JULIE L. SCHWARTZ IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**<br><br>(Judge Allegra) |

I, Julie L. Schwartz, declare as follows:

1. I am an associate with DLA Piper US LLP, attorneys of record for Plaintiffs in this action. I am personally familiar with the following facts and, if called as a witness, could and would competently testify thereto.

2. Attached hereto as Exhibit 1 is a true and correct copy of Defendant's First Set of Interrogatories and Requests for Production of Documents, which was mail served on March 28, 2007.

3. Attached hereto as Exhibit 2 is a true and correct copy of Plaintiffs' Responses to Defendant's Interrogatories (Set 1), which was mail served on April 30, 2007.

4. Attached hereto as Exhibit 3 is a true and correct copy of a "meet and confer" letter I wrote to Reginald Blades, counsel for Defendant, dated May 23, 2007.

5. Attached hereto as Exhibit 4 is a true and correct copy of Defendant's Responses to Plaintiffs' First Request for Production of Documents, dated April 2, 2007.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 19th day of June, 2007, at San Diego, California.

JULIE L. SCHWARTZ

# EXHIBIT 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOSEPH BARNES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-1335 C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 33, and 34, of the Rules of the United States Court of Federal Claims, defendant requests that each named plaintiff and each class member known or to be added separately answer each of the interrogatories below separately and fully, in writing, and under oath.

Definitions and Instructions[1]

A. These interrogatories are continuing in nature to the extent provided in Rule 26(e). If you do not have present knowledge sufficient for any response or a complete response, or if any event has not yet occurred, you are requested to state so and to furnish a proper response or an additional response as soon as the information becomes available.

B. Give separate answers for each interrogatory or separate part of each interrogatory; do not join together and give a common answer to two or more interrogatories or separate parts.

C. When exact statistical or numerical information,

[1] These definitions and instructions apply also to defendant's requests for production of documents served with these interrogatories.

including dates or times, cannot be furnished, and an estimate or approximation is used, it should be indicated, and an explanation should be given as to the basis upon which the estimate or approximation was made. State the reason why exact information cannot be furnished.

D. When knowledge, information, or documents are requested, that request includes knowledge, information, or documents in the possession of the responding plaintiff or class member and his or her agents, representatives, investigators, experts, consultants, attorneys, or union. The pronoun "you" includes each named plaintiff, each current class member, and each class member to be added in this litigation, and the persons mentioned in the preceding sentence.

E. For any answer or portion of any answer to any of the following interrogatories not made on or by the present knowledge of the person signing or swearing to that answer, identify each person from whom information was obtained upon which the answer or part of the answer was based, and for each person identified, designate the number of each interrogatory for which he or she supplied information.

F. To the extent that you consider any of the following interrogatories objectionable, answer so much of each interrogatory and each part as is not objectionable in your view and separately state that part of each interrogatory as to which you raise objection and each ground for each objection.

G. The term "document" as used in these interrogatories

shall mean, without limitation, any kind of written or graphic matter, by whatever manner produced, reproduced, or maintained, including electronic media, that is now or ever has been in your possession, including, but not limited to, all correspondence (including electronically transmitted correspondence ("e-mail")) whether internal, between the parties or their representatives or between a plaintiff or class member and third parties, records (including electronic records), reports or memoranda concerning meetings and telephone conversations, tapes (audio or video) or transcripts of tapes, inspection or evaluation reports, logs, diaries, journals, trip reports, memoranda, manuals, evaluations, or interagency or intra-agency communications of any type.

INTERROGATORIES

INTERROGATORY NO. 1:

For each plaintiff, Joseph Barnes, Kaylene Holub, and Socorro Yosuico, and for each of the following potential class members who has opted into the class, Julia Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar, identify by date range each pay period since August 18, 1998, in which the plaintiff or class member was regularly scheduled to work at night and was not paid the correct amount of night differential when the plaintiff or class member was on authorized leave with pay for periods that total less than eight hours within the pay period or was officially absent with pay due to a holiday; identify the nature and the amount of the error; explain why the error occurred; and, identify each document upon which you relied for your response.

INTERROGATORY NO. 2:

For each plaintiff, Joseph Barnes, Kaylene Holub, and Socorro Yosuico, compare your claims to the claims of other class members and explain in detail why your claim is typical of the claims of other class members, including what issues of fact or law you and other class members have in common.

DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:

All documents the identification of which are requested in Defendant's First Set of Interrogatories.

REQUEST NO. 2:

All documents that reflect, refer to, relate to, or were relied upon in preparation of your responses to Defendant's First Set of Interrogatories.

REQUEST NO. 3:

All documents that refer or relate in any way to the issues in this litigation.

REQUEST NO. 4:

All documents, including copies of any time and attendance sheets, work schedules, and sign-in/sign-out sheets (muster sheets), reflecting for each plaintiff, Joseph Barnes, Kaylene Holub, Soccorro Yosuico, and for each of the following potential class members who has opted into the class, Julia Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar, scheduled work hours and actual hours, times and days worked during the period from August 18, 1998 through the present.

REQUEST NO. 5:

All documents, including leave slips, time and attendance sheets, and leave and earnings statements, reflecting when each plaintiff, Joseph Barnes, Kaylene, Holub, Soccorro Yosuico, and

each of the following potential class members who has opted into the class, Julia Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar, during the period from August 18, 1998 through the present, was on authorized leave for periods that total less than eight hours within a pay period or was officially absent with pay due to holidays at times when he or she was regularly scheduled to work at night.

REQUEST NO. 6:

All documents, including leave and earnings statements, for each plaintiff, Joseph Barnes, Kaylene Holub, Soccorro Yosuico, and for each of the following potential class members who has opted into the class, Julia Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar, for each pay period from August 18, 1998 through the present during which the plaintiff or class member was (1) regularly scheduled to work at night, (2) on authorized leave for periods that total less than eight hours within a pay period or officially absent with pay due to holidays, and (3) received night pay differential.

REQUEST NO. 7:

All documents, including leave and earnings statements, for each plaintiff, Joseph Barnes, Kaylene Holub, Soccorro Yosuico, and for each of the following potential class members who has

opted into the class, Julia Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar, for each pay period from August 18, 1998 through the present during which the plaintiff or class member was (1) regularly scheduled to work at night, (2) on authorized leave for periods that total less than eight hours within a pay period or officially absent due to holidays, and (3) failed to receive or failed to receive the correct amount of night pay differential.

REQUEST NO. 8:

All documents evidencing why each plaintiff, Joseph Barnes, Kaylene Holub, Soccorro Yosuico, and each of the following potential class members who has opted into the class, Julia Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar, believes that he or she has failed to receive or failed to receive the correct amount of night pay differential for any portion of the time that he or she was regularly scheduled to work at night but was on authorized paid leave for periods that total less than eight hours within a pay period or officially absent due to holidays.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

OF COUNSEL:

ROBYN L. McNISH
Attorney
Office of General Counsel
Department of the Navy
Washington, D.C.

REGINALD T. BLADES, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-8257
Facsimile: (202) 307-0972
reginald.blades@usdoj.gov

March 28, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 28th day of March, 2007, I caused to be placed in the United States mail (first class mail, postage pre-paid) copies of DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS" addressed as follows:

Robert W. Brownlie, Esquire
Curtis R. Cotton, Esquire
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297

___________________________________

# EXHIBIT 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1. Joseph Barnes<br>2. Kaylene Holub<br>3. Socorro Yosuico<br><br>for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | No. 04-1335C<br><br>(Judge Francis M. Allegra) |

**PLAINTIFFS' RESPONSES TO DEFENDANT'S**

**REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)**

**PRELIMINARY STATEMENT**

All of the responses contained herein are based only on such information that is presently available to and specifically known to Plaintiffs. It is anticipated that further discovery, independent investigation, legal research and analysis may supply additional facts, add additional meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses herein set forth.

The following responses are given without prejudice to Plaintiffs' right to produce evidence of any subsequently discovered fact or facts that Plaintiffs may later develop. The responses contained herein are made in a good faith effort to supply as much factual information as is presently known, but should in no way lead to the prejudice of Plaintiffs in relation to further discovery, research or analysis.

If Defendant subsequently asserts an interpretation of any individual Request that differs from Plaintiffs' understanding, Plaintiffs reserve the right to supplement the responses and objections herein. Plaintiffs' responses and objections are subject to this qualification, which applies to each Request contained in Defendant's First Set of Requests for Production, and which are incorporated in full by this reference to each and every response below as if set forth therein.

In providing responses to the demands, Plaintiffs do not in any manner waive or intend to waive, but rather intend to preserve and are preserving all rights to object to the use of any documents produced, or the subject matter thereof, in any subsequent proceedings.

## GENERAL OBJECTIONS

The following general objections are incorporated into each and every response below:

1. Plaintiffs object to Defendant's Document Requests as untimely. Pursuant to the Court's January 4, 2007 Order, discovery in this action may be taken only up to and including April 16, 2007. This discovery deadline was not extended by any other order. Accordingly, Defendant's Document Requests are untimely and Plaintiffs are not required to respond to them. Subject to and without waiving this objection, Plaintiffs are submitting these responses out of an abundance of caution.

2. Plaintiffs object to the Document Requests to the extent they seek discovery of matters that constitute or reflect work product of attorneys, material prepared in anticipation of litigation, attorney-client communications or are protected by privileges provided for under applicable federal law. Plaintiffs also object to any request to the extent that it seeks documents subject to the attorney-client privilege and/or work product doctrine. Plaintiffs further object to any request to the extent that it seeks documents protected or otherwise exempted from disclosure by the United States Constitution, the Federal Rules of Evidence, the Federal Rules of Civil Procedure ("FRCP"), the Rules of the Rules of the Court of Federal Claims ("RCFC"), and/or any other applicable statutory or common law privilege. Plaintiffs will respond only as required by law.

3. Plaintiffs object to these Document Requests to the extent that they seek documents unrelated and irrelevant to claims as described in Plaintiffs' Complaint or defenses as described in Defendant's Answer.

4. Plaintiffs object to any Document Request to the extent it calls for the production of documents containing Plaintiffs' legal conclusions and/or legal theories.

5. Plaintiffs expressly reserve their right to supplement these responses or to amend any response contained herein.

6. By responding that documents will be produced, Plaintiffs do not represent that such documents exist; rather, only that a reasonable good faith search for such documents will be made and, to the extent that such documents do exist, those documents will be produced subject to the objections stated.

**DEFINITIONS AND INSTRUCTIONS**

7. Plaintiffs object to the instructions as a whole that are incorporated in Defendant's Requests for Production to the extent they purport to impose requirements in addition to or other than those described in the Federal Rules of Evidence, the FRCP, or the RCFC.

8. Plaintiffs object to Defendant's purported definition of the term "you" to the extent that it renders each Document Request including these terms to be vague and ambiguous, as well as overly broad, unduly burdensome and oppressive. In particular, the definition of "you" purports to include "each class member to be added in this litigation." This renders the definition vague, ambiguous, overly broad and unduly burdensome. The purported definition of "you" also refers to "the persons mentioned in the preceding sentence." This also renders the definition vague and ambiguous. Plaintiffs further object to this definition to the extent that it causes each Document Request including these terms to call for production of documents protected by the attorney-client privilege, the attorney work product doctrine, and/or the privacy rights of individuals potentially encompassed by the definition.

9. Plaintiffs object to the definition of "document" to the extent it renders any Document Request overly broad and unduly burdensome.

**RESPONSES TO REQUESTS FOR PRODUCTION**

REQUEST NO. 1:

All documents the identification of which are requested in Defendant's First Set of Interrogatories.

RESPONSE TO REQUEST NO. 1:

Plaintiffs incorporate herein the General Objections set forth above. Subject to and without limiting the generality of the foregoing, Plaintiffs specifically object to this Request as follows: Plaintiffs object to this Request on the ground that it is overly broad and unduly burdensome. Plaintiffs also object to this Request to the extent it seeks documents protected by an individual's right to privacy.

Plaintiffs further object to this Request to the extent it seeks information available to the propounding party. First, only Defendant has knowledge and information as to "why the error occurred." Second, the information that the propounding party seeks in this Request regarding work schedules, leave, and pay can be found in the Leave and Earnings Statements and other documents in the possession, custody or control of the propounding party.

Subject to and without waiving these objections, Plaintiffs will produce all non-privileged, responsive documents in their possession, custody and control.

REQUEST NO. 2:

All documents that reflect, refer to, relate to, or were relied upon in preparation of your responses to Defendant's First Set of Interrogatories.

RESPONSE TO REQUEST NO. 2:

Plaintiffs incorporate herein the General Objections set forth above. Subject to and without limiting the generality of the foregoing, Plaintiffs specifically object to this Request as follows: Plaintiffs object to this Request on the ground that it is vague, ambiguous, overly broad and unduly burdensome. Plaintiffs also object to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, an individual's right to privacy and/or any other privilege or similar protection. Plaintiffs further object to this

Request on the basis that it seeks documents regarding an allegation that is in the nature of a legal conclusion rather than a factual contention.

Additionally, Plaintiffs object to this Request on the grounds that it seeks information that is irrelevant to this action and not calculated to lead to the discovery of admissible evidence. The Court's November 3, 2005 Order addresses the information sought in Defendant's Interrogatory No. 2. Thus, "why [a] claim is typical of the claims of other class members, including what issues of fact or law . . . [the] class members have in common" are no longer issues in this litigation.

Plaintiffs further object to this Request to the extent it seeks information available to the propounding party. First, only Defendant has knowledge, information and documents regarding the request in Defendant's Interrogatory No. 1 as to "why the error occurred." Second, the information that the Defendant seeks in its Interrogatory No. 1 regarding work schedules, leave, and pay can be found in the Leave and Earnings Statements and other documents in the possession, custody or control of the propounding party.

Subject to and without waiving these objections, Plaintiffs will produce all non-privileged, responsive documents in their possession, custody and control.

REQUEST NO. 3:

All documents that refer or relate in any way to the issues in this litigation.

RESPONSE TO REQUEST NO. 3:

Plaintiffs incorporate herein the General Objections set forth above. Subject to and without limiting the generality of the foregoing, Plaintiffs specifically object to this Request as follows: Plaintiffs object to this Request on the ground that it is vague, ambiguous, overly broad and unduly burdensome. Plaintiffs also object to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, an individual's right to privacy, and/or any other privilege or similar protection. Plaintiffs further object to this Request to the extent that it seeks documents regarding allegations that are in the nature of a legal conclusion rather than a factual contention.

Additionally, Plaintiffs object to this Request to the extent it seeks information available to the propounding party. Plaintiffs further object to this Request to the extent that it seeks information that is irrelevant to this action and not calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Plaintiffs will produce all non-privileged, responsive documents in their possession, custody and control.

REQUEST NO. 4:

All documents, including copies of any time and attendance sheets, work schedules, and sign-in/sign-out sheets (muster sheets), reflecting for each plaintiff, Joseph Barnes, Kaylene Holub, Soccorro Yosuico, and for each of the following potential class members who has opted into the class, Julia Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar, scheduled work hours and actual hours, times and days worked during the period from August 18, 1998 through the present.

RESPONSE TO REQUEST NO. 4:

Plaintiffs incorporate herein the General Objections set forth above. Subject to and without limiting the generality of the foregoing, Plaintiffs specifically object to this Request as follows: Plaintiffs object to this Request on the ground that it is overly broad and unduly burdensome. Plaintiffs also object to this Request to the extent it seeks documents protected by an individual's right to privacy.

Plaintiffs further object to this Request to the extent it seeks information available to the propounding party. The information that the propounding party seeks in this Request can be found in the time and attendance sheets, work schedules, sign-in/sign-out sheets, Leave and Earnings Statements and other documents in the possession, custody or control of the propounding party. Indeed, Defendant has already produced or stated that it will produce documents responsive to this Request, including timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules and employee history reports. Moreover, Plaintiffs have

requested that Defendant produce Leave and Earning Statements for the class members listed in this Request because Defendant has access to such Statements, but Defendant has not produced any Leave and Earnings Statements.

Subject to and without waiving these objections, Plaintiffs will produce all non-privileged, responsive documents in their possession, custody and control.

<u>REQUEST NO. 5</u>:

All documents, including leave slips, time and attendance sheets, and leave and earnings statements, reflecting when each plaintiff, Joseph Barnes, Kaylene, Holub, Soccorro Yosuico, and each of the following potential class members who has opted into the class, Julia Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar, during the period from August 18, 1998 through the present, was on authorized leave for periods that total less than eight hours within a pay period or was officially absent with pay due to holidays at times when he or she was regularly scheduled to work at night.

<u>RESPONSE TO REQUEST NO. 5</u>:

Plaintiffs incorporate herein the General Objections set forth above. Subject to and without limiting the generality of the foregoing, Plaintiffs specifically object to this Request as follows: Plaintiffs object to this Request on the ground that it is overly broad and unduly burdensome. Plaintiffs also object to this Request to the extent it seeks documents protected by an individual's right to privacy.

Plaintiffs further object to this Request to the extent it seeks information available to the propounding party. The information that the propounding party seeks in this Request can be found in the leave slips, time and attendance sheets, Leave and Earnings Statements and other documents in the possession, custody or control of the propounding party. Indeed, Defendant has already produced or stated that it will produce documents responsive to this Request, including timesheets, leave slips, overtime slips, and employee history reports. Moreover, Plaintiffs have requested that Defendant produce Leave and Earning Statements for the class

members listed in this Request because Defendant has access to such Statements, but Defendant has not produced any Leave and Earnings Statements.

Subject to and without waiving these objections, Plaintiffs will produce all non-privileged, responsive documents in their possession, custody and control.

REQUEST NO. 6:

All documents, including leave and earnings statements, for each plaintiff, Joseph Barnes, Kaylene Holub, Soccorro Yosuico, and for each of the following potential class members who has opted into the class, Julia Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar, for each pay period from August 18, 1998 through the present during which the plaintiff or class member was (1) regularly scheduled to work at night, (2) on authorized leave for periods that total less than eight hours within a pay period or officially absent with pay due to holidays, and (3) received night pay differential.

RESPONSE TO REQUEST NO. 6:

Plaintiffs incorporate herein the General Objections set forth above. Subject to and without limiting the generality of the foregoing, Plaintiffs specifically object to this Request as follows: Plaintiffs object to this Request on the ground that it is overly broad and unduly burdensome. Plaintiffs also object to this Request to the extent it seeks documents protected by an individual's right to privacy.

Plaintiffs further object to this Request to the extent it seeks information available to the propounding party. The information that the propounding party seeks in this Request can be found in the time and attendance sheets, work schedules, sign-in/sign-out sheets, Leave and Earnings Statements and other documents in the possession, custody or control of the propounding party. Indeed, Defendant has already produced or stated that it will produce documents responsive to this Request, including timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules and employee history reports. Moreover, Plaintiffs have requested that Defendant produce Leave and Earning Statements for the class members listed in

this Request because Defendant has access to such Statements, but Defendant has not produced any Leave and Earnings Statements.

Subject to and without waiving these objections, Plaintiffs will produce all non-privileged, responsive documents in their possession, custody and control.

REQUEST NO. 7:

All documents, including leave and earnings statements, for each plaintiff, Joseph Barnes, Kaylene Holub, Soccorro Yosuico, and for each of the following potential class members who has opted into the class, Julia Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar, for each pay period from August 18, 1998 through the present during which the plaintiff or class member was (1) regularly scheduled to work at night, (2) on authorized leave for periods that total less than eight hours within a pay period or officially absent due to holidays, and (3) failed to receive or failed to receive the correct amount of night pay differential.

RESPONSE TO REQUEST NO. 7:

Plaintiffs incorporate herein the General Objections set forth above. Subject to and without limiting the generality of the foregoing, Plaintiffs specifically object to this Request as follows: Plaintiffs object to this Request on the ground that it is overly broad and unduly burdensome. Plaintiffs also object to this Request to the extent it seeks documents protected by an individual's right to privacy.

Plaintiffs further object to this Request to the extent it seeks information available to the propounding party. The information that the propounding party seeks in this Request can be found in the time and attendance sheets, work schedules, sign-in/sign-out sheets, Leave and Earnings Statements and other documents in the possession, custody or control of the propounding party. Indeed, Defendant has already produced or stated that it will produce documents responsive to this Request, including timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules and employee history reports. Moreover, Plaintiffs have

requested that Defendant produce Leave and Earning Statements for the class members listed in this Request because Defendant has access to such Statements, but Defendant has not produced any Leave and Earnings Statements.

Subject to and without waiving these objections, Plaintiffs will produce all non-privileged, responsive documents in their possession, custody and control.

REQUEST NO. 8:

All documents evidencing why each plaintiff, Joseph Barnes, Kaylene Holub, Soccorro Yosuico, and each of the following potential class members who has opted into the class, Julia Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar, believes that he or she has failed to receive or failed to receive the correct amount of night pay differential for any portion of the time that he or she was regularly scheduled to work at night but was on authorized paid leave for periods that total less than eight hours within a pay period or officially absent due to holidays.

RESPONSE TO REQUEST NO. 8:

Plaintiffs incorporate herein the General Objections set forth above. Subject to and without limiting the generality of the foregoing, Plaintiffs specifically object to this Request as follows: Plaintiffs object to this Request on the ground that it is overly broad and unduly burdensome. Plaintiffs also object to this Request to the extent it seeks documents protected by an individual's right to privacy. Plaintiffs further object to this Request to the extent it seeks information available to the propounding party.

Additionally, Plaintiffs object to this Request on the grounds that it seeks information that is irrelevant to this action and not calculated to lead to the discovery of admissible evidence. In particular, an individual Plaintiff's "belie[f]" as to why he or she failed to receive the correct amount of night pay differential is irrelevant to this action.

Dated: April 27, 2007

Robert W. Brownlie
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701

Counsel for Plaintiffs

Of Counsel:

Julie L. Schwartz
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701

Ira M. Lechner
19811-4th Pl.
Escondido, CA 92029
Telephone: (858) 864-2258
Facsimile: (760) 839-5755

**CERTIFICATE OF SERVICE**

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within cause. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, CA 92101.

I am familiar with DLA Piper US LLP's practice for collection and processing of correspondence for Federal Express, and that all correspondence will be deposited with Federal Express the same day during the ordinary course of business.

I served the following document(s) described as: **PLAINTIFFS' RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)** on April 27, 2007 on the following parties to this cause by placing a true copy of each document in a separate envelope addressed as follows:

Reginald T. Blades, Jr., Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.S.
8th Floor
Washington, D.C. 20530
Ph: (202) 514-7300
Fax: (202) 307-0972
Email: Reginald.Blades@usdoj.gov

Attorneys for Defendant

I then sealed each envelope and placed each for deposit with Federal Express, this same day, at my business address shown above, following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 27, 2007, at San Diego, California.

Tammy Hill

# EXHIBIT 3

DLA PIPER

**DLA Piper US LLP**
401 B Street, Suite 1700
San Diego, California 92101-4297
www.dlapiper.com

Julie L. Schwartz
julie.schwartz@dlapiper.com
**T** 619.699.2637
**F** 619.764.6637

OUR FILE NO. 356616-1

May 23, 2007
*VIA FEDERAL EXPRESS AND EMAIL*

Reginald T. Blades, Jr., Esq.
Senior Trial Counsel
Commercial Litigation Branch, Civil Div.
Department of Justice
Attn: Classification Unit, 8th Fl.
1100 L Street, NW
Washington, D.C. 20530

**Re: Barnes, et al. v. USA**

Dear Mr. Blades:

This is in response to your letter dated May 18, 2007 regarding Plaintiffs' responses to Defendant's interrogatories and requests for production of documents.

With respect to Defendant's Interrogatory No. 1, Defendant asserts that Plaintiffs' objections are improper and that "providing some leave and earnings statements does not satisfy [P]laintiffs' obligation to answer the interrogatory." First, as you are aware, most people in the ordinary course do not keep all records of this nature for an indefinite period of time. Moreover, Defendant, as an employer, has all of this information. Pursuant to Rule 33(d) of the Rules of the Court of Federal Claims and Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiffs have produced all responsive, non-privileged records in Plaintiffs' possession, custody or control relating to the original 3 Plaintiffs and those Plaintiffs of the additional 10 previously identified who had opted in as of the date we produced the documents. Furthermore, Defendant bears the burden of producing responses to discovery. Plaintiffs have asked for this information and Defendant has failed to produce the documents (e.g., Leave and Earnings Statements) despite Defendant having access to this information. In employment cases, as with many other types of cases, plaintiffs are permitted to use discovery to prove their case with the defendant's documents.

As to Defendant's request regarding the basis for each of Plaintiffs' claims, the basis for the claims is Defendant's failure to pay night premium pay to Plaintiffs, who regularly and customarily received night premium pay for their regularly scheduled hours of work, when those Plaintiffs were (or are) excused from work on a holiday, and/or when they use(d) accrued authorized leave for less than eight hours within a pay period.

With respect to Defendant's claim that it "has a right to know" about "any allegation regarding why the error occurred," Plaintiffs have repeatedly asked Defendant to explain how this occurred, but Defendant has steadfastly refused to provide that information. In fact, you represented to the Court that the reason for the error is irrelevant because the Court cannot issue an injunction requiring a correction. To now come back to Plaintiffs seeking this information is ridiculous. It is heads I win, tails you lose. We are confident the Government knows the cause of the problem, and that it is a systematic problem that affects a class of civilian employees of the Department of Defense that is far broader than the class that was certified. Give us the discovery, and we will give you the explanation.

DLA PIPER



With respect to Defendant's Interrogatory No. 2, and Defendant's request that "each of the three named [P]laintiffs . . . explain why his or her claim is typical of the claims of other class members," Plaintiffs have met their burden of proof on class certification. Class certification issues do not get retried at the trial on the merits. Again, if you provide us the discovery into the cause of the failure to pay the correct amounts owed, we will provide you the explanation.

With respect to Defendant's request for confirmation regarding the documents Plaintiffs produced, we have given you what we have been able to locate for the three named plaintiffs and for those of the 10 additional plaintiffs that had opted in as of the date of our production. Since that date, a fifth Plaintiff from the list of 10 plaintiffs, Robert Joseph Murphy, Jr. has opted in. His opt-in form was postmarked prior to April 30, 2007 (a copy was sent to you previously); therefore he is properly added to the class. We have enclosed documents relating to Mr. Murphy, which were not previously produced. Our discovery and investigation is continuing and we will produce any additional responsive, non-privileged documents that may subsequently become available.

Very truly yours,

**DLA Piper US LLP**

Julie L. Schwartz
Associate

Admitted to practice in California

JLS:th

Enclosures

cc: Ira Lechner, Esq. (w/o encls.)
Robert Brownlie, Esq. (w/o encls.)

GT\6532453.1
356616-1

# EXHIBIT 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOSEPH BARNES, et al., Plaintiffs, | ) | |
| v. | ) | No. 04-1335 C (Judge Allegra) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S RESPONSES TO PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, provides the following responses to plaintiffs' first request for production of documents. Defendant reserves the right to supplement its responses, including any objections that may be applicable, based upon any additional information that may be discovered subsequent to this response.

GENERAL OBJECTIONS AND QUALIFICATIONS

Defendant asserts and incorporates by reference the following general objections to plaintiffs' document requests as though they are set forth in full in each response:

1. Defendant objects to plaintiffs' request that documents be produced at the offices of its attorneys. In accord with the rules of the Court, non-privileged documents responsive to each request to which we do not otherwise object will be made available for plaintiffs' counsel to collect from defendant's counsel or will be produced for plaintiff's inspection and copying as they are kept in the usual course of business, at the option of defendant's counsel.

2. Defendant objects to the extent plaintiffs' definitions exceed the requirements of the Rules of the United States Court of Federal Claims.

3. Defendant objects to the requests upon the grounds and to the extent that, by them, plaintiffs seek to have defendant draw certain legal conclusions or conclusions as to the legal significance of certain information or documents, or both, which is not the purpose of discovery requests.

4. Defendant objects to plaintiffs' requests to the extent that any of them seek documents protected by the attorney-client privilege, the deliberative process privilege, or any other evidentiary privilege, or are protected from disclosure under applicable law, including the Privacy Act of 1974, 5 U.S.C. § 552a, or the work product protection.

5. Defendant objects to plaintiffs' requests upon the grounds and to the extent that, by them, plaintiffs seek from defendant documents prepared or developed in anticipation of litigation or for trial when plaintiffs have not shown that they have substantial need for such materials in the preparation of their case in that plaintiffs are unable, without undue hardship, to obtain the substantial equivalent of such information by other means. We, therefore, have neither produced nor identified any documents developed, generated, or created subsequent to the filing of the complaint that constitute or contain attorney-client communications or attorney work product relating to our preparation of the defense in this action.

6. Defendant objects to plaintiffs' requests upon the grounds and to the extent that, by them, plaintiffs seek the discovery of documents that are irrelevant or immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

7. Defendant objects to plaintiffs' requests upon the grounds that the manner in which they are worded, when read with their definitions, are so vague, broad, general, and all inclusive that they do not permit a proper or reasonable response and are, therefore, unduly burdensome and oppressive.

8. Defendant objects to any inference that can be drawn from any portion of the discovery requests, or these responses to them, that the information requested or events referred to in the requests actually exist or occurred. The failure to object to each such inference in no way constitutes an admission by defendant that such information exists or that such events actually occurred.

9. Defendant objects to plaintiffs' requests for production of documents numbers 12 through 22 to the extent that they request documents associated with persons who are neither plaintiffs nor class members and to the extent that they exceed the scope of the limited discovery currently authorized by the Court.

10. Without waiving the above objections, defendant will provide only relevant, non-privileged documents currently available to it, subject only to the requirements for

supplementation of responses contained in Rule 26(e).

11. Defendant's responses are based upon the present knowledge of, and information provided to, counsel. Discovery proceedings are continuing, and defendant will provide additional non-privileged information responsive to these requests as it becomes known and available to counsel. In addition, defendant reserves the right to assert legal or factual contentions, including any applicable objections, not set forth in its present responses.

12. To the extent that these documents may contain privileged or otherwise protected information, including (but not limited to) information protected from disclosure by the Privacy Act, our production of such documents for inspection and copying by plaintiffs shall not constitute a waiver of any applicable privileges and shall be covered by the protective order entered in this case.

DEFENDANT'S RESPONSES TO PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Request No. 1:

All documents, including Bi-Weekly Time and Attendance Sheets, reflecting Joseph Barnes, Kaylene Holub, and Socorro Yosuico's attendance, including scheduled hours, timesheets, and actual hours, times and days worked, during the period from August 18, 1998 through present.

Response:

Defendant objects to this request because the term "reflecting" is vague, ambiguous, uncertain, and overly broad, requiring defendant to speculate as to the nature and scope of the documents sought. Defendant objects to this request also upon the grounds and to the extent that, by it, plaintiffs seek to have defendant draw certain legal conclusions or conclusions as to the legal significance of certain information or documents, or both, which is not the purpose of discovery requests.

Without waiving these or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 2:

All documents, including schedules or posted schedules, sufficient to show when each of Joseph Barnes, Kaylene Holub, and Socorro Yosuico were regularly scheduled to work at night within the meaning of 5 U.S.C. § 5545(a) during the period of August 18, 1998 through present.

Response:

Defendant objects to this request because the term "sufficient" is vague, ambiguous, uncertain, and overly broad, requiring defendant to speculate as to the nature and scope of the documents sought. Defendant objects to this request also upon the grounds and to the extent that, by it, plaintiffs seek to have defendant draw certain legal conclusions or conclusions as to the legal significance of certain information or documents, or both, which is not the purpose of discovery requests. Further, we note that because 5 U.S.C. § 5545(a) applies to only general schedule employees, the request, by its terms, is limited to documents associated with general schedule employees.

Without waiving these or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 3:

All documents sufficient to show when each of Joseph Barnes, Kaylene Holub, and Socorro Yosuico were on authorized paid leave for periods of less than eight (8) hours within a pay period or when they were excused from duty on officially authorized holidays at times when they were regularly scheduled to work at night within the meaning of 5 U.S.C. § 5545(a) during the period of August 18, 1998 through present.

Response:

Defendant objects to this request because the term "sufficient" is vague, ambiguous, uncertain, and overly broad, requiring defendant to speculate as to the nature and scope of the documents sought. Defendant objects to this request also upon the grounds and to the extent that, by it, plaintiffs seek to have defendant draw certain legal conclusions or conclusions as to the legal significance of certain information or documents, or both, which is not the purpose of discovery requests. Further, we note that because 5 U.S.C. § 5545(a) applies to only general schedule employees, the request, by its terms, is limited to documents associated with general schedule employees.

Without waiving these or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips,

work schedules, and employee history reports.

Request No. 4:

All Leave and Earning Statements for Joseph Barnes, Kaylene Holub, and Socorro Yosuico for each pay period from August 18, 1998 through the present during which they were regularly scheduled to work at night within the meaning of 5 U.S.C. § 5545(a).

Response:

We note that because 5 U.S.C. § 5545(a) applies to only general schedule employees, the request, by its terms, is limited to documents associated with general schedule employees.

Further, defendant objects to the request because it is overly broad and unduly burdensome. The request purports to impose upon defendant the burden of producing documents that are not in defendant's possession, custody or control, that cannot be found in the course of a reasonable search, and that are obtainable by plaintiffs from some other source that is more convenient, less burdensome, or less expensive. An individual employee is the person most likely to possess the employee's earnings and leave statements.

Earnings and leave statements are provided directly to employees. A copy is not generated for defendant. Defendant, therefore, does not possess copies of earnings and leave statements. We note that earnings and leave statements for individual employees for the most recent 26 pay periods are

available on-line to the individual employee.

Without waiving these or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 5:

All Leave and Earning Statements for Joseph Barnes, Kaylene Holub, and Socorro Yosuico for each pay period from August 18, 1998 through the present during which they were regularly scheduled to work at night within the meaning of 5 U.S.C. § 5545(a) and they were on authorized paid leave for periods of less than eight (8) hours within a pay period or when they were excused from duty on officially authorized holidays at times when they were regularly scheduled to work at night.

Response:

We note that because 5 U.S.C. § 5545(a) applies to only general schedule employees, the request, by its terms, is limited to documents associated with general schedule employees.

Further, defendant objects to the request because it is overly broad and unduly burdensome. The request purports to impose upon defendant the burden of producing documents that are not in defendant's possession, custody or control, that cannot be

found in the course of a reasonable search, and that are obtainable by plaintiffs from some other source that is more convenient, less burdensome, or less expensive. An individual employee is the person most likely to possess the employee's earnings and leave statements.

Earnings and leave statements are provided directly to employees. A copy is not generated for defendant. Defendant, therefore, does not possess copies of earnings and leave statements. We note that earnings and leave statements for individual employees for the most recent 26 pay periods are available on-line to the individual employee.

Without waiving these or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 6:

All Leave and Earning Statements for Joseph Barnes, Kaylene Holub, and Socorro Yosuico for each pay period from August 18, 1998 through the present during which they were (1) regularly scheduled to work at night within the meaning of 5 U.S.C. § 5545(a), (2) on authorized paid leave for periods of less than eight (8) hours within a pay period or when they were excused

from duty on officially authorized holidays at times when they were regularly scheduled to work at night and (3) received night premium pay authorized under 5 U.S.C. § 5545(a).

Response:

We note that because 5 U.S.C. § 5545(a) applies to only general schedule employees, the request, by its terms, is limited to documents associated with general schedule employees.

Further, defendant objects to the request because it is overly broad and unduly burdensome. The request purports to impose upon defendant the burden of producing documents that are not in defendant's possession, custody or control, that cannot be found in the course of a reasonable search, and that are obtainable by plaintiffs from some other source that is more convenient, less burdensome, or less expensive. An individual employee is the person most likely to possess the employee's earnings and leave statements.

Earnings and leave statements are provided directly to employees. A copy is not generated for defendant. Defendant, therefore, does not possess copies of earnings and leave statements. We note that earnings and leave statements for individual employees for the most recent 26 pay periods are available on-line to the individual employee.

Without waiving these or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules

and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 7:

All Leave and Earning Statements for Joseph Barnes, Kaylene Holub, and Socorro Yosuico for each pay period from August 18, 1998 through the present during which they were (1) regularly scheduled to work at night within the meaning of 5 U.S.C. § 5545(a), (2) on authorized paid leave for periods of less than eight (8) hours within a pay period or when they were excused from duty on officially authorized holidays at times when they were regularly scheduled to work at night and (3) failed to receive night premium pay authorized under 5 U.S.C. § 5545(a) for any portion of the time that they were regularly scheduled to work at night.

Response:

We note that because 5 U.S.C. § 5545(a) applies to only general schedule employees, the request, by its terms, is limited to documents associated with general schedule employees.

Further, defendant objects to the request because it is overly broad and unduly burdensome. The request purports to impose upon defendant the burden of producing documents that are not in defendant's possession, custody or control, that cannot be found in the course of a reasonable search, and that are obtainable by plaintiffs from some other source that is more

convenient, less burdensome, or less expensive. An individual employee is the person most likely to possess the employee's earnings and leave statements.

Earnings and leave statements are provided directly to employees. A copy is not generated for defendant. Defendant, therefore, does not posses copies of earnings and leave statements. We note that earnings and leave statements for individual employees for the most recent 26 pay periods are available on-line to the individual employee.

Without waiving these or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 8:

All documents sufficient to show why Joseph Barnes, Kaylene Holub, and Socorro Yosuico failed to receive night premium pay authorized under 5 U.S.C. § 5545(a) for any portion of the time that they were regularly scheduled to work at night, but were on authorized paid leave for periods of less than eight (8) hours within a pay period or when they were excused from duty on officially authorized holidays at times when they were regularly scheduled to work at night.

Response:

Defendant objects to this request because the term "sufficient" is vague, ambiguous, uncertain, and overly broad, requiring defendant to speculate as to the nature and scope of the documents sought. Defendant objects to this request also upon the grounds and to the extent that, by it, plaintiffs seek to have defendant draw certain legal conclusions or conclusions as to the legal significance of certain information or documents, or both, which is not the purpose of discovery requests. Further, we note that because 5 U.S.C. § 5545(a) applies to only general schedule employees, the request, by its terms, is limited to documents associated with general schedule employees.

Without waiving these or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 9:

All Leave and Earning Statements for Joseph Barnes, Kaylene Holub, and Socorro Yosuico for each pay period from August 18, 1998 through the present.

Response:

Defendant objects to the request because it is overly broad

and unduly burdensome. The request purports to impose upon defendant the burden of producing documents that are not in defendant's possession, custody or control, that cannot be found in the course of a reasonable search, and that are obtainable by plaintiffs from some other source that is more convenient, less burdensome, or less expensive. An individual employee is the person most likely to possess the employee's earnings and leave statements.

Earnings and leave statements are provided directly to employees. A copy is not generated for defendant. Defendant, therefore, does not posses copies of earnings and leave statements. We note that earnings and leave statements for individual employees for the most recent 26 pay periods are available on-line to the individual employee.

Without waiving these or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 10:

All documents showing any underpayment of night premium pay for Joseph Barnes, Kaylene Holub, and Socorro Yosuico for each pay period from August 18, 1998 through the present.

Response:

Defendant objects to this request upon the grounds and to the extent that, by it, plaintiffs seek to have defendant draw certain legal conclusions or conclusions as to the legal significance of certain information or documents, or both, which is not the purpose of discovery requests.

Without waiving this or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 11:

All documents showing any overpayment of night premium pay for Joseph Barnes, Kaylene Holub, and Socorro Yosuico for each pay period from August 18, 1998 through the present.

Response:

Defendant objects to this request upon the grounds and to the extent that, by it, plaintiffs seek to have defendant draw certain legal conclusions or conclusions as to the legal significance of certain information or documents, or both, which is not the purpose of discovery requests.

Without waiving this or any of the general objections raised above, non-privileged documents that we are able to locate

without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 12:

All documents, including Bi-Weekly Time and Attendance Sheets, reflecting Julie Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar's attendance, including scheduled hours, timesheets, and actual hours, times and days worked, during the period from August 18, 1998 through present.

Response:

Defendant objects to this request because the term "reflecting" is vague, ambiguous, uncertain, and overly broad, requiring defendant to speculate as to the nature and scope of the documents sought. Defendant objects to this request also upon the grounds and to the extent that, by it, plaintiffs seek to have defendant draw certain legal conclusions or conclusions as to the legal significance of certain information or documents, or both, which is not the purpose of discovery requests.

Without waiving these or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have

been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 13:

All documents, including schedules or posted schedules, sufficient to show when each of Julie Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar were regularly scheduled to work at night within the meaning of 5 U.S.C. § 5545(a) during the period of August 18, 1998 through present.

Response:

Defendant objects to this request because the term "sufficient" is vague, ambiguous, uncertain, and overly broad, requiring defendant to speculate as to the nature and scope of the documents sought. Defendant objects to this request also upon the grounds and to the extent that, by it, plaintiffs seek to have defendant draw certain legal conclusions or conclusions as to the legal significance of certain information or documents, or both, which is not the purpose of discovery requests. Further, we note that because 5 U.S.C. § 5545(a) applies to only general schedule employees, the request, by its terms, is limited to documents associated with general schedule employees.

Without waiving these or any of the general objections

raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 14:

All documents sufficient to show when each of Julie Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar were on authorized paid leave for periods of less than eight (8) hours within a pay period or when they were excused from duty on officially authorized holidays at times when they were regularly scheduled to work at night within the meaning of 5 U.S.C. § 5545(a) during the period of August 18, 1998 through present.

Response:

Defendant objects to this request because the term "sufficient" is vague, ambiguous, uncertain, and overly broad, requiring defendant to speculate as to the nature and scope of the documents sought. Defendant objects to this request also upon the grounds and to the extent that, by it, plaintiffs seek to have defendant draw certain legal conclusions or conclusions as to the legal significance of certain information or documents, or both, which is not the purpose of discovery requests.

Further, we note that because 5 U.S.C. § 5545(a) applies to only general schedule employees, the request, by its terms, is limited to documents associated with general schedule employees.

Without waiving these or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 15:

All Leave and Earning Statements for Julie Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar for each pay period from August 18, 1998 through the present during which they were regularly scheduled to work at night within the meaning of 5 U.S.C. § 5545(a).

Response:

We note that because 5 U.S.C. § 5545(a) applies to only general schedule employees, the request, by its terms, is limited to documents associated with general schedule employees.

Further, defendant objects to the request because it is overly broad and unduly burdensome. The request purports to impose upon defendant the burden of producing documents that are

not in defendant's possession, custody or control, that cannot be found in the course of a reasonable search, and that are obtainable by plaintiffs from some other source that is more convenient, less burdensome, or less expensive. An individual employee is the person most likely to possess the employee's earnings and leave statements.

Earnings and leave statements are provided directly to employees. A copy is not generated for defendant. Defendant, therefore, does not possess copies of earnings and leave statements. We note that earnings and leave statements for individual employees for the most recent 26 pay periods are available on-line to the individual employee.

Without waiving these or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 16:

All Leave and Earning Statements for Julie Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar for each pay period from August 18, 1998 through the present during which they were regularly

scheduled to work at night within the meaning of 5 U.S.C. § 5545(a) and they were on authorized paid leave for periods of less than eight (8) hours within a pay period or when they were excused from duty on officially authorized holidays at times when they were regularly scheduled to work at night.

Response:

We note that because 5 U.S.C. § 5545(a) applies to only general schedule employees, the request, by its terms, is limited to documents associated with general schedule employees.

Further, defendant objects to the request because it is overly broad and unduly burdensome. The request purports to impose upon defendant the burden of producing documents that are not in defendant's possession, custody or control, that cannot be found in the course of a reasonable search, and that are obtainable by plaintiffs from some other source that is more convenient, less burdensome, or less expensive. An individual employee is the person most likely to possess the employee's earnings and leave statements.

Earnings and leave statements are provided directly to employees. A copy is not generated for defendant. Defendant, therefore, does not possess copies of earnings and leave statements. We note that earnings and leave statements for individual employees for the most recent 26 pay periods are available on-line to the individual employee.

Without waiving these or any of the general objections raised above, non-privileged documents that we are able to locate

without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 17:

All Leave and Earnings Statements for Julie Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar for each pay period from August 18, 1998 through the present during which they were (1) regularly scheduled to work at night within the meaning of 5 U.S.C. § 5545(a), (2) on authorized paid leave for periods of less than eight (8) hours within a pay period or when they were excused from duty on officially authorized holidays at times when they were regularly scheduled to work at night and (3) received night premium pay authorized under U.S.C. § 5545(a).

Response:

We note that because 5 U.S.C. § 5545(a) applies to only general schedule employees, the request, by its terms, is limited to documents associated with general schedule employees.

Further, defendant objects to the request because it is overly broad and unduly burdensome. The request purports to impose upon defendant the burden of producing documents that are not in defendant's possession, custody or control, that cannot be

found in the course of a reasonable search, and that are obtainable by plaintiffs from some other source that is more convenient, less burdensome, or less expensive. An individual employee is the person most likely to possess the employee's earnings and leave statements.

Earnings and leave statements are provided directly to employees. A copy is not generated for defendant. Defendant, therefore, does not possess copies of earnings and leave statements. We note that earnings and leave statements for individual employees for the most recent 26 pay periods are available on-line to the individual employee.

Without waiving these or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 18:

All Leave and Earnings Statements for Julie Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar for each pay period from August 18, 1998 through the present during which they were (1) regularly scheduled to work at night within the meaning of 5 U.S.C.

§ 5545(a), (2) on authorized paid leave for periods of less than eight (8) hours within a pay period or when they were excused from duty on officially authorized holidays at times when they were regularly scheduled to work at night and (3) failed to receive night premium pay authorized under U.S.C. § 5545(a) for any portion of the time that they were regularly scheduled to work at night.

Response:

We note that because 5 U.S.C. § 5545(a) applies to only general schedule employees, the request, by its terms, is limited to documents associated with general schedule employees.

Further, defendant objects to the request because it is overly broad and unduly burdensome. The request purports to impose upon defendant the burden of producing documents that are not in defendant's possession, custody or control, that cannot be found in the course of a reasonable search, and that are obtainable by plaintiffs from some other source that is more convenient, less burdensome, or less expensive. An individual employee is the person most likely to possess the employee's earnings and leave statements.

Earnings and leave statements are provided directly to employees. A copy is not generated for defendant. Defendant, therefore, does not possess copies of earnings and leave statements. We note that earnings and leave statements for individual employees for the most recent 26 pay periods are available on-line to the individual employee.

Without waiving these or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 19:

All documents sufficient to show why Julie Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar failed to receive night premium pay authorized under 5 U.S.C. § 5545(a) for any portion of the time that they were regularly scheduled to work at night, but were on authorized paid leave for periods of less than eight (8) hours within a pay period or when they were excused from duty on officially authorized holidays at times when they were regularly scheduled to work at night.

Response:

Defendant objects to this request because the term "sufficient" is vague, ambiguous, uncertain, and overly broad, requiring defendant to speculate as to the nature and scope of the documents sought. Defendant objects to this request also upon the grounds and to the extent that, by it, plaintiffs seek to have defendant draw certain legal conclusions or conclusions

as to the legal significance of certain information or documents, or both, which is not the purpose of discovery requests. Further, we note that because 5 U.S.C. § 5545(a) applies to only general schedule employees, the request, by its terms, is limited to documents associated with general schedule employees.

Without waiving these or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 20:

All Leave and Earnings Statements for Julie Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar for each pay period from August 18, 1998 through the present.

Response:

Defendant objects to the request because it is overly broad and unduly burdensome. The request purports to impose upon defendant the burden of producing documents that are not in defendant's possession, custody or control, that cannot be found in the course of a reasonable search, and that are obtainable by plaintiffs from some other source that is more convenient, less

burdensome, or less expensive. An individual employee is the person most likely to possess the employee's earnings and leave statements.

Earnings and leave statements are provided directly to employees. A copy is not generated for defendant. Defendant, therefore, does not possess copies of earnings and leave statements. We note that earnings and leave statements for individual employees for the most recent 26 pay periods are available on-line to the individual employee.

Without waiving these or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 21:

All documents showing any underpayment of night premium pay for Julie Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar for each pay period from August 18, 1998 through the present.

Response:

Defendant objects to this request upon the grounds and to the extent that, by it, plaintiffs seek to have defendant draw

certain legal conclusions or conclusions as to the legal significance of certain information or documents, or both, which is not the purpose of discovery requests.

Without waiving this or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

Request No. 22:

All documents showing any overpayment of night premium pay for Julie Lee Crumidy, Lolita Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar for each pay period from August 18, 1998 through the present.

Response:

Defendant objects to this request upon the grounds and to the extent that, by it, plaintiffs seek to have defendant draw certain legal conclusions or conclusions as to the legal significance of certain information or documents, or both, which is not the purpose of discovery requests.

Without waiving this or any of the general objections raised above, non-privileged documents that we are able to locate without undue burden that may be responsive to this request have

been, or will be, produced in accordance with the Court's rules and applicable orders. These documents include, generally, timesheets, sign-in/sign-out sheets, leave slips, overtime slips, work schedules, and employee history reports.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

REGINALD T. BLADES, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-8257
Facsimile: (202) 307-0972
reginald.blades@usdoj.gov

Attorneys for Defendant

OF COUNSEL:

ROBYN L. McNISH
Attorney
Office of General Counsel
Department of the Navy
Washington, D.C.

April 2, 2007

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 2nd day of April, 2007, I caused to be placed in the United States mail (first class mail, postage pre-paid) copies of "DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS" addressed as follows:

Robert W. Brownlie, Esquire
Curtis R. Cotton, Esquire
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297

____________________________________