# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

1. Joseph Barnes
2. Kaylene Holub
3. Socorro Yosuico

for themselves and on behalf of all others similarly situated,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA

Defendant.

Case No. 04-1335C

**MOTION TO CORRECT DOCUMENT 69 (EXHIBIT 2 TO DECLARATION OF JULIE L. SCHWARTZ IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES)**

(Judge Allegra)

Plaintiffs inadvertently attached the wrong document as Exhibit 2 to the Declaration of Julie L. Schwartz in Support of Plaintiffs' Opposition to Defendant's Motion to Compel Answers to Interrogatories ("Schwartz Declaration"), filed on June 19, 2007. The incorrect document that was attached as Exhibit 2 to the Schwartz Declaration is "Plaintiffs' Responses to Defendant's Request for Production of Documents (Set 1)"; however, the document that should have been attached is "Plaintiffs' Responses to Defendant's Interrogatories (Set 1)." A true and correct copy of Plaintiffs' Responses to Defendant's Interrogatories (Set 1), which is the correct

Exhibit 2 to the Schwartz Declaration, is attached hereto. Plaintiffs' respectfully request that the Court substitute the document attached hereto as Exhibit 2 to the Schwartz Declaration.

Dated: June 19, 2007

Respectfully Submitted,

s/ Robert W. Brownlie
Robert W. Brownlie
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Phone: (619) 699-2700
Fax: (619) 699-2701
Counsel for Plaintiffs

Of Counsel:

Julie L. Schwartz
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Phone: (619) 699-2700
Fax: (619) 699-2701

Ira Lechner
19811-4th Place
Escondido, CA 92029
Phone: (858) 864-2258
Fax: (760) 839-5755

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June, 2007, a copy of the foregoing "MOTION TO CORRECT DOCUMENT 69 (EXHIBIT 2 TO THE DECLARATION OF JULIE L. SCHWARTZ IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES)" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert W. Brownlie

# EXHIBIT 2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| 1. Joseph Barnes<br>2. Kaylene Holub<br>3. Socorro Yosuico<br><br>for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | No. 04-1335C<br><br>(Judge Francis M. Allegra) |

**PLAINTIFFS' RESPONSES TO DEFENDANT'S INTERROGATORIES (SET ONE)**

**PRELIMINARY STATEMENT**

All of the responses contained herein are based only on such information that is presently available to and specifically known to Plaintiffs. It is anticipated that further discovery, independent investigation, legal research and analysis may supply additional facts, add additional meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses herein set forth.

The following responses are given without prejudice to Plaintiffs' right to produce evidence of any subsequently discovered fact or facts that Plaintiffs may later develop. The responses contained herein are made in a good faith effort to supply as much factual information as is presently known, but should in no way lead to the prejudice of Plaintiffs in relation to further discovery, research or analysis.

If Defendant subsequently asserts an interpretation of any individual Interrogatory that differs from Plaintiffs' understanding, Plaintiffs reserve the right to supplement the responses and objections herein. Plaintiffs' responses and objections are subject to this qualification, which applies to each Interrogatory contained in Defendant's First Set of Interrogatories, and which are incorporated in full by this reference to each and every response below as if set forth therein.

In providing responses to the Interrogatories, Plaintiffs do not in any manner waive or intend to waive, but rather intend to preserve and are preserving all rights to object to the use of any information provided in any subsequent proceedings.

## GENERAL OBJECTIONS

The following general objections are incorporated into each and every response below:

1. Plaintiffs object to Defendant's Interrogatories as untimely. Pursuant to the Court's January 4, 2007 Order, discovery in this action may be taken only up to and including April 16, 2007. This discovery deadline was not extended by any other order. Accordingly, Defendant's Interrogatories are untimely and Plaintiffs are not required to respond to them. Subject to and without waiving this objection, Plaintiffs are submitting these responses out of an abundance of caution.

2. Plaintiffs object to the Interrogatories to the extent they seek discovery of matters that constitute or reflect work product of attorneys, material prepared in anticipation of litigation, attorney-client communications or are protected by privileges provided for under applicable federal law. Plaintiffs also object to any request to the extent that it seeks information subject to the attorney-client privilege and/or work product doctrine. Plaintiffs further object to any request to the extent that it seeks information protected or otherwise exempted from disclosure by the United States Constitution, the Federal Rules of Evidence, the Federal Rules of Civil Procedure ("FRCP") the Rules of the Court of Federal Claims ("RCFC"), and/or any other applicable statutory or common law privilege. Plaintiffs will respond only as required by law.

3. Plaintiffs object to these Interrogatories to the extent that they seek information unrelated and irrelevant to claims as described in Plaintiffs' Complaint or defenses as described in Defendant's Answer.

4. Plaintiffs object to any Interrogatory to the extent it calls for information regarding Plaintiffs' legal conclusions and/or legal theories.

5. Plaintiffs expressly reserve their right to supplement these responses or to amend any response contained herein.

## DEFINITIONS AND INSTRUCTIONS

6. Plaintiffs object to the instructions as a whole that are incorporated in Defendant's Interrogatories to the extent they purport to impose requirements in addition to or other than those described in the Federal Rules of Evidence, the FRCP, or the RCFC.

7. Plaintiffs object to Defendant's purported definition of the term "you" to the extent that it renders each Interrogatory including these terms to be vague and ambiguous, as well as overly broad, unduly burdensome and oppressive. In particular, the definition of "you" purports to include "each class member to be added in this litigation." This renders the definition vague, ambiguous, overly broad and unduly burdensome. The purported definition of "you" also refers to "the persons mentioned in the preceding sentence." This also renders the definition vague and ambiguous. Plaintiffs further object to this definition to the extent that it causes each Interrogatory including these terms to call for production of documents protected by the attorney-client privilege, the attorney work product doctrine, and/or the privacy rights of individuals potentially encompassed by the definition.

8. Plaintiffs object to the definition of "document" to the extent it renders any request overly broad and unduly burdensome.

## RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1:

For each plaintiff, Joseph Barnes, Kaylene Holub, and Socorro Yosuico, and for each of the following potential class members who has opted into the class, Julia Lee Crumidy, Lolita

Deleon, Hermimia Distor, Wilfred Haldane, Norma Hernandez, Romeo Morgan, Robert Joseph Murphy, Jr., Evelyn Presco, Yolanda A. Salazar, and Zenaida Samar, identify by date range each pay period since August 18, 1998, in which the plaintiff or class member was regularly scheduled to work at night and was not paid the correct amount of night differential when the plaintiff or class member was on authorized leave with pay for periods that total less than eight hours within the pay period or was officially absent with pay due to a holiday; identify the nature and the amount of the error; explain why the error occurred; and, identify each document upon which you relied for your response.

RESPONSE TO INTERROGATORY NO. 1:

Plaintiffs incorporate herein the General Objections set forth above. Subject to and without limiting the generality of the foregoing, Plaintiffs specifically object to this Interrogatory as follows: Plaintiffs object to this Interrogatory on the ground that it is compound, vague and ambiguous. Plaintiffs also object to this Interrogatory to the extent it seeks information protected by an individual's right to privacy.

Plaintiffs further object to this Interrogatory to the extent it seeks information available to the propounding party. First, only Defendant has knowledge and information as to "why the error occurred." Second, the information that the propounding party seeks in this Interrogatory regarding work schedules, leave and pay can be found in the Leave and Earnings Statements and other documents in the possession, custody or control of the propounding party. Pursuant to Rule 33(d) of the RCFC and FRCP, Plaintiffs object to having to summarize the information contained in documents that are available to the propounding party.

Subject to and without waiving these objections, and pursuant to Rule 33(d) of the RCFC and FRCP, Plaintiffs will produce all non-privileged, responsive documents in their possession, custody and control.

INTERROGATORY NO. 2:

For each plaintiff, Joseph Barnes, Kaylene Holub, and Socorro Yosuico, compare your claims to the claims of other class members and explain in detail why your claim is typical of the

claims of other class members, including what issues of fact or law you and other class members have in common.

RESPONSE TO INTERROGATORY NO. 2:

Plaintiffs incorporate herein the General Objections set forth above. Subject to and without limiting the generality of the foregoing, Plaintiffs specifically object to this Interrogatory as follows: Plaintiffs object to this Interrogatory on the ground that it is compound, vague and ambiguous. Plaintiffs further object to this Interrogatory on the basis that it seeks information regarding an allegation that is in the nature of a legal conclusion rather than a factual contention. Additionally, Plaintiffs object to this Interrogatory on the grounds that it seeks information that is irrelevant to this action and not calculated to lead to the discovery of admissible evidence. The Court's November 3, 2005 Order addresses the information sought in this Interrogatory. Thus, "why [a] claim is typical of the claims of other class members, including what issues of fact or law . . . [the] class members have in common" are no longer issues in this litigation.

Dated: April 27, 2007

Robert W. Brownlie
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701

Counsel for Plaintiffs

Of Counsel:

Julie L. Schwartz
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619) 699-2700
Fax: (619) 699-2701

Ira M. Lechner
19811-4th Pl.
Escondido, CA 92029
Telephone: (858) 864-2258
Facsimile: (760) 839-5755

**CERTIFICATE OF SERVICE**

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within cause. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, CA 92101.

I am familiar with DLA Piper US LLP's practice for collection and processing of correspondence for Federal Express, and that all correspondence will be deposited with Federal Express the same day during the ordinary course of business.

I served the following document(s) described as: **PLAINTIFFS' RESPONSES TO DEFENDANT'S INTERROGATORIES (SET ONE)** on April 27, 2007 on the following parties to this cause by placing a true copy of each document in a separate envelope addressed as follows:

Reginald T. Blades, Jr., Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.S.
8th Floor
Washington, D.C. 20530
Ph: (202) 514-7300
Fax: (202) 307-0972
Email: Reginald.Blades@usdoj.gov

Attorneys for Defendant

I then sealed each envelope and placed each for deposit with Federal Express, this same day, at my business address shown above, following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 27, 2007, at San Diego, California.

Tammy Hill