# In the United States Court of Federal Claims

No. 04-1335C

(Filed: May 7, 2010)

_____

| | |
|---|---|
| JOSEPH BARNES, | * |
| KAYLENE HOLUB, | * |
| SOCORRO YOSUICO, et al. | * |
|  | * Class Action; Motion for approval of |
| Plaintiffs, | * proposal settlement; RCFC 23(e); |
|  | * Settlement found to be fair, reasonable and |
|  | * adequate; Motion granted. |
| v. | * |
|  | * |
| THE UNITED STATES, | * |
|  | * |
| Defendant. | * |
|  | * |

_____

**ORDER**

_____

*Robert W. Brownlie*, DLA Piper, LLP, San Diego, CA, for plaintiffs.

*Reginald T. Blades, Jr.*, Commercial Litigation, United States Department of Justice, Washington, D.C., with whom was Assistant Attorney General *Tony West*, for defendant.

**ALLEGRA Judge:**

This class action is before the court on the parties' motion for approval of their proposed settlement pursuant to RCFC 23(e). For the reasons that follow, the court **GRANTS** this motion.

The plaintiffs named above filed their initial complaint on August 18, 2004, and filed an amended class action complaint on November 16, 2004. The proposed class consisted of civilian employees of the Department of Navy who worked at healthcare facilities after August 18, 1998, and who performed "nightwork" under 5 U.S.C. § 5545(a) (*i.e.*, regularly scheduled work between 6:00 p.m. and 6:00 a.m.). Plaintiffs alleged that the proposed class members were entitled to premium pay for each hour of "nightwork" (at least four hours) at a rate equal to one hundred and ten percent of the hourly rate of basic pay, pursuant to section 5545. They averred that they did not receive this premium pay when excused on authorized holidays or for

authorized leave of less than eight hours within a pay period. On November 3, 2005, the court certified the proposed class. *Barnes v. United States*, 68 Fed. Cl. 492 (2005).

In a November 17, 2006, order, the court set the class notification deadline for January 15, 2007, with an opt-in deadline of March 16, 2007. By the latter date, 354 class opt-in forms were returned. In a joint status report dated August 22, 2007, the parties informed the court that they were amenable to settling the case. The ensuing settlement discussions took place over approximately the next two years. On August 14, 2009, the parties jointly moved the court to approve preliminarily their settlement agreement. The settlement agreement calls for the United States to pay $58,354.24, to be divided among the 354 class members; it leaves unresolved plaintiffs' claims for attorney's fees, costs and expenses.

On November 29, 2009, this court issued an order preliminarily approving the settlement. *Barnes v. United States*, 89 Fed. Cl. 668 (2009). By separate order, the court issued a schedule for notifying class members of the settlement's terms and giving those members an opportunity to lodge objections. No objections were raised. On March 31, 2010, a fairness hearing was held in this case to determine whether the court should grant final approval of the parties' settlement agreement.

Under RCFC 23(e), "the claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The court may only approve a settlement that it finds to be "fair, reasonable and adequate." *Berkley v. United States*, 59 Fed. Cl. 675, 681 (2004). Settlement proposals enjoy a presumption of fairness afforded by a court's preliminary fairness determination. *Id*. Although the court has discretion to either accept or reject a proposed settlement, *id.*, it may not alter the terms of a proposed settlement. *See Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1996) (without exception, a "settlement must stand or fall in its entirety"). While the court must assess the strengths and weaknesses of the parties' positions, it may not "decide the merits of the case or resolve unsettled legal questions." *Nat'l Treasury Employees Union v. United States*, 54 Fed. Cl. 791, 797 (2002) (citing *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981)).

The Federal Circuit has not provided a definitive list of factors to be used in evaluating the fairness of a proposed settlement. *Dauphin Island Prop. Owners Ass'n v. United States*, 90 Fed. Cl. 95, 102 (2009). Nonetheless, a review of the decisional law in this court reveals that the following factors have been used commonly for this purpose: (i) the relative strengths of plaintiff's case compared to the proposed settlement; (ii) the recommendation of the counsel for the class regarding the proposed settlement, taking into account the adequacy of class counsels' representation of the class; (iii) the reaction of the class members to the proposed settlement, taking into account the adequacy of notice to the class members of the settlement terms; (iv) the fairness of the settlement to the entire class; (v) the fairness of the provision for attorney fees; and (vi) the ability of the defendants to withstand a greater judgment, taking into account whether the defendant is a governmental actor or a private entity. *See id.* (citing *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 317, 328-29 (3d Cir. 1998); *Christensen v. United*

*States*, 65 Fed. Cl. 625, 629 (2005); *Berkley*, 59 Fed. Cl. at 681; *see also Annotated Manual for Complex Litigation* § 22.923 (2009). "This list is not exclusive and different factors may predominate in different factual contexts," *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993), *cert. denied*, 512 U.S. 1220 (1994); the court may, in its discretion, determine the appropriate weight to give each one. *Id.*; *Berkley*, 59 Fed. Cl. at 682.

In determining that the settlement here is fair, the court relies on the findings it made in granting preliminary approval, all of which remain valid – among them, that: (i) the settlement agreement was reached after extensive negotiation carried out by class counsel experienced in such matters, and after the parties had conducted sufficient discovery to determine that the benefits of settlement outweighed the cost of continued litigation; and (ii) individual payouts were calculated in a uniform fashion, indicating no preferential treatment or other deficiencies. In addition, it is anticipated that plaintiffs' attorney fees will not be paid out of the settlement proceeds. Finally, the court finds significant the fact that not a single objection was lodged by members of the class following their receipt of notification regarding the settlement terms.

For these reasons, the court finds that the settlement agreement is fair, reasonable and adequate in a manner sufficient to warrant its approval. To permit resolution of pending issues involving attorney's fees, the Clerk is hereby ordered to abstain from entering final judgment in this matter until further order.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge