# In The United States Court of Federal Claims

No. 04-1335C

(Filed: May 24, 2011)

_____

JOSEPH BARNES,
KAYLENE HOLUB,
SOCORRO YOSUICO, *et al.*,

                Plaintiffs,

      v.

THE UNITED STATES,

                Defendant.

_____

**ORDER**

_____

      This class action is before the court on the parties' motion for approval of their proposed attorneys' fees settlement pursuant to RCFC 23(e) and 23(h). For the reasons that follow, the court **GRANTS** this motion.

      On August 18, 2004, and November 16, 2004, plaintiffs filed their initial and amended complaints, respectively. On November 3, 2005, the court certified the class, composed of civilian employees of the Department of Navy who worked at certain healthcare facilities and performed night work for which they did not receive premium pay. On August 14, 2009, the parties jointly moved for preliminary approval of their settlement agreement (the merits settlement), and on November 29, 2009, the court granted preliminary approval of that agreement. The merits settlement agreement required the United States to pay $58,354.24, to be divided among the 354 class members; it left unresolved, however, plaintiffs' claims for attorneys' fees, costs, and expenses. On May 7, 2005, following a fairness hearing held on March 31, 2010, the court approved the merits settlement.

      On October 8, 2010, the parties filed a joint motion for approval of plaintiffs' attorneys' fees, costs, and expenses settlement (attorneys' fees settlement). On January 24, 2011, class counsel sent a notice to class members, soliciting comment on the attorneys' fees settlement. No objections to that settlement were filed. On March 14, 2011, the court held a fairness hearing to determine whether the court should grant final approval of the attorneys' fees settlement agreement and enter judgment in this case.

Under RCFC 23(e), "the claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The court may only approve a settlement that it finds to be "fair, reasonable and adequate." RCFC 23(e)(2). Under RCFC 23(h), "the court may award reasonable attorneys fees and nontaxable costs that are authorized by law or by the parties' agreement." The court has discretion to either accept or reject the proposed settlement, but may not alter the terms of the proposed settlement. *See Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1996) (without exception, a "settlement must stand or fall in its entirety"). "This is so because '[c]ourts have a stake in attorney's fees contracts; the fairness of the terms reflects directly on the court and its bar.'" *United States v. Overseas Shipholding Group, Inc.*, 625 F.3d 1, 8 (1st Cir. 2010) (Dyk, J.) (quoting *Rosquist v. Soo Line R.R.*, 692 F.2d 1107, 1111 (7th Cir.1982)).

In this circuit, there is no definitive list of factors to be used in evaluating the fairness of an attorneys' fees settlement. Nonetheless, this court has considered the following non-exclusive list of factors in evaluating the reasonableness of such a settlement: (i) the quality of counsel; (ii) the complexity and duration of the litigation; (iii) the risk of non-recovery; (iv) the fee that likely would have been negotiated between private parties in similar cases; (v) whether any class member has objected to the settlement terms or fees requested by class counsel; (vi) the size of the award relative to the settlement amount; (vii) the extent the lawsuit serves the public interest. *See Moore v. United States*, 63 Fed. Cl. 781, 787 (2005) (analyzing attorneys' fees under the percentage-of-the-fund approach); Manual for Complex Litigation (Fourth) §§ 14.121, 21.7 (2004); *see also Dauphin Island Prop. Owners Ass'n v. United States*, 90 Fed. Cl. 95, 102-04 (2009). These factors "'need not be applied in a formulaic way' because each case is different, 'and in certain cases, one factor may outweigh the rest.'" *In re AT&T Corp.*, 455 F.3d 160, 166 (3d Cir. 2006) (quoting *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 301 (3d Cir. 2005)).

Based on the record, the court finds that the parties' attorneys' fees settlement is "fair, reasonable, and adequate." The attorneys' fees settlement stems from a year-long, extensive, arms-length negotiation between experienced counsel. The parties have confirmed that all negotiations regarding these fees occurred only after the merits settlement was approved so that there was no relationship between the amounts agreed upon in the former and the latter. *Cf. In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 802 (3d Cir. 1995). Furthermore, defendant will pay attorneys' fees from a separate fund and not from the settlement award. The record further reveals that in arriving at the specific settlement amount, the parties took into account the proposed loadstar figure – approximately $512,000 – and negotiated a significantly lower amount – $390,000. No class member has objected to the latter figure.

To be sure, the latter figure is greater than the amount recovered by plaintiffs under the merits settlement, $58,354.24. But, the court notes that this case has positive ramifications not only for the particular Navy personnel involved, but for all similarly-situated personnel, and for the public at large. *See City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986). That is because the Navy, as a result of this lawsuit, has issued policy directives to ensure that steps are taken by all pay offices to avoid the issue presented in this case from reoccurring in the future.

Based on these findings, the court finds that the attorneys' fees settlement agreement satisfies the fairness requirements and approves that agreement. Accordingly, the court **GRANTS** the parties' joint motion for approval of the attorney's fees settlement.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge
